UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Civil Action No. 3:15-cv-00164-HES-MCR

| | |
|---|---|
| Aatrix Software, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Greenshades Software, Inc. <br><br> Defendant. | AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL <br><br> [INJUNCTIVE RELIEF SOUGHT] |

For its Amended Complaint against Defendant Greenshades Software, Inc., a Florida corporation with its registered address and principal place of business at 7020 AC Skinner Parkway, Suite 100, Jacksonville, FL 32256 ("Greenshades"), Plaintiff Aatrix Software, Inc., a North Dakota corporation with its principal place of business at 2100 Library Circle, Grand Forks, North Dakota 58201 ("Aatrix") states and alleges the following:

## JURISDICTION

1. This Complaint is for patent infringement and injunctive relief against Defendant Greenshades Software, Inc., a Florida corporation with its principal place of business at 7020 AC Skinner Parkway, Suite 100, Jacksonville, FL 32256.

2. Subject matter jurisdiction is based on 28 U.S.C. §1338.

1

7081850v1

3. Personal jurisdiction is based upon Federal Rule of Civil Procedure 4(e) and Florida Statutes §48.193.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400.

5. The products at issue in this lawsuit are the Greenshades Tax Filing Center("TFC"), which is the product name for an installed software package made, offered for sale, and sold or licensed by Defendant Greenshades, and the Greenshades Payroll Tax Service("PTS"), which is the product name for software accessed and used over the Internet, and which is also made, offered for sale, and sold or licensed by Defendant Greenshades. Defendant Greenshades may also make, use, sell or offer for sale other products not yet discovered or examined by or on behalf of Plaintiff Aatrix.

6. A copy of the accused TFC installed software package was acquired on behalf of the Plaintiff and installed on a computer, examined and analyzed. Defendant Greenshades publishes on the Internet numerous videos that purport to show the operation of the TFC and PTS software which were also examined.

7. Plaintiff Aatrix, through its counsel, wrote Defendant Greenshades and requested that Greenshades allow examination and analysis of its software, and an agreement permitting such examination and analysis was entered into between the parties. Subject to the agreement, counsel for Aatrix caused an examination and

analysis of the TFC software to be conducted, and determined that probable cause exists to believe that the TFC software infringes US Patent 7,171,615 Patent owned by Plaintiff Aatrix.

8.  Defendant Greenshades, by and through its counsel, also provided a letter dated November 17, 2014 and Aatrix understands from that letter that the PTS software contains the same material structures as the TFC software, with the difference that some elements of the PTS software are accessible on servers over the Internet, as opposed to being part of an installed software package.

## COUNT I

### INFRINGEMENT OF U.S. PATENT 7,171,615

9.  On January 30, 2007, United States Letters Patent No. 7,171,615 was duly and legally issued to Arthur D. Jensen and Steven H.N. Lunseth for a Method and Apparatus for Creating and Filing Forms (the "'615 Patent"). The '615 patent was assigned to Plaintiff Aatrix as reflected on the face of the patent and in the records of the United States Patent and Trademark Office ("USPTO"), and Plaintiff Aatrix has owned the '615 Patent throughout the period of the defendant's infringing acts and still owns the patent by assignment. A copy of the '615 Patent is attached as Exhibit 1.

10. Defendant Greenshades has infringed and is still infringing the '615 Patent by making, selling, and using methods and apparatuses that embody the

patented invention, and Defendant Greenshades will continue to do so unless enjoined by this court.

11.  Plaintiff Aatrix has complied with the statutory requirement of placing a notice of the '615 Patent on the products it manufactures and sells by placing such notice on Aatrix's website, through which Aatrix's software products are obtained by purchasers. Plaintiff Aatrix has notified Defendant Greenshades of its patent, and its concerns that Defendant Greenshades has and continues to infringe the '615 Patent.

12.  The Greenshades products that infringe the '615 Patent are the TFC and the PTS, which are made, used, offered for sale and sold by Greenshades, or made available by Greenshades for licensed use over the Internet. It is the understanding of Plaintiff Aatrix that the difference between the TFC and the PTS is that the TFC is an installed software package, while the PTS is software as a web service, hosted on servers and accessed by a user over the Internet.

