UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| Aatrix Software, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Green Shades Software, Inc. <br><br> Defendant. | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO FILE REPLY BRIEF OR IN THE ALTERNATIVE, TO ALLOW PLAINTIFF TO FILE A SURREPLY** <br><br> Civil Action No. 3:15-cv-00164-HES-MCR |

Plaintiff opposes Defendant's request "to explain why the facts contained in the Opposition and the Declarations incorporated therein … should be disregarded… ." The Motion to File Reply should be denied, or if granted, Plaintiff should be allowed to file a surreply of equal length (5 pages).

Plaintiff's Amended Complaint complies with Form 18 and sufficiently pleads direct patent infringement. *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.,* 714 F.3d 1277. Defendant does not challenge the factual allegations, they contend that Plaintiff's patents are "directed to" an abstract idea and do not contain an inventive concept under *Alice Corp. v. CLS Bank Int'l*, 134 S.Ct. 2347. These are matters of patent interpretation, and it is beyond dispute that in interpreting a patent claim, a Court may draw on many sources, including "the words of the claims themselves, the remainder of the specification, the prosecution history, and extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art." See *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005). The Court is in fact directed by

the appellate courts as to how it is to interpret the patent, and what evidence it should consider.  See *id.*  Plaintiff has offered facts which, if proved, aid in understanding the patent and the technology and validate the patent.  In the context of a patent case and an *Alice* Motion, Defendant's proposed brief would be unhelpful and Defendant's Motion should be denied.  See *StoneEagle Services, Inc. v. Pay Plus Solutions, Inc.*, 2015 WL 518852 (D.C.M.D.Fla. Feb. 9, 2015).

If the Court chooses to allow the brief, we respectfully submit that in fairness, Plaintiff should be given a surreply of equal length (5 pages).  The Local Rules allow Defendant 25 pages for their initial brief and they limit Plaintiff to 20.  Adding a reply gives Defendant 20 to 30 pages for Plaintiff.  Defendant apparently intends to raise issues in its Reply not addressed in its initial brief.  Plaintiff should have a chance to respond.

**BRIGGS AND MORGAN, P.A.**

By: /s/ John B. Lunseth
John B. Lunseth (MN Bar No. 65341)
80 South Eighth Street
2200 IDS Center
Minneapolis, Minnesota 55402
(612) 977-8484
(612) 977-8650 fax
jlunseth@briggs.com

Joanne M. O'Connor
(Fla. Bar No. 0498807)
joconnor@jonesfoster.com
Jones Foster Johnston & Stubbs, P.A.
505 South Flagler Drive
Suite 1100
West Palm Beach, FL 33401

**Attorneys for Aatrix Software, Inc.**

2