UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Aatrix Software, Inc.,

    Plaintiff,

v.

                                                Case No. 3:15-cv-00164-HES-MCR

Green Shades Software, Inc.,

    Defendant.

_____/

**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER,
INCORPORATED MEMORANDUM OF LAW,
AND REQUEST FOR ORAL ARGUMENT**

Defendant Green Shades Software, Inc. ("**Defendant**"), by and through its undersigned counsel and pursuant to Rules 26(c) of the Federal Rules of Civil Procedure ("**FRCP**"), Local Rules 3.01(a) and (g), and this Court's inherent authority, hereby submits this Motion for a Protective Order as it relates to certain written discovery served on Defendant by Plaintiff Aatrix Software, Inc. ("**Plaintiff**"). A stay of discovery is necessary to promote judicial efficiency and eliminate undue burden on the Court and the parties for completing and engaging in discovery that may be obviated by the Court's disposition of the pending Motion to Dismiss. In support of this motion, Defendant states as follows:

1.    This lawsuit involves allegations of patent infringement brought by Plaintiff against its competitor as it relates to software used for the preparation and filing of certain tax returns. (*See* Amended Complaint, Dkt. 7.) Defendant contends that the two patents at issue and attached to the Amended Complaint (collectively referred to as

the "**Asserted Patents**") are facially invalid and the operative Amended Complaint must, therefore, be dismissed. (*See* Dkt. 20, Defendant's Motion to Dismiss Amended Complaint Under 35 U.S.C. § 101, hereinafter "**Motion to Dismiss**".)

2. Shortly after filing its Motion to Dismiss, and as the parties discussed during the case management and scheduling conference in this matter, Defendant filed a Motion to Stay Discovery Until the Court Rules Upon Defendant's Dispositive Motion to Dismiss Amended Complaint Under 35 U.S.C. § 101.[1] (Dkt. 24, hereinafter "**Motion to Stay**.")

3. Plaintiff has filed oppositions to both the Motion to Dismiss and the Motion for Stay[2].

4. However, despite Defendant's request that the Court stay discovery generally in this matter, on Friday, September 5, 2015, Plaintiff served written discovery on Defendant consisting of forty-five requests for production and sixteen interrogatories – many of which seek extensive and broad information that will require negotiation over limits on searches to be performed in order to gather requested information. (*See* Exhibit

---

[1] While Defendant recognizes that much of the same relief sought herein has already being requested in its previously filed Motion to Stay, because specific written discovery has now been served, in an abundance of caution, Defendant is seeking protection specifically from the burden of having to respond to the newly served specific discovery requests prior to a decision on the pending Motion to Dismiss.

[2] Plaintiff has responded to Defendant's Motion to Dismiss. (Dkt. 25.) However, in its response, Plaintiff filed significant proffered "evidence" which is outside the pleadings. *Id.* Thus, Defendant filed a pending motion for leave to file a reply brief, currently pending before this Court. (Dkt. 32.) Therefore, while Plaintiff has had an opportunity to and has responded to the Motion to Dismiss, Defendant is still seeking an opportunity to address the issue of whether Plaintiff can appropriately rely on proffered evidence outside the pleadings in opposing a Motion to Dismiss.

A – copies of Plaintiff Aatrix Software Inc.'s First Set of Interrogatories to Defendant and Plaintiff Aatrix Software, Inc.'s First Set of Requests for Production of Documents to Defendants, hereafter referred to collectively as "**Written Discovery**.")  Given the breadth of topics sought in discovery, Defendant cannot yet quantify the efforts required to fully respond, but can only assert that it will require significant effort and expense.

5. Plaintiff's primary argument in opposition to Defendant's Motion to Dismiss rests upon an erroneous contention that Defendant is asking this Court to construe its claims in the Asserted Patents in a manner that is different that the claims are written.  Plaintiff argues that, because it is necessary to first determine claim construction, discovery should proceed before the Motion to Dismiss is determined. (Dkt. 25.)  Plaintiff's primary argument in opposition to the Motion to Stay, in turn, is that the Motion to Dismiss should be denied and, therefore, the stay will only delay the inevitable. (Dkt. 29.)

6. The Motion to Dismiss does not, however, require any claim construction. In the Motion to Dismiss, Defendant asserts that the Asserted Patents are invalid on their face.  Even looking at the Asserted Patents in a light most favorable to Plaintiff, they must be dismissed in accordance with binding precedence from the Supreme Court. (Dkt. 20.)

