# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Aatrix Software, Inc, | ) | Civil Action No. 3:15-cv-00164-HES-MCR |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF AATRIX SOFTWARE, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT** |
| v. | ) | |
| | ) | |
| Green Shades Software, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

TO:   Defendant Green Shades Software, Inc. and its attorneys, H. Timothy Gillis and Andrew Rush, Gillis Way Duncan & Campbell, 1022 Part Street, Suite 209, Jacksonville, FL 32204.

PLEASE TAKE NOTICE that pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Aatrix Software, Inc., by its attorneys, hereby requests that Defendant Green Shades Software, Inc. answer the following interrogatories, under oath, within thirty (30) days of service hereof.

These Interrogatories are continuing, requiring prompt supplemental answers should you, your counsel, or anyone representing your interests become aware of any additional information relating to the matter about which these Interrogatories inquire between the time your answers are served and the time of trial.

## DEFINITIONS

1.      The term "Green Shades Software, Inc." or "Green Shades", as used herein shall include Green Shades Software, Inc., any division, subdivision or office thereof, any parent, predecessor or affiliated corporations or companies, and any current or former

principals, directors, members, officers, employees, agents, representatives or consultants of any such companies, corporations, divisions, subdivisions, office, predecessors or affiliates.

2.      The term "Defendant", "you," "your," or "responding party" shall include Green Shades.

3.      The term "Aatrix Software, Inc.", "Aatrix", or "Plaintiff" as used herein shall include Aatrix Software, Inc., any division, subdivision or office thereof, any predecessor or affiliated corporations or companies, and any of its current or former principals, directors, officers, employees, agents, representatives or consultants.

4.      The term "Aatrix Patents" or "patents-in-suit," as used herein shall refer collectively to United States Patent No.'s 7,171,615 and 8,984,393.  United States Patent No. 7,171,615 shall be referred to separately as the "'615 Patent" and United States Patent No. 8,984,393 shall be referred to separately as the "'393 Patent" unless other patents are specified.

5.      The terms "Product-at-Issue" and "Products-at-Issue" shall mean and include all versions or releases of the Green Shades Tax Filing Center ("TFC") and the Green Shades Payroll Tax Service ("PTS"), including without limitation all code, files, or services called by either the TFC or the PTS, and all other products written, created, programmed, distributed, sold, licensed, offered for sale or license, or used by Green Shades during the relevant period that contained, included, made available, or made use of a viewable form.  The terms shall further include without limitation each product that Green Shades believes or contends is or may be an acceptable or noninfringing

2

alternative or design around option to any product that is or may be an embodiment of or within the claims of either or both of the Aatrix Patents.

6.     The term "document" shall have the broadest reasonable meaning that can be ascribed to it pursuant to Rule 34 of the Federal Rules of Civil Procedure.  It includes the final form and all drafts and revisions of any type of written, printed, computerized, graphic or photographic matter, original or reproduced, however produced or reproduced, of any kind and of every kind, and all copies thereof which are different in any way from the original, regardless of whether they are designated "confidential" or "privileged" or are otherwise restricted.  Without limiting the generality of the foregoing, the term "document" includes books; papers; letters; telegrams; cablegrams; memoranda; records; communications; minutes; notes; work papers; workbooks; schedules; tabulations; vouchers; accounts; statements; affidavits; reports; abstracts; agreements; contracts; diaries; calendars; plans; specifications; drawings; sketches; photostats; motion pictures; video tape recordings; transcripts of radio or television broadcasts; recordings of radio or television broadcasts; articles from newspapers; magazines, or other publications; electronic or magnetic storage in any form, including computers, discs, tapes and similar media; slides; photographs, charts; graphs; and all other similar materials and also includes any kind of transcript, transcription or recording of any conversation, discussion, or oral presentation of any kind, as well as all other tangible things subject to production under Federal Rule of Civil Procedure 34.  "Document" shall expressly include, without limitation, any and all electronically stored information ("ESI") including metadata, and any software, source code, executable code, or operating files.

3

7.     The term "communicate" or "communications" refers to all conversations, correspondence, or contacts between two or more individuals, whether in person, in writing, by telephone, wire, telegraph, digital or electronic, or by any other means.

