UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AATRIX SOFTWARE, INC.,

    Plaintiff,

v.                                              Case No. 3:15-cv-164-HES-MCR

GREEN SHADES SOFTWARE, INC.,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's "Motion to Stay Discovery Until the Court Rules Upon Defendant's Dispositive Motion to Dismiss Amended Complaint Under 35 U.S.C. § 101" (Doc. 24, filed Aug. 7, 2015); Plaintiff's Response in opposition thereto (Doc. 29, filed Aug. 21, 2015); Defendant's "Motion for Leave to File Reply in Support of Motion to Dismiss" (Doc. 32, filed Aug. 24, 2015); and Plaintiff's Response in opposition thereto (Doc. 34, filed Aug. 26, 2015).

**A. Motion to Stay Discovery**

Courts have broad power to stay discovery, but such stays are generally disfavored "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citations and internal quotation marks omitted). As such, "the moving party bears the burden of showing good cause and reasonableness." *Id.* A movant may show good cause and reasonableness when a preliminary issue that may be dispositive of the case is presently before the Court. *See id.* In this situation, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will

be granted and entirely eliminate the need for such discovery." *Id.* The Court should "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Id.*

Defendant asserts that its motion to stay discovery should be granted because its dispositive motion to dismiss is likely to be granted, thus rendering any discovery conducted unnecessary and wasteful. Plaintiff argues in opposition that Defendant's motion to dismiss is not likely to be granted, but that, in any event, the parties previously agreed that no Rule 12 motion concerning the pleadings would delay the commencement or conducting of discovery. Plaintiff also argues that it has incurred significant expenses in this litigation thus far, and a stay of discovery would be prejudicial and harmful.

While it is unprofessional for Defendant's counsel to breach an agreement regarding the commencement or conducting of discovery in this case, the Court will not deny Defendant's motion on this basis alone. Rather, it will also deny Defendant's motion because, having taken a peek at the merits of Defendant's motion to dismiss, the Court does not believe that there is an immediate and clear possibility that it will be granted. Further, Plaintiff has described how a stay of discovery, even briefly, would cause it prejudice and harm. Defendant has not met its burden of demonstrating good cause in order to stay discovery in this case.

**B. Motion for Leave to File Reply**

"The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011). Defendant seeks leave to file a reply in order to explain to the Court why certain facts contained in Plaintiff's response

in opposition to Defendant's motion to dismiss should be disregarded in the Court's consideration of Defendant's motion. Specifically, Defendant seeks to challenge as improper Plaintiff's inclusion of certain facts in its response that are beyond the four corners of the complaint and are supported by two accompanying declarations and four exhibits. Plaintiff asserts that the offered facts aid the Court in understanding the patent and the technology of the patent, and that courts may draw on many sources in interpreting a patent claim.

In general, a court may not consider materials outside "the four corners of the complaint" when ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). If a court does so, the "court must convert the motion to dismiss into a summary judgment motion." *Id.*; *see* Fed. R. Civ. P. 12(d). However, there is one exception to this rule: "[i]n ruling upon a motion to dismiss [under Rule 12(b)(6)], the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd.*, 600 F.3d at 1337 (citations omitted).

Plaintiff attached two exhibits to its Amended Complaint: Exhibit 1 is a copy of the '615 Patent, and Exhibit 2 is a copy of the '393 Patent. (Doc. 7, filed May 15, 2015). Considering that this is a patent infringement action, it is undisputed that the patents themselves are central to Plaintiff's claims and that their authenticity cannot be challenged. Accordingly, the Court may consider the copies of the two patents attached to the Amended Complaint in ruling on Defendant's motion to dismiss. However, the documents at issue— two declarations and four accompanying exhibits attached to Plaintiff's response in opposition to Defendant's motion to dismiss—are not central to Plaintiff's claims. As Plaintiff suggests, these documents may aid the Court in

3

understanding the patent itself and the technology of the patent. However, the Court is not considering a motion for summary judgment; it is considering a motion to dismiss, and only those documents that are central to Plaintiff's claims may be considered.

The Court does not require a written reply from Defendant in which Defendant explains that the Court should disregard the facts in Plaintiff's response that are outside the four corners of the complaint and are supported by improperly incorporated declarations and exhibits. The Court knows this, and thus, it will deny Defendant's motion for leave to file a reply. Nevertheless, the Court will strike Plaintiff's two declarations and four accompanying exhibits from the record. Those portions of Plaintiff's response in opposition to Defendant's motion to dismiss that rely on the stricken declarations and exhibits shall not be considered by the Court in ruling on Defendant's motion to dismiss.

Accordingly, it is hereby **ORDERED**:

1. Defendant's "Motion to Stay Discovery Until the Court Rules Upon Defendant's Dispositive Motion to Dismiss Amended Complaint Under 35 U.S.C. § 101" (Doc. 24, filed Aug. 7, 2015) is **DENIED**;

2. Defendant's "Motion for Leave to File Reply in Support of Motion to Dismiss" (Doc. 32, filed Aug. 24, 2015) is **DENIED**;

3. Plaintiff's "Declaration of A. Dale Jensen in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss" (Doc. 26, filed Aug. 12, 2015) is **STRICKEN** from the record; and

4. Plaintiff's "Declaration of John B. Lunseth II in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss" and accompanying Exhibits A–D (Doc. 27, filed Aug. 12, 2015) are **STRICKEN** from the record.

**DONE AND ORDERED** at Jacksonville, Florida, this ____ day of September, 2015.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Joanne M. O'Connor, Esq.
John B. Lunseth, Esq.
Ethan Andrew Way, Esq.
Harold Timothy Gillis, Esq.

5