**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**AATRIX SOFTWARE, INC,**

    **Plaintiff,**

**v.**                **Case No. 3:15-cv-164-J-20MCR**

**GREEN SHADES SOFTWARE, INC.,**

    **Defendant**.

_____/

<u>**CASE MANAGEMENT AND SCHEDULING ORDER**</u>

This cause came on for consideration concerning completion of discovery and the scheduling of pretrial procedures and trial, and the Court having considered the positions of the parties, it is

**ORDERED:**

1. The parties are directed to complete discovery no later than **August 3, 2016**. With respect to discovery matters the date of completion is the <u>final</u> date discovery shall be made. All requests and motions pertaining to discovery shall be filed so that the discovery desired will be due <u>prior</u> to the completion date and any disputes which requires Court intervention shall be made by proper motion immediately. The conduct of any discovery which would require a later due date shall be permitted only on the order of the Court or by filed stipulation of the parties, and only in cases that will not be delayed for trial thereby. The parties should be aware that a stipulation to the continuance of discovery anticipates no discovery disputes and, therefore, this Court will not hear discovery disputes arising during the stipulated continuance.

2. The parties are further directed to meet the pretrial disclosure requirements and deadlines in Fed. R. Civ. P. 26(a)(3) and to timely adhere to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures, which is to be initiated by counsel for the Plaintiff(s).

3. Motions to amend any pleading or a motion for continuance of any pretrial conference, hearing, or trial filed after issuance of this Case Management and Scheduling Order are disfavored. (See Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D)).

4. Motions to Dismiss or for Summary Judgment shall be filed not later than **October 3, 2016.**

**NOTE: Counsel should send a courtesy copy of the motions and responses thereto directly to Judge Schlesinger's chambers.**

5. A final pretrial conference will be held in Courtroom 10C, 10th Floor, United States Courthouse, 300 North

Hogan Street, Jacksonville, Florida, on **Wednesday, February 15, 2017, at 10:00 a.m.**

**NOTE 1: Motions in limine shall be filed no later than five (5) working days prior to the pretrial conference.**

**NOTE 2: Photo identification is required to enter the United States Courthouse.  Also, cellular telephones and laptop computers are prohibited in the courthouse without prior approval from the Court, upon written motion.**

(A)   The lead attorneys for all parties are further directed to meet **in person** at their earliest convenience, initiated by counsel for the Plaintiff(s), but at least fourteen (14) days before the date of the pretrial conference to:

(1) discuss the possibility of settlement;

(2) stipulate to as many facts and issues as possible;

(3) prepare a pretrial stipulation in accordance with this Order;

(4) examine all exhibits and documents proposed to be used at the trial;

(5) furnish opposing counsel the names and addresses of all witnesses whom counsel actually intend to call at trial;

(6) review all depositions which are to be offered for any purpose other than impeachment to resolve objections to the portions to be offered in evidence;

(7) complete all other matters which may expedite both the pretrial and trial of this case.

(B)  The pretrial stipulation shall contain:

(1) the factual basis of federal jurisdiction;

(2) a concise factual statement of the nature of the action;

(3) a brief, general factual statement of each party's case or contentions;

(4) for each party, a list of all witnesses who will be called at the trial;

a.  Each list of witnesses should include the witnesses' addresses and a statement of the general subject matter of their testimony.  It is **not** sufficient to designate the witness simply "fact", "medical", or "expert".  The list must also include an indication in good faith of those witnesses who **will** be called in the absence of reasonable notice to opposing counsel to the contrary and of those witnesses who **may** be called;

b.  A witness not included in the list will not be permitted to testify unless agreeable to all parties and their addition does not affect the trial date.  This restriction does not apply to rebuttal witnesses or documents when necessity cannot be reasonably anticipated.  Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports.  Expert witnesses whose reports have not been furnished opposing counsel will not be permitted to testify to opinions not included in the reports timely furnished;

c.  Except for good cause shown, the Court will not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of this Order and prior Court orders.

(5) for each party, a list and description of all exhibits intended to be introduced at the trial. Prior to preparing the pretrial stipulation, the parties shall meet, exchange copies of all proposed exhibits, and agree as to their authenticity and relevancy.  If the parties cannot agree as to certain exhibits, memoranda shall be filed at least five (5) working days before the trial stating the parties' respective positions;

a.  Each list of proposed exhibits first should describe those exhibits that are to be admitted without objection, and then those exhibits to which there will be objection, noting by whom the objection is made (if there are multiple adverse parties), and the nature of the objection.  Markers identifying each exhibit should be attached to the exhibits at the time they are shown to opposing counsel during preparation of the pretrial stipulation.

b.  If a party believes that good cause exists for not disclosing exhibits to be used solely for the purpose of impeachment, that party may **ex parte** request a conference with the Court and make the position known to the Court **in camera**.

c.  Where appropriate to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order or in such other fashion as the Court may direct.  If there are such exhibits, the parties shall state in the pretrial stipulation that they will discuss exhibits alleged to be privileged (or to contain trade secrets, etc.) at the pretrial conference.

d.  In addition to the formal list of exhibits, copies of all exhibits must be submitted to opposing counsel and a **bench book of exhibits delivered directly to the judge's chambers five (5) working days before the start of the trial**.  If the trial is a jury trial and counsel desires to display exhibits to the members of the jury, then sufficient copies of such exhibits must be available so as to provide each juror with a copy.  In the alternative, enlarged photographic or projected copies should be used.

e.  Unless the Court orders otherwise, only exhibits included on the exhibit list in the pretrial stipulation and/or for which memoranda have been submitted shall be used at trial.

f.  Each counsel shall submit to the Court on the day of trial a list of exhibits properly marked for identification which he or she desires to use at trial.

(6) for each party, a list of all deposition testimony to be offered into evidence;

a.  The parties shall, prior to trial, meet and agree as to the elimination of all irrelevant and repetitive matter and all colloquy between counsel in the depositions. In addition, the parties shall, in good faith, attempt to resolve all objections to testimony.  As to any objections to the testimony which cannot be amicably resolved, the parties shall file no later than five (5) days prior to trial a memoranda identifying the portions of the deposition in question and the grounds for objection. The parties' memoranda shall include appropriate statements of authorities in support of their positions.

b.  In non-jury cases, the parties shall, at least five (5) days prior to trial, submit to the Court a summary of what each party intends to prove and convey to the Court

by the deposition testimony, including, where appropriate, particular page and line references to the depositions.

(7) for each party, a list and brief description of any charts, graphs, models, schematic diagrams, and similar objects which, although not to be offered in evidence, counsel intends to use in opening statements or closing arguments. The pretrial stipulation must contain a statement that the parties have no objection to such purpose or statement of the objections to their use. There must also be a statement that if any other such objects are to be used, they will be submitted to opposing counsel at least ten (10) days prior to trial and, if there is opposition to their use, the dispute will be submitted to the Court at least five (5) working days before trial;

(8) a concise statement of those facts which are admitted and will require no proof at trial, together with any specific reservations directed to such admissions;

(9) a concise statement of those issues of law on which there is agreement;

(10) a concise statement of those issues of fact which remain to be litigated. Where applicable, particularities concerning the following fact issues shall be set forth:

    a. Whenever an issue is the seaworthiness of a vessel or the alleged unsafe condition of property, the material facts and circumstances relied upon to establish the claimed unseaworthy or unsafe condition shall be specified with particularity;

    b. Whenever an issue is the negligence of the Defendant or the contributory or comparative negligence of the Plaintiff, the material facts and circumstances relied upon to establish the claimed negligence shall be specified with particularity;

    c. Whenever an issue involves personal injuries, the nature and extent of the injuries and of any alleged disability shall be specified with particularity;

    d. Whenever an issue is the alleged breach of a contractual obligation, the act or omissions relied upon as constituting the claimed breach shall be specified with particularity;

    e. Whenever an issue is the meaning of a contract or other writing, all facts and circumstances surrounding execution and subsequent to execution, both those admitted and those in issue, which each party contends serve to aid interpretation, shall be specified with particularity;

    f. Whenever an issue is duress or fraud or mistake and is set forth in the pleadings, the facts and circumstances relied upon as constituting the claimed duress or fraud or mistake shall be specified with particularity;

    g. Whenever special damages are sought, they shall be itemized with particularity;
    h. Whenever a conspiracy is charged, the facts and circumstances constituting the conspiracy shall be specified with particularity.

(11) a concise statement of those issues of law which remain for determination by the Court;

(12) a list of all motions or other matters which require action by the Court;

(13) a concise statement of any disagreement as to the application of the Rules of Evidence or the Federal Rules of Civil Procedure;

4

(14) a realistic estimate of the number of trial days required and a statement indicating whether the case is a jury or non-jury case;

      a.  Where counsel cannot agree upon the number of trial days required, the estimate of each side should be given.

      b.  If the case is a jury trial, the parties must indicate whether the jury trial is applicable to all aspects of the case or only to certain specified issues.

(15) a statement describing any other matters that might expedite a disposition of the case;

(16) the statement that "This pretrial stipulation has been formulated after conference at which counsel for the respective parties have appeared in person.  Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing.  Hereafter, this stipulation will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice";

(17) the statement that "Possibility of settlement of this case was considered"; and

(18) the signatures of counsel for all parties.

(C)  **NO LATER THAN FIVE (5) WORKING DAYS BEFORE THE DATE SET FOR THE FINAL PRETRIAL CONFERENCE, THE PARTIES SHALL FILE WITH THE COURT THE PRETRIAL STIPULATION PREPARED IN ACCORDANCE WITH PARAGRAPH (B) ABOVE, AND SEND TWO (2) COURTESY COPIES DIRECTLY TO JUDGE SCHLESINGER'S CHAMBERS.**

(D)  **No later than five (5) working days before the trial term**, or at such other time as the Court may direct, each party shall file with the Clerk and opposing counsel and send two (2) courtesy copies directly to Judge Schlesinger's chambers: (1) a trial brief or memorandum with citations of authorities and arguments in support of his/her position on all disputed issues of law;  (2) in any jury trial, any special questions that the Court is asked to put to prospective jurors on **voir dire** and a complete set of all written requests for instructions to the jury.  Counsel shall meet for the purpose of exchanging proposed jury instructions and submitting an agreed-to set of jury instructions.  If there are requested instructions upon which they are unable to agree, the objecting counsel shall state, in writing, specific objections, citing authorities, and any alternative instruction which counsel consider more appropriate. Supplemental requests for instructions may be submitted at any time prior to the arguments to the jury.  All requests for instructions shall be plainly marked with the name and number of the case; shall contain citations of supporting authorities, if any; shall designate the party submitting the same; and in the case of multiple requests by a party, shall be numbered in sequence.  There shall be no more than one (1) instruction per page; and (3) in a non-jury trial, proposed written findings of fact and conclusions of law.

6.  **FAILURE ON THE PART OF COUNSEL OR AN UNREPRESENTED PARTY TO APPEAR AT THE FINAL PRETRIAL CONFERENCE OR TO COMPLY WITH THE REQUIREMENTS OF THIS ORDER WILL SUBJECT THE PARTY OR ATTORNEY TO APPROPRIATE SANCTIONS UNDER THE RULES, AND MAY RESULT IN DISMISSAL OR STRIKING OF ALL PLEADINGS OF THE FAILING PARTY OR PERSON.**

7.  This case is set for jury trial in Courtroom 10C, 10th Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida, during the trial term commencing **Monday, April 3, 2017, at 9:30 a.m.**

8.  In order that the intended purposes of the pretrial procedure are accomplished, all meetings of counsel, including the final pretrial conference, shall be attended by counsel who will participate in the trial of the case and is vested with full authority to make and solicit disclosures and agreements touching all matters pertaining to the trial.

9.  In the event that the dates set herein for final pretrial conference and/or trial are continued or otherwise modified, the remaining provisions of this Order shall remain in full force and effect.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of September, 2015.

HARVEY E. SCHLESINGER
United States District Judge


By: _____ /s/ Marsha Grant _____
Marsha Grant
Deputy Clerk


Distribution:
Joanne O'Connor, Esq.
John Lunseth, Esq.
Ethan Way, Esq.
Harold Gillis, Esq.
Jury Administrator