**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| Aatrix Software, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Green Shades Software, Inc. <br><br> Defendant. | **PLAINTIFF'S MOTION AND MEMORANDUM FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** <br><br> Civil Action No. 3:15-cv-00164-HES-MCR |

Plaintiff moves the Court for leave to file a Second Amended Complaint. Plaintiff is aware that there is a pending Motion to Dismiss, and is making these amendments at this time because of the October 19, 2015 cutoff date for pleading amendments in the Case Management Report. Plaintiff does not believe the present Motion impacts the Motion to Dismiss. By this filing Plaintiff does not intend to waive its right to further amend should this Court grant the pending Motion to Dismiss in any part.

Plaintiff has filed with this Motion as Exhibit A, a blacklined version of the proposed Second Amended Complaint that shows the proposed changes. Exhibits 1 & 2 to the Second Amended Complaint, which are the two patents at issue, have already been filed with the Amended Complaint and have been omitted from Exhibit A so as not to burden the file, but will be filed with the Second Amended Complaint if leave is granted. The proposed changes to the Amended Complaint are as follows:

1. On August 13, 2015 the Federal Circuit Court of Appeals, in *Akmai Technologies, Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, ("*Akmai II*"), and acting in response to a decision by the United States Supreme Court in the same case, changed the standard for vicarious liability for patent infringement. The *Akmai* case was decided three months *after* the filing of Plaintiff's Amended Complaint (filed on May 15, 2015, Dkt. 7). Plaintiff's Complaint (Dkt. 1) and Amended Complaint both substantially follow[1] Form 18 of the Federal Rules of Civil Procedure. Plaintiff is unaware of any authority setting forth the standard for pleading vicarious liability under *Akmai II*[2]. Plaintiff requests leave to plead vicarious liability under the new standard.

2. The authorities are also not clear as to whether a Plaintiff should plead infringement under the Doctrine of Equivalents with more specificity than that contained in Form 18. Defendant and Plaintiff exchanged letters concerning Noninfringement and Infringement on November 17 and February 12, 2014, respectively. Those letters are before the Court as Sealed Exhibits filed on August 25, 2015 (no docket number). Plaintiff and Defendant have, pursuant to their Case Management Report filed on August 3, 2015 (Dkt. 23), exchanged Infringement Contentions and Noninfringement Contentions. On page 7 of its November 17 letter Defendant asserted that its products do not employ a single "form file" (see e.g. Claim 1(a) of the '615 Patent), but rather employ multiple code blocks and files. Defendant's more recent Noninfringement Contentions

---

[1] The Complaint and Amended Complaint went beyond Form 18 in alleging the specific Green Shades products that Plaintiff had examined and found to infringe, and some other matters. See Amended Complaint, ¶¶ 9-15.

[2] The *Akmai II* decision refers to vicarious liability as a form of direct infringement, and other cases by the Federal Circuit as set forth herein say that a Form 18 pleading is sufficient to allege direct infringement. However, *Akmai II* did not consider the issue of pleading vicarious liability.

state that Greenshades does not "make, use or sell a form file…, " but does not make clear whether it is because they provide multiple files rather than a single file, or whether they provide none at all, and says nothing about the "multiple code blocks and files" contention stated in their letter of November 17. Plaintiff believes it has identified a single form file. However, it is well known to one skilled in the art that dividing a file into multiple files is the equivalent of a single file. Therefore, Plaintiff requests leave to amend to add allegations of infringement under the Doctrine of Equivalents.

3. Plaintiff named "Greenshades Software, Inc." as the Defendant in its previous Complaints. Defendant's counsel has advised that the correct name of the Defendant is "Green Shades Software, Inc." Plaintiff wishes to amend the Amended Complaint to name the Defendant as "Green Shades Software, Inc., a/k/a Greenshades."

4. Plaintiff's proposed Second Amended Complaint contains two other changes which we believe are minor and will not be discussed further in this Motion. First, former paragraph 15 alleged in sum that a Notice of Allowance was issued and notice was given to the Defendant. That paragraph was contained in the original Complaint. Subsequently, the Notice of Allowance matured into US Pat. 8,984,393 and the Amended Complaint contained a new Count II alleging infringement of that patent. Since the issues raised by the former paragraph 15 are now covered by Count II, former paragraph 15 has been deleted as unnecessary and a single sentence has been added to paragraph 25 stating that notice of the allowance was given.

Second, the term "offering to sell" was added to new paragraphs 15 & 24, which conforms to 35 U.S.C. § 271(a)("whoever … makes, uses, offers to sell, or sells …

infringes the patent."). "Offering to sell" was inadvertently omitted from the earlier pleadings.

## MEMORANDUM

Rule 15, Fed. R. Civ. P., provides that, "The Court should freely give leave when justice so requires." The US Supreme Court has said:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 83 S.Ct. 227, 230; 371 U.S. 178, 182 (1962).

In its Scheduling Order issued on September 28, 2015 (Dkt. 42) this Court ordered:

> Motions to amend any pleading or a motion for continuance of any pretrial conference, hearing, or trial filed after issuance of this Case Management and Scheduling Order are disfavored. (See Local Rules 3.05 (c)(2)(E) and 3.05(c)(3)(D)).[3]

However, the Case Management Report filed by the parties proposed a cut-off date of October 19, 2015 (Dkt. 23). Defendant has not yet filed an Answer to the Complaint, having instead filed a Motion to Dismiss on July 15, 2015. The Motion to Dismiss is pending and the present Motion for Leave does not impact that Motion.

---

[3] LR 3.05(c)(3)(D) is applicable to Track 3 cases only. This is a Track 2 case.

A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed.R.Civ.P. 16(b)." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir.2009). Whether considered under the standard of Rule 15(a), or the good cause standard, Plaintiff respectfully submits that the proferred amendments are matters already at issue in this case as a result of communications and submissions made by the parties, are not matters of surprise to the Defendant, are being made early in the case when Defendant has full ability to make discovery, and are appropriate.

**A.      Amendments 1 & 2 -Alleging vicarious liability and infringement under the Doctrine of Equivalents.**

**1.      Legal Standard.**

Amendments 1 & 2 are driven by the same issue – the current changing state of the law concerning the standard for pleading patent infringement claims and Plaintiff's wish to satisfy whatever standard applies.

In *In Re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F. 3d 1323 (Fed. Cir. 2012) the Federal Circuit held that a pleading complying with Form 18 of the Appendix to the Federal Rules of Civil Procedure is sufficient to plead direct infringement, but indirect infringement must be specially pled. 681 F.3d at 1335. Plaintiff's Complaint and Amended Complaint followed Form 18 (and pled additional facts including the identification of specific infringing and Plaintiff's pre-suit examination of the products).

However, as to Amendments 1 & 2 sought herein, the law is unclear. *In Re Bill of Lading Transmission and Processing System Patent Litigation* addressed contributory

infringement and inducement to infringe, not vicarious liability, which is "divided infringement" rather than "indirect infringement." As noted *infra,* at pp. 1-2, the Federal Circuit, very recently and after Plaintiff's Amended Complaint was filed, changed the standard for vicarious liability at the invitation of the US Supreme Court. We are aware of no cases that explicitly spell out the standard for pleading vicarious liability under the new standard. As to the Doctrine of Equivalents, some authorities hold that it is not necessary to specifically allege infringement by equivalents. *See e.g. Teashot, LLC v. Green Mountain Coffee Roasters, Inc.*, (D.C. Colo. 2014) 2014 WL 485876, *aff'd on other grounds*, 595 Fed.Appx. 983[4]. Given that the pleading standard appears to be a moving target[5], Plaintiff requests leave to plead vicarious liability and infringement by equivalents.

    **2.** **Amending to Allege Vicarious Liability.**

The Federal Circuit changed the standard for vicarious liability in patent infringement cases in *Akmai II*. The case was previously before the Federal Circuit in 2011, *Akmai Technologies, Inc. v. Limelight Networks, Inc.*, 629 F.3d 1311 (Fed. Cir. 2011)("*Akmai I*"). In *Akmai I*, a three judge panel of the Court held that where all the steps of a claimed method are not performed by a single party, "there can only be joint infringement when there is an agency relationship between the parties who perform the

---

[4] The Court in *Teashot* held that although the Plaintiff was not required to plead doctrine of equivalence and had not waived the argument by failing to plead the doctrine, the Plaintiff's claim was barred because Plaintiff had failed to timely identify the issue in claim charts and other discovery. As noted herein, Plaintiff Aatrix has identified the issue in the letter accompanying its Infringement Charts served on August 26, 2015.

[5] *See e.g. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, (7th Cir.2014)("In the wake of *Twombly* and *Iqbal*, there remain[sic] considerable uncertainty and variation among the lower courts as to just how demanding pleading standards have become.")

method steps or when one party is contractually obligated to the other to perform the steps." 629 F.3d at 1320. *Akmai I* then went up to the US Supreme Court, which returned it to the Federal Circuit "noting 'the possibility that [the Federal Circuit] erred by too narrowly circumscribing the scope of §271(a)' and suggesting that we 'will have the opportunity to revisit the §271(a) question… .'" The Federal Circuit did so in its August 13, 2015 *en banc* decision in *Akmai II*. *Akmai II* issued three months after the Amended Complaint was filed and served in this matter.

In *Akmai II* the Federal Circuit held:

[We] have held that an actor is liable for infringement under §271(a) if it acts through an agent (applying traditional agency principles) or contracts with another to perform one or more steps of a claimed method. [Citation omitted.] We conclude, on the facts of this case, that **liability under §271(a) can also be found when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance**. *Cf. Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 930 (2005)(stating that an actor "**infringes vicariously by profiting from direct infringement" if that actor has the right and ability to stop or limit the infringement**). In those instances, the third party's actions are attributed to the alleged infringer such that the alleged infringer becomes the single actor chargeable with direct infringement. … 797 F.3d at 1023 [Emphasis in bold added.]

Pursuant to the Case Management Report filed by the parties, Plaintiff and Defendant have already exchanged Infringement and Noninfringement Contentions. Plaintiff's Infringement Contentions were served on Defendant on August 26, 2015. In those charts, and in the accompanying service letter, Plaintiff made Defendant aware that *Akmai II* may be applicable in this case. In its Claim Charts, Plaintiff specifically

7

identified the elements of Defendant's products that may implicate vicarious liability under *Akmai II*[6]. The accompanying service letter states:

> Our claim charts include references to the recent decision in the *Akmai* case concerning divided infringement, which hold "that liability under § 271(a) can also be found when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." The case also cites other types of activity where one party may be liable for infringement where some steps of the infringement are performed by others. As you can see, this decision is very recent and we have had no opportunity to conduct investigation or discovery on this type of liability. However, it is our contention that Green Shades conditions participation in the use of its software or receipt of the benefit upon the performance of some steps by the end user such as importing data into a data file of a certain format, or other activities.

Defendant also provided a cover letter with its responsive claim charts on September 28, 2015, in which it stated:

> Initially, Greenshades contends that the alleged infringement, relying on principles of joint infringement, does not apply or meet the test set forth in *Akmai Technologies, Inc. v. Limelight Networks, Inc.*, (Fed. Cir. Aug. 13, 2015)2015 U.S. App. LEXIS 14175, *5 (Fed. Cir. Aug. 15, 2015). Accordingly, even assuming Aatrix's contentions are otherwise correct (which Greenshades denies), Aatrix has failed to describe or establish that all elements of any claim are directly infringed, whether by a single party or jointly.

Plainly, Plaintiff has provided notice to Defendant of the issues regarding vicarious liability raised by *Akmai II*. Defendant is aware of the *Akmai II* decision and has denied liability under the new vicarious infringement standard. Issue is therefore joined, and Plaintiff's request to amend its Amended Complaint raises no surprise, unfair or otherwise.

---

[6]Plaintiff has not provided the Claim Charts with this Motion, since the examination of Defendant's products and the identification of structures or steps in Defendant's products is covered by a prior confidentiality agreement between the parties, and by this Court's Protective Order governing discovery. Plaintiff stands ready to provide the Claim Charts under seal if requested.

It should be noted that in *Akmai II*, the Court referred to vicarious liability as "direct infringement," 797 F.3d at 1022, raising the question whether vicarious liability needs to be specifically pled, or whether the allegations of a Form 18 pleading are sufficient under *In Re Bill of Lading Transmission and Processing System Patent Litigation, infra,* p. 5. Taking no chances, Plaintiff wishes to plead it.

It should also be noted that in *Akmai II,* the Court took pains to point out that its decision addressed vicarious liability for method claims, and that its conclusions were reached "on the facts of this case." 797 F.3d at 1023. However, the Court also expressly stated that, "Going forward, principles of attribution are to be considered in the context of the particular facts presented." The standard, in other words, is new, and may apply to other factual situations and to claims other than method claims.

Aatrix's Patents at issue in this case, US Patents 7,171,615 (the "'615 Patent") and 8,984,393 (the ''393 Patent) contain both apparatus and method claims. The *Grokster* case[7] decided by the US Supreme Court and relied on by the Federal Circuit in establishing its new vicarious liability standard in *Akmai II*, was a copyright infringement case. However, in *Grokster* the Supreme Court broadly discussed vicarious infringement in both the copyright and patent contexts in *Grokster* as the same or similar liability theories. While the holding in *Akmai II* is limited to method claims, Plaintiff respectfully submits that the rationale of both *Akmai II* and *Grokster* (one infringes vicariously by profiting from divided infringement while declining to exercise a right to stop or limit it) applies equally under the proper circumstances to apparatus claims as well as to method

---

[7]*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005)

claims. Plaintiff's allegations in its proposed Second Amended Complaint are therefore not limited merely to infringement of the method claims of the '615 and '393 Patents.

### 3. **Infringement under the Doctrine of Equivalents.**

As previously noted, Plaintiff served Infringement Claim charts on Defendant on August 26, 2015, and Defendant responded with Noninfringement Charts on September 28. In its cover letter, Plaintiff stated:

> As indicated in the claim charts, we found direct infringement of multiple claims and we did not think it necessary or appropriate to attempt to assert infringement by the doctrine of equivalence. *We reserve the right to do so if appropriate in light of future discovery.* [Emphasis added.]

Plaintiff continues to be of the view that Defendant's products literally and directly infringe. However, the claims of the '615 and '393 Patents share two elements which specify types of files – the "data file," and the "form file.[8]" Stated generally, and without meaning to get into patent interpretation issues, the data file is a file containing data such as financial numbers or names, addresses, or taxpayer numbers of payees. That data is exported from a third party software application such as a business accounting software package, into the "data file" which contains the data in a form usable by the "form viewer" component of the patented inventions. The "form file" is a file containing the instructions for creating a specific form that also is usable by the "form viewer" component of the patented inventions. The form viewer then operates on the data file and the form file to create a viewable form, populated with data.

It is Plaintiffs understanding that Defendant contends that the claims of the patents require "a form file" and "a data file," which it further contends means a single

---

[8]*See e.g.,* Claim 1 (a) & (c) of the '615 Patent.

10

file of each type, and that it is further Defendant's contention that it does not use a single form file or a single data file in its products. In examining Defendant's products, Plaintiff found a single file of each type, and believes that regardless of Defendant's contention, infringement exists. However, one skilled in the art would know that a single file may readily be split into two or more files, and that multiple files fulfilling the purpose of a single file is an insubstantial difference. Plaintiff therefore requests leave to assert an alternative claim for infringement under the Doctrine of Equivalents.

### B.    Amendment 1- Changing the Name of the Defendant.

Plaintiff requests leave to change the name of the Defendant from "Greenshades Software, Inc." to "Green Shades Software, Inc., a/k/a Greenshades"  Defendant's counsel has advised that "Green Shades Software, Inc." is the correct name of the Defendant. Plaintiff has seen  advertising by Green Shades in which it uses the name "Greenshades," hence the "also known as" reference. This is an insubstantial correction making no change in the substantive allegations against the Defendant, and simply changes the Defendant's name from one word to two. Plaintiff's counsel wishes to accommodate Defendant's request that the name be changed.

## **CONCLUSION**

Plaintiff respectfully requests leave to amend its Second Amended Complaint to plead vicarious liability, infringement under the Doctrine of Equivalents, and to modify the name of the Defendant.  Plaintiff does not believe that the present Motion impacts Defendant's pending Motion to Dismiss.

BRIGGS AND MORGAN, P.A.


By: /s/ John B. Lunseth
John B. Lunseth (MN Bar No. 65341)
80 South Eighth Street
2200 IDS Center
Minneapolis, Minnesota 55402
(612) 977-8484
(612) 977-8650 fax
jlunseth@briggs.com

Joanne M. O'Connor
(Fla. Bar No. 0498807)
joconnor@jonesfoster.com
Jones Foster Johnston & Stubbs, P.A.
505 South Flagler Drive
Suite 1100
West Palm Beach, FL 33401

**Attorneys for Aatrix Software, Inc.**