13.  On information and belief, Defendant Greenshades has known of the '615 Patent since its date of issue and has knowingly and willfully infringed the '615 Patent in willful disregard of the patent rights held by Plaintiff Aatrix.

14.  The acts and infringements by Defendant Greenshades as alleged herein have caused and will continue to cause Plaintiff Aatrix harm and damages, including but not limited to lost sales and profits.

15.  Aatrix further states and alleges that on or about January 15, 2015 the USPTO caused a Notice of Allowance to issue for a patent application Ser. No. 11/698,575 which is a continuation of the '615 Patent.  Aatrix has provided Defendant Greenshades with a copy of the Notice of Allowance and has notified Defendant that Plaintiff Aatrix believes that the TFC and PTS will also infringe one or more claims of the newly allowed Patent.  Plaintiff respectfully requests the right to amend its Complaint to assert such further claims of patent infringement once the new patent issues.

## COUNT II

### INFRINGEMENT OF U.S. PATENT 8,984,393

16.  On March 17, 2015, United States Letters Patent No. 8,984,393 was duly and legally issued to Arthur D. Jensen and Steven H.N. Lunseth for a Method and Apparatus for Creating and Filing Forms (the "'393 Patent").  The '393 patent was assigned to Plaintiff Aatrix as reflected on the face of the patent and in the records of the United States Patent and Trademark Office ("USPTO"), and Plaintiff Aatrix has owned the '393 Patent throughout the period of the defendant's infringing acts and still owns the patent by assignment.  A copy of the '393 Patent is attached as Exhibit 2.

17.  Defendant Greenshades has infringed and is still infringing the '393 Patent by making, selling, and using methods and apparatuses that embody the

7081850v1

patented invention, and Defendant Greenshades will continue to do so unless enjoined by this court.

18. Plaintiff Aatrix has notified Defendant Greenshades of the '393 patent, and Defendant Greenshades has had actual notice of the '393 Patent.

19. The Greenshades products that infringe the '393 Patent are the TFC and the PTS, which are made, used, offered for sale and sold by Greenshades, or made available by Greenshades for licensed use over the Internet. It is the understanding of Plaintiff Aatrix that the difference between the TFC and the PTS is that the TFC is an installed software package, while the PTS is software as a web service, hosted on servers and accessed by a user over the Internet.

20. On information and belief, Defendant Greenshades has known of the '393 Patent since its date of issue and has knowingly and willfully infringed the '393 Patent in willful disregard of the patent rights held by Plaintiff Aatrix.

21. The acts and infringements by Defendant Greenshades as alleged herein have caused and will continue to cause Plaintiff Aatrix harm and damages, including but not limited to lost sales and profits.

Therefore, Plaintiff Aatrix requests:

(a) Judgment that the TFC and PTS softwares infringe, and have infringed Aatrix's '615 Patent and Aatrix's '393 Patent,

(b) a preliminary and final injunction against the continuing infringement,

(b) an accounting for damages, including but not limited to Aatrix's lost sales and profits, or in the alternative, a reasonable royalty, and a trebling of damages because of the knowing, willful, and wanton nature of Defendant Greenshade's conduct;

(d) interest and costs;

(e) an award of Plaintiff Aatrix's attorneys' fees and costs in this action; and

(f) such other and further relief as the Court deems just and equitable.

Dated: May 15, 2015

By /s/ Joanne M. O'Connor
Joanne M. O'Connor
(Fla. Bar No. 0498807)
**Jones Foster Johnston & Stubbs, P.A.**
505 South Flagler Drive
Suite 1100
West Palm Beach, FL 33401
joconnor@jonesfoster.com

**ATTORNEYS FOR PLAINTIFF
AATRIX SOFTWARE, INC.**

**OF COUNSEL:**

John B. Lunseth (Minn. #65341)
BRIGGS AND MORGAN, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
Telephone: (612) 977-8400
Facsimile: (612) 977-8659
jlunseth@briggs.com

p:\docs\27975\00001\pld\1m54212.doc

7081850v1