7. Because Plaintiff's Motion to Dismiss does not raise a claim construction issue but, instead, asks this Court to make a determination based on the face of the Asserted Patents, as this Court has consistently recognized, this is the very situation where it makes sense to conserve judicial economy as well as time and resources of the

parties to allow the threshold issues which require no discovery for determination to be addressed.

8. Pursuant to FRCP 26(c), a court has broad discretion to enter a protective order and this Court has previously recognized the value of putting off discovery when there are facial challenges to the legal sufficiency of a claim or defense. (*See* Dkt. 24.)

9. For the same reasons set forth in Defendant's Motion to Stay which addressed discovery generally, should the Motion to Dismiss be granted, responding to the lengthy, detailed and extensive Written Discovery prior the Court's ruling on the Motion to Dismiss will be a needless waste of Defendant's time, money, and other resources. Furthermore, given the nature of the information requested, there is no concern about the discovery requested being lost should a protective order temporarily staying the time frame to respond to the Written Discovery be entered. Alternatively, providing a temporary protective order suspending Defendant's duty to respond would prevent Defendant from being required to disseminate its confidential information to a direct competitor absent a compelling reason to do so.

10. In light of the nature and strength of Defendant's Motion to Dismiss and the significant expense and burden Defendant will necessarily face in responding to the served Written Discovery, a protective order should be granted relieving Defendant of its obligations to respond to any discovery served in this matter specifically including the Written Discovery until the Court has ruled on the Motion to Dismiss.

11. The undersigned certifies, in accordance with FRCP 26 and Rule 3.01(g) of this Court, that he has conferred with opposing counsel and has been advised that Plaintiff opposes this motion.

WHEREFORE, Defendant respectfully requests that the Court:

a. Enter a protective order staying Defendant's requirements under the Federal Rules of responding to the Written Discovery served on Friday, September 5, 2015 in this matter until further order of this Court; and

b. Grant all such further relief as this Court deems just and appropriate.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER

In accordance with Local Rule 3.01, Defendant submits this memorandum of law in support of its Motion for a Protective Order.

### I.  INTRODUCTION

The Amended Complaint in this matter (Dkt. 7), filed May 15, 2015, alleges patent infringement based upon two Alleged Patents owned by Plaintiff relating to certain tax preparation software.  In response to the Amended Complaint, Defendant filed its Motion to Dismiss (Dkt. 20) on July 15, 2015 asserting that the Alleged Patents are invalid facially and the complaint must be dismissed pursuant to FRCP 12.

Shortly thereafter, the parties met and conducted a case management conference wherein Defendant noted its intention to seek a stay of discovery pending the Motion to Dismiss in order to allow the Court to make a threshold determination on the patentability of the claims stated in the Alleged Patents.  This intention was noted in the Case

Management Report filed on August 3, 2015. (Dkt. 23.)  On August 7, 2015, Defendant filed its Motion to Stay. (Dkt. 24.)

On August 12, 2015, Plaintiff filed its opposition to the Motion to Dismiss characterizing the Motion to Dismiss as one requiring the Court to make a claims contention determination instead of recognizing the argument that the Alleged Patents are facially invalid.  (Dkt. 25.)  Plaintiff also filed multiple declarations and asked the Court to look outside the four corners of the Complaint in ruling on the pending Motion to Dismiss.  (Dkts. 26, 27.)

On August 21, 2015, Plaintiff filed its opposition to the Motion to Stay presenting three arguments. (Dkt. 29.) First, Plaintiff argued that the Motion to Dismiss is unlikely to be granted restating its arguments previously asserted.  Second, Plaintiff argued that discovery as to claim construction should be allowed because it is necessary to understand the Motion to Dismiss.  Last, Plaintiff argued without specifics that it would be prejudiced should a discovery stay be granted.

Thereafter, despite the pendency of Defendant's Motion to Stay and despite the fact that there is currently no discovery deadline in this matter making written discovery urgent, Plaintiff served Plaintiff Aatrix Software Inc.'s First Set of Interrogatories to Defendant and Plaintiff Aatrix Software, Inc.'s First Set of Requests for Production of Documents to Defendants. (Composite Exhibit A - hereafter referred to collectively as "**Written Discovery**.")  This Written Discovery is extremely broad, extensive and demands significant efforts on the part of Defendant to fully and appropriately respond.

## II. ARGUMENT

### A. AN ORDER STAYING DISCOVERY IS FAVORED WHERE A POTENTIALLY DISPOSITIVE MOTION ATTACKS THE LEGAL SUFFICIENCY OF A COMPLAINT

Federal Rule of Civil Procedure 26(c) grants a court broad discretion to enter a protective order staying discovery for "good cause shown." See *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla. 1997) (A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case.) In *Feldman*, then Magistrate Judge Corrigan stated that good cause to pause the requirements of responding to discovery exists where a potentially dispositive motion is pending, the discovery is not necessary to defend against the pending motion and there appears to be an immediate and clear possibility that the motion will be granted. *Id.* At 652; *See, also, cases cited at* Dkt. 24, pp. 5-6. Additionally, as noted in Defendant's Motion to Stay, "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

### B. GOOD CAUSE EXISTS TO ENTER A PROTETIVE ORDER STAYING DEFENDANT'S OBLIGATION TO RESPOND TO WRITTEN DISCOVERY PROPOUNDED UNTIL THE COURT RULES UPON DEFENDANT'S DISPOSITIVE MOTION TO DISMISS THE AMENDED COMPLAINT UNDER 35 U.S.C. § 101

Because the issue of patentability under 35 U.S.C. § 101 is a threshold legal issue which should be addressed at the onset of litigation particularly when the attack on patentability is based on the face of the patents attached to the pleadings, such

contentions should be resolved before requiring any additional work by the parties that may prove unnecessary. While Plaintiff will undoubtedly take the position that at least certain discovery on what it terms "claims construction" is necessary to the determination of the Motion to Dismiss consistent with its prior filings, such position is inapposite to the argument presented by Defendant it the Motion to Dismiss. Again, the Motion to Dismiss is based on the facial language of the Asserted Patents, which are attached to and made part of the Amended Complaint. There is no construction issue as to the claims in the Asserted Patents because the language is included in the pleadings in this matter. It is clear from the Asserted Patents that, even looking at them in the light most favorable to the Plaintiff, this Court must find that the claims asserted are not patentable under *Alice Corp. Pty. v. LS Bank Int'l*, 134 S. Ct. 2347, 189 L. Ed. 2d 296 (2014).

Furthermore, despite Plaintiff's likely position that it will be harmed and prejudiced by a protective order relieving Defendant of its duty to respond to the Written Discovery, there is no merit to such contention. Nothing will change about the parties or access to requested information while the temporary reprieve is ongoing, and there is no danger of the delay affecting any deadlines in the matter because the Court has not yet even entered an initial scheduling order. Instead, the brief delay will, if anything, help keep Plaintiff's own costs down because it will avoid inevitable additional discussions and negotiations with counsel for Defendant over search terms and other practices which will need to be agreed upon in order for Defendant to fully gather all responsive documents.

**III.     CONCLUSION**

For the foregoing reasons, this Court should enter a Protective Order discharging Defendant temporarily from its obligations to respond to the Written Discovery served on it on September 5, 2015 until such further Order of the Court.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 3.01(j), Defendant respectfully requests that the Court schedule oral argument on this motion, and estimates that approximately 10 minutes per side is needed for argument.

Dated: September 9, 2015

/s/Nancy A. Johnson
H. Timothy Gillis, Trial Counsel
Florida Bar No. 133876
Ethan A. Way, Trial Counsel
Florida Bar No. 148199
Nancy A. Johnson, Trial Counsel
Florida Bar No. 0597562
Gillis Way & Campbell
1022 Park Street, Suite 308
Jacksonville, Florida 32204
Phone: (904) 647-6476
Fax:  (904) 738-8640
tgillis@gillisway.com
eway@gillisway.com
njohnson@gillisway.com
*Attorneys for Defendant Green Shades Software, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2015, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System which will send a notice of electronic filing to the following:

John B. Lunseth
Briggs and Morgan, P.A.
80 South Eighth Street
2200 IDS Center
Minneapolis, MN 55402-2157
jlunseth@briggs.com
*Attorneys for Plaintiff Aatrix Software, Inc.*

Joanne M. O'Connor
Jones, Foster, Johnston & Stubbs, PA
505 S Flagler Dr - Suite 1100
PO Box 3475
West Palm Beach, FL 33402-3475
joconnor@jones-foster.com
*Attorneys for Plaintiff Aatrix Software, Inc.*

/s/ Nancy A. Johnson