8.     The term "concerning" means constituting, embodying, evidencing, identifying, recording, reflecting, referring, relating and/or pertaining in whole or in part to the material requested.

9.     The terms "relating to" and "related to" includes the terms concerning, containing, evidencing, describing, constituting, referring to, explaining, illustrating discussing or reflecting.

10.     The connectives "and" and "or" and the term "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

11.     If objection is taken to any Interrogatory, the grounds for the objection and the categories of information which the objection applies should be stated with specificity and the Interrogatory should be answered insofar as it is not deemed objectionable.

12.     The term "identify," when referring to:

    a.     a natural person, means to give his or her full name, present or last known address and telephone number, last known place of employment and job title;

    b.     a public or private corporation, partnership, association, agency or other entity, means to give its present or last known address and telephone number, and state of incorporation, if applicable;

    c.     a document, means to state its general character, title, date, addressee or recipient, author or signatory, present location, and who has possession, custody or control of the document;

4

d.   a product, means to provide a description of the item which is offered for sale, and the intended customer groups, channels of trade, approximate price, and market for the product;

e.   a service, means to describe the service and the intended customer groups, channels of trade, approximate price, and market for the service.

13.   The use of a present tense shall include past tenses.

14.   The use of the singular form of any word also includes the plural and vice versa.

15.   The terms "all" and "each" shall each be construed to include the other.

16.   The "relevant period" shall mean the time period beginning January 30, 2002 forward, unless otherwise stated.

## INSTRUCTIONS

1.   These interrogatories are continuing in character and under Fed. R. Civ. P. 26(e) the responding party is under a duty to seasonably amend a prior response to an interrogatory if it learns that any response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiff during the discovery process or in writing.

2.   In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

A.   In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

B.   The following information should be provided in the objection, if known or reasonably available, unless divulging such information

5

would cause disclosure of the allegedly privileged information;

(1) For oral communications:

    a.    the name of the Person making the communication and the names of Persons present while the communication was made, and, where not apparent, the relationship of the Persons present to the Person making the communication;

    b.    the date and place of the communication; and

    c.    the general subject matter of the communication.

(2) For documents:

    a.    the type of document;

    b.    the general subject of the document; and

    c.    such other information as is sufficient to identify the document, including where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

3.    If the responding party elects to specify and produce business records in answer to any Interrogatory, the specification shall be in sufficient detail to permit Plaintiff to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained, and the specification shall contain sufficient detail for Plaintiff to distinguish those business records that are responsive to the applicable interrogatory from those business records that are not responsive to the applicable interrogatory but that may be in close physical or electronic proximity to the responsive business records.

7237729v2

## INTERROGATORIES

**INTERROGATORY NO. 1.** Identify the field of art, scope and content of the prior art, and characteristics of a person having ordinary skill in the art for the Aatrix Patents.

**INTERROGATORY NO. 2.** Identify all forms for which Green Shades has provided services during the relevant period, stating for each such form (1) what software(s) or service(s) the form is available through, (2) whether Green Shades provides e-filing services related to each form, (3) whether Green Shades provides viewable/editable capabilities related to each form and how the viewable/editable capabilities are made available, and (4) the date(s) that Green Shades began offering each capability.

**INTERROGATORY NO. 3.** For each Product-at-Issue identify the product designation number, brand name, or trademark, state the inclusive dates of manufacture and sale or license of each such product during the relevant period, and state the version or revision. If there have been more than one version or release of a Product-at-Issue, please provide the requested information separately for each version or release.

**INTERROGATORY NO. 4.** Identify separately each and every software used by Green Shades to (1) create or write source code for any Product-at-Issue or (2) to store or document source code for any Product-at-Issue, listing for each such software the Product- or Products-at-Issue for which the software was used to create, write, store or document source code.

7

**INTERROGATORY NO. 5.** For each version of each Product-at-Issue that has been made, sold, or licensed by Green Shades during the relevant period, identify the three persons most knowledgeable regarding the research and development of the Product-at-Issue, the manufacture of the Product-at-Issue, the quality of the Product-at-Issue, and the sales and marketing of the Product-at-Issue.

**INTERROGATORY NO. 6.** Does Green Shades have any policy or procedure for determining prior to the manufacture of sale of a product, whether that product or its method of manufacture or use infringes or may infringe a patent owned by another? If so, explain that policy, whether it was followed with respect to each version of each Product-at-Issue, and identify the persons who decided to proceed with the manufacture and sale of each version of each Product-at-Issue.

**INTERROGATORY NO. 7.** Identify each product that Green Shades contends is an available, acceptable or noninfringing alternative to the inventions of the Aatrix Patents, either or both of them, identify the dates during which any such product was sold, licensed, or offered for sale or licensure and identify all considerations of or efforts to develop any such alternatives.

**INTERROGATORY NO. 8.** Separately, for each version of each Product-at-Issue and for the relevant period, state the number of units sold or licensed on a monthly basis, gross revenue, net revenue, cost (with detail by type), gross profit and net profit attributable to these sales or licenses on a monthly basis, and describe how the profit is calculated.

8

**INTERROGATORY NO. 9.** Identify each instance of your attendance at any tradeshows or meetings of trade associations during the relevant period including the name, date, and location of trade show or association meeting, your dates of attendance, and details of your participation in the show, including which booths or tables you visited.

**INTERROGATORY NO. 10.** Separately, for each version of each Product-at-Issue, identify each and every person or company who purchased, licensed, or used the Product-at-Issue during the relevant period, the date such person or company first acquired the Product-at-Issue and set forth the substance of any discussions with each such person or company regarding the Aatrix Patents, either or both of them, and any indemnification offered by defendant.

**INTERROGATORY NO. 11.** State all facts known to defendant that allegedly renders either or both of the patents in suit invalid or unenforceable, and identify those persons having personal knowledge of such facts.

**INTERROGATORY NO. 12.** Identify each opinion obtained by defendant relating to the validity, enforceability, or infringement of the patent in suit, including the date authored and the author, the date received by defendant, each recipient, each person with whom the opinion was discussed, and each item of prior art referred to in the opinion.

**INTERROGATORY NO. 13.** Does the defendant contend that the Patent Office examiner of either the '615 or the '393 Patent failed to consider prior art that was more pertinent than the prior art that the examined did consider?  If so, identify each item of

9

prior art that was more relevant than the prior art considered by the Patent Office, and explain how each such item of prior art is more relevant than the prior art considered by the Patent Office.

**INTERROGATORY NO. 14.** Identify all persons with whom you have had communications concerning the Aatrix Patents, either or both of them, and identify the substance, content, and dates of those communications.

**INTERROGATORY NO. 15.** Identify all persons who were consulted or otherwise participated in the preparation of any of your answers to Plaintiff's Interrogatories, Requests for Production of Documents, and any Requests for Admissions.

**INTERROGATORY NO. 16.** For each third party software with which your TFC, PTS, or any other software that you make, sell or license, integrates, identify the software, identify the third party maker, distributor, seller or licensor of the software, identify any agreements, licenses, or permissions you have with such third party, and identify your primary contact at the third party.

10

Dated:  September 3, 2015                **BRIGGS AND MORGAN, P.A.**

By  _____
       John B. Lunseth II (MN Bar No. 65341)
80 South Eighth Street
2200 IDS Center
Minneapolis, Minnesota 55402
Telephone:    (612) 977-8484
Facsimile:    (612) 977-8650

**ATTORNEYS PLAINTIFF AATRIX
SOFTWARE, INC.**

11

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Aatrix Software, Inc, | ) | Civil Action No. 3:15-cv-00164-HES-MCR |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF AATRIX SOFTWARE,** |
| v. | ) | **INC.'S FIRST SET OF REQUESTS** |
| | ) | **FOR PRODUCTION OF DOCUMENTS** |
| Green Shades Software, Inc., | ) | **TO DEFENDANT** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

TO:   Defendant Green Shades Software, Inc. and its attorneys, H. Timothy Gillis and Andrew Rush, Gillis Way Duncan & Campbell, 1022 Part Street, Suite 209, Jacksonville, FL 32204.

PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Aatrix Software, Inc., by its attorneys, hereby requests that Defendant Green Shades Software, Inc., provide the requested documents and things (or copies of them) to its counsel at the offices of Briggs and Morgan, P.A., Suite 2200, 80 South Eighth Street, Minneapolis, Minnesota 55402 within thirty (30) days of service of these requests.  Defendant is obligated to supplement responses to these requests at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1.     The term "Green Shades Software, Inc." or "Green Shades", as used herein shall include Green Shades Software, Inc., any division, subdivision or office thereof, any parent, predecessor or affiliated corporations or companies, and any current or former principals, directors, members, officers, employees, agents, representatives or consultants

of any such companies, corporations, divisions, subdivisions, office, predecessors or affiliates.

2.      The term "Defendant", "you," "your," or "responding party" shall include Green Shades.

3.      The term "Aatrix Software, Inc.", "Aatrix", or "Plaintiff" as used herein shall include Aatrix Software, Inc., any division, subdivision or office thereof, any predecessor or affiliated corporations or companies, and any of its current or former principals, directors, officers, employees, agents, representatives or consultants.

4.      The term "Aatrix Patents" or "patents-in-suit," as used herein shall refer collectively to United States Patent No.'s 7,171,615 and 8,984,393. United States Patent No. 7,171,615 shall be referred to separately as the "'615 Patent" and United States Patent No. 8,984,393 shall be referred to separately as the "'393 Patent" unless other patents are specified.

5.      The terms "Product-at-Issue" and "Products-at-Issue" shall mean and include all versions or releases of the Green Shades Tax Filing Center ("TFC") and the Green Shades Payroll Tax Service ("PTS"), including without limitation all code, files, or services called by either the TFC or the PTS, and all other products written, created, programmed, distributed, sold, licensed, offered for sale or license, or used by Green Shades during the relevant period that contained, included, made available, or made use of a viewable form. The terms shall further include without limitation each product that Green Shades believes or contends is or may be an acceptable or noninfringing alternative or design around option to any product that is or may be an embodiment of or

2

within the claims of either or both of the Aatrix Patents.

6.      The term "person" as used herein shall include any individual, partnership, joint venture, limited liability entity, corporation, governmental entity, or other legal entity.

7.      The term "document" shall have the broadest reasonable meaning that can be ascribed to it pursuant to Rule 34 of the Federal Rules of Civil Procedure.  It includes the final form and all drafts and revisions of any type of written, printed, computerized, graphic or photographic matter, original or reproduced, however produced or reproduced, of any kind and of every kind, and all copies thereof which are different in any way from the original, regardless of whether they are designated "confidential" or "privileged" or are otherwise restricted.  Without limiting the generality of the foregoing, the term "document" includes books; papers; letters; telegrams; cablegrams; memoranda; records; communications; minutes; notes; work papers; workbooks; schedules; tabulations; vouchers; accounts; statements; affidavits; reports; abstracts; agreements; contracts; diaries; calendars; plans; specifications; drawings; sketches; photostats; motion pictures; video tape recordings; transcripts of radio or television broadcasts; recordings of radio or television broadcasts; articles from newspapers; magazines, or other publications; electronic or magnetic storage in any form, including computers, discs, tapes and similar media; slides; photographs, charts; graphs; and all other similar materials and also includes any kind of transcript, transcription or recording of any conversation, discussion, or oral presentation of any kind, as well as all other tangible things subject to production under Federal Rule of Civil Procedure 34.  "Document" shall expressly include, without

3

limitation, any and all electronically stored information ("ESI") including metadata, and any software, source code, executable code, or operating files.

8.     The term "communicate" or "communications" refers to all conversations, correspondence, or contacts between two or more individuals, whether in person, in writing, by telephone, wire, telegraph, digital or electronic, or by any other means.

9.     The term "concerning" means constituting, embodying, evidencing, identifying, recording, reflecting, referring, relating and/or pertaining in whole or in part to the material requested.

10.     The terms "relating to" and "related to" includes the terms concerning, containing, evidencing, describing, constituting, referring to, explaining, illustrating discussing or reflecting.

11.     The connectives "and" and "or" and the term "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

12.     If objection is taken to any interrogatory or request, the grounds for the objection and the categories of information which the objection applies should be stated with specificity and the Interrogatory should be answered insofar as it is not deemed objectionable.

7237572v3

13.     The term "identify," when referring to:

a.      a natural person, means to give his or her full name, present or last known address and telephone number, last known place of employment and job title;

b.      a public or private corporation, partnership, association, agency or other entity, means to give its present or last known address and telephone number, and state of incorporation, if applicable;

c.      a document, means to state its general character, title, date, addressee or recipient, author or signatory, present location, and who has possession, custody or control of the document;

d.      a product, means to provide a description of the item which is offered for sale, and the intended customer groups, channels of trade, approximate price, and market for the product;

e.      a service, means to describe the service and the intended customer groups, channels of trade, approximate price, and market for the service.

14.     The use of a present tense shall include past tenses.

15.     The use of the singular form of any word also includes the plural and vice versa.

16.     The terms "all" and "each" shall each be construed to include the other.

17.     The "relevant period" shall mean the time period beginning January 30, 2002 forward, unless otherwise stated.

## INSTRUCTIONS

1.      You are requested to produce for inspection and copying all responsive documents and things in your possession, custody or control, including all documents and things in the custody of your attorneys, consultants, agents, other representatives, and other persons or entities subject to your control.

7237572v3

2.     You are to produce the documents and things as they are kept in the ordinary course of business, with appropriate markings or designations so that it may be determined to which request they are responsive.

3.     You are to produce the original and all non-identical copies of each requested document or thing, including all copies which bear any additional file stamps, marginal notes or other additional markings or writings that do not appear on the original. The production shall include the file, envelope, folder, binder, o other container in which the responsive documents and things are kept. If, for any reason, the container cannot be produced, you are to produce copies of all labels or other identifying markings.

4.     Documents that exist in electronic format and constitute or comprise databases or other tabulations or collections of data or information should be produced in a machine-readable format to be mutually agreed upon by the parties. Documents that exist in electronic format and constitute or comprise written communications between natural persons (e.g., e-mail messages, internal memos, letters, etc.) should be produced both in a machine-readable format, with metadata intact, and in hard-copy form.

5.     If you cannot fully respond to any request after a diligent attempt, respond to the request to the extent possible and specify the portion of the request to which you are unable to respond.

6.     If you claim that any request, definition or instruction is ambiguous, state the language you claim is ambiguous and the interpretation you have used to respond to the request.

7.      For all documents that have been destroyed during the relevant period that would be responsive to any document request contained in any of Plaintiff's requests for production of documents, identify: (a) the date of destruction; (b) reason for destruction; (c) last pre-destruction custodian; (d) the content of each such document, to the best of you knowledge and ability.

8.      If you decline to produce any information, document, or thing on the basis of the attorney-client, work product, or other privilege, respond to so much of the discovery request as is not subject to the claimed objection, and for each document or thing, provide the following information:

      a.    the type and title of the document or thing;

      b.    the general subject matter of the document or description of the thing;

      c.    the date of its creation;

      d.    the identity of the document's author(s), addressee(s) and recipient(s);

      e.    the nature of the privilege being claimed; and

      f.    in detail, all facts upon which you base your claim of privilege.

9.      With respect to any document stored on a machine-readable medium, please make available both a hard copy printout of the document and a copy of the computer or electronic tape, disc or other electronic medium on which the document is stored.

10.      Complete production is to be made on the date and at the time indicated above.

11.     You have a duty to supplement your responses from now until the time of hearing or trial, as provided by Federal Rule of Procedure 26(e).

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents and things identified, referred to, and/or disclosed in your Rule 26(a) disclosures.

**REQUEST NO. 2:** All documents and things identified, referred to, and/or disclosed in your answers to Plaintiff's Interrogatories or reviewed, referred to, or relied upon in preparing such answers.

**REQUEST NO. 3:** All documents that comprise, refer or relate to the research, design, or development of each version or release of each Product-at-Issue.

**REQUEST NO. 4:** All documents comprising, referring or relating to communications with third parties, other than your counsel, during the relevant period, concerning Plaintiff, either or both of the Aatrix Patents, or this litigation.

**REQUEST NO. 5:** All documents constituting, referring or relating to advertising, promotion or marketing for each version of each Product-at-Issue during the relevant time period.

**REQUEST NO. 6:** All documents that refer or relate to the markets for Products-at-Issue during the relevant time period, including, but not limited to, the nature, size, structure, and composition of the market and anticipated and actual market shares in these markets., industry reports, and competition.

**REQUEST NO. 7:** All documents relating to the availability, cost of, and consideration of or efforts to develop products that may constitute acceptable non-infringing alternatives to any products that are an embodiment of or covered by either or both of the Aatrix Patents.

**REQUEST NO. 8:** All documents regarding demand for each Product-at-Issue and feature thereof, factors considered by customers in connection with the purchase of any Products-at-Issue, or advantages, benefits, weaknesses and limitations of each Product-at-Issue.

**REQUEST NO. 9:** All documents relating or referring to customer compliments, complaints, comparisons, questions, and surveys and/or questionnaires during the relevant time period that discuss Products-at-Issue.

**REQUEST NO. 10:** Projections, forecasts, plans and other analyses related to each Product-at-Issue for the relevant time period.

**REQUEST NO. 11:** All documents that identify, state or relate to the date or dates of your first awareness of Plaintiff's '615 Patent or Plaintiff's '393 Patent or that identify the persons who first became aware of each of the Aatrix Patents.

**REQUEST NO. 12:** Documents which set forth the organization of Green Shades during the relevant period, including but not limited to an organizational chart, and for any other company owned by, which owns, or is affiliated with Green Shades.

**REQUEST NO. 13:** All documents that constitute, refer, or relate to any prior art, any prior art reference, or any prior art search for information, relating to the Aatrix Patents, either or both of them, or concerning the subject matter disclosed or claimed in

9

the Aatrix Patents, or which you contend was known to any of the applicants for the Aatrix Patents prior to or during the prosecution of either of the Aatrix Patents.

**REQUEST NO. 14:** All documents that constitute, refer, or relate to any opinion concerning the validity, enforceability, or infringement by any person or entity of the Aatrix Patents, either or both of them.

**REQUEST NO. 15:** All documents that refer or relate to any publication, patent, or facts that relate to the patentability or lack of patentability of the claims of the Aatrix Patents, either or both of them.

**REQUEST NO. 16:** All documents that relate to your document or electronic record retention policies, including but not limited to policies regarding schematic diagrams, source code, invention disclosures, documents relating to inventions and patents, and electronic mail.

**REQUEST NO. 17:**    All documents referring or relating to the following, with respect to each version of each Product-at-Issue for the relevant period:

a)  Programming costs

b)  manufacturing set up costs;

c)  research and development costs;

d)  royalties paid or received;

e)  overhead allocation formula or the manner in which overhead is attributed;

f)  summary financial information including audit financial statements and auditors notes;

g)  product and standard cost reports;

h)  bill of materials and bill of labor;

10

i)      components/procedures; and

j)      cash disbursement journals or check registers.

**REQUEST NO. 18:**   All licensing policies and practices, license agreements, settlement agreements, other agreements, or requests or offers of licenses, whether contemplated or executed, relating to any Product-at-Issue during the relevant time period.

**REQUEST NO. 19:**  Physical samples of each version or release of each Product-at-Issue for the relevant time period, including all associated software or files necessary to allow each Product-at-Issue to be loaded or installed on hardware and to function as intended and as represented in marketing materials and communications with prospective and actual customers.

**REQUEST NO. 20:**  All source code for each version of each  Product-at-Issue for the relevant period, including all source code for all associated software or files necessary to allow each  Product-at-Issue to function as intended.

**REQUEST NO. 21:**  All documents that relate to your attendance at any tradeshows during the relevant period, including documents containing the name, date, and location of trade show, your dates of attendance, documents you received or distributed at any tradeshow, details of your participation in the shows.

**REQUEST NO. 22:**  All documents that relate to any offer for sale or sales-related proposal for any version of any  Product-at-Issue during the relevant time period, including without limitation competitive bids, requests for proposal, or requests for information to any potential or actual customer, and including documents showing

11

identity of such customers and the details of the offer or proposal.

**REQUEST NO. 23:** Documents reflecting actual sales units, revenues and average selling prices of each  Product-at-Issue for each year during the relevant time period.

**REQUEST NO. 24:** Documents reflecting actual sales units, revenues and average selling price of each  Product-at-Issue by customer for each year during the relevant time period.

**REQUEST NO. 25:** Documents reflecting actual sales units, revenue and average selling price of each  Product-at-Issue by geographic territory during the relevant time period.

**REQUEST NO. 26:** Documents reflecting actual sales units, revenue and average selling price and related costs for products and services sold in conjunction with Product-at-Issue during the relevant time period.

**REQUEST NO. 27:** Price lists related to each  Product-at-Issue for the relevant time period.

**REQUEST NO. 28:** Audited and internally generated financial statements, including, but not limited to, balance sheets, statements of operation or other documents reflecting revenues, expenses or profits, cash flow statements, footnotes and exhibits or supplementary information for each year.

**REQUEST NO. 29:** Documents reflecting gross profits, gross margin or standard margin for each Product-at-Issue for each year during the relevant time period.

7237572v3

**REQUEST NO. 30:** Documents reflecting detail of all costs, including, but not limited to, cost of sales, selling, general and administrative, and other costs, for each product, product line, division and total company (including, but not limited to, trial balances, financial statements and supplementary schedules) for each year during the relevant time period.

**REQUEST NO. 31:** Documents relating to estimated or actual R&D expenditures and capital investments related to each Product-at-Issue and in total for each year during the relevant time period.

**REQUEST NO. 32:** All communications with any third person or party during the relevant period concerning any Product-at-Issue or version thereof.

**REQUEST NO. 33:** All product manuals relating to any version of any Product-at-Issue.

**REQUEST NO. 34:** All documents that contain information relating to the design, development, programming or coding of each version of each Product-at-Issue for the relevant time period.

**REQUEST NO. 35:** All documents that refer to any hardware architecture on which any version of any Product-at-Issue has been intended to be loaded or operated during the relevant period.

**REQUEST NO. 36:** All documents and things that refer or relate to either or both of the Aatrix Patents.

**REQUEST NO. 37:** A functional diagram of each version of each Product-at-Issue.

13

**REQUEST NO. 38:** All documents and things illustrating or demonstrating the field of art, scope and content of the prior art, and characteristics of a person having ordinary skill in the art of the patent-in-suit.

**REQUEST NO. 39:** All communications during the relevant time period with any company with whose software any version of any Product-at-Issue has been intended to work or operate.

**REQUEST NO. 40:** All documents that refer or relate to analyses, reports, reviews, statements or opinions of anyone, including, but not limited to, your employees or agents, advertising agencies, directors or officers, or customers or potential customers, regarding the similarity or dissimilarity between any version of any Product-at-Issue and either or both of the Aatrix Patents, any claim of the Aatrix Patents, or any limitations of any claims of the Aatrix Patents.

**REQUEST NO. 41:** All documents that refer or relate to alternative designs considered by you in designing, making, selling or leasing any version of any Product-at-Issue.

**REQUEST NO. 42:** All patents or patent applications (foreign or domestic, pending, abandoned, or issued) owned, controlled, or licensed by you that relate to any version of any Product-at-Issue.

**REQUEST NO. 43:** All documents relating to any assertion or claim by any person relating to the scope or interpretation of any claim of the Aatrix Patents.

**REQUEST NO. 44:** All documents that relate to the absence or presence of any acceptable non-infringing substitutes in the relevant market for any invention claimed,

14

disclosed, or described in the either or both of the Aatrix Patents, including market research, market intelligence, or data about your competitors in the marked for your products that you contend embody the patent in suit.

**REQUEST NO. 45:** Any communications, contracts, proposals, agreements or licenses between you and any of the following companies or makers of the following software:

a)    Avionte

b)    Bond EmpACT

c)    Compeat

d)    Microsoft

e)    Thinkware Darwin

f)    TKO Systems

g)    Viewpoint (Maxwell)

Dated:  September 3, 2015

**BRIGGS AND MORGAN, P.A.**

By _____
     John B. Lunseth II (MN Bar No. 65341)
80 South Eighth Street
2200 IDS Center
Minneapolis, Minnesota 55402
Telephone:    (612) 977-8484
Facsimile:    (612) 977-8650
jlunseth@briggs.com

**ATTORNEYS FOR PLAINTIFF AATRIX SOFTWARE, INC.**

15