# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| Aatrix Software, Inc., <br><br> Plaintiff, <br><br> v. <br><br> ~~Greenshades~~Green Shades Software, Inc~~.~~., a/k/a Greenshades <br><br> Defendant. | [PROPOSED] <br> [CHANGES BLACKLINED] <br> [EXHIBITS 1 & 2 OMITTED] <br><br> SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL <br><br> [INJUNCTIVE RELIEF SOUGHT] <br><br> Civil Action No. 3:15-cv-00164-HES-MCR |

For its Second Amended Complaint against Defendant ~~Greenshades~~Green Shades Software, Inc., a Florida corporation with its registered address and principal place of business at 7020 AC Skinner Parkway, Suite 100, Jacksonville, FL 32256 ~~("~~, also known as "Greenshades" ("Green Shades"), Plaintiff Aatrix Software, Inc., a North Dakota corporation with its principal place of business at 2100 Library Circle, Grand Forks, North Dakota 58201 ("Aatrix") states and alleges the following:

## JURISDICTION

1.   This Complaint is for patent infringement and injunctive relief against Defendant ~~Greenshades~~Green Shades Software, Inc., a Florida corporation with its principal place of business at 7020 AC Skinner Parkway, Suite 100, Jacksonville, FL 32256.

2.   Subject matter jurisdiction is based on 28 U.S.C. §1338.

1

EXHIBIT A

3. Personal jurisdiction is based upon Federal Rule of Civil Procedure 4(e) and Florida Statutes §48.193.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400.

5. The products at issue in this lawsuit are the ~~Greenshades~~Green Shades Tax Filing Center ("TFC"), which is the product name for an installed software package made, offered for sale, and sold or licensed by Defendant ~~Greenshades~~Green Shades, and the ~~Greenshades~~Green Shades Payroll Tax Service ("PTS"), which is the product name for software accessed and used over the Internet, and which is also made, offered for sale, and sold or licensed by Defendant ~~Greenshades~~Green Shades. Defendant ~~Greenshades~~Green Shades may also make, use, sell or offer for sale other products not yet discovered or examined by or on behalf of Plaintiff Aatrix.

6. A copy of the accused TFC installed software package was acquired on behalf of the Plaintiff and installed on a computer, examined and analyzed. Defendant ~~Greenshades~~Green Shades publishes on the Internet numerous videos that purport to show the operation of the TFC and PTS software which were also examined.

7. Plaintiff Aatrix, through its counsel, wrote Defendant ~~Greenshades~~Green Shades and requested that ~~Greenshades~~Green Shades allow examination and analysis of its software, and an agreement permitting such examination and analysis was entered into between the parties. Subject to the agreement, counsel for Aatrix caused an examination and analysis of the TFC software to be conducted, and determined that probable cause

exists to believe that the TFC software infringes US Patent 7,171,615 Patent owned by Plaintiff Aatrix.

8. Defendant ~~Greenshades~~Green Shades, by and through its counsel, also provided a letter dated November 17, 2014 and Aatrix understands from that letter that the PTS software contains the same material structures as the TFC software, with the difference that some elements of the PTS software are accessible on servers over the Internet, as opposed to being part of an installed software package.

9. As part of the PTS and TFC products, and on information and belief, other products made, distributed and sold by the Defendant to customers, a data file template/importing program provided by Green Shades runs either on the end user's computer or as an Internet service accessed by the end user to execute data importation into a data file. Defendant may also provide directions, instructions, or suggestions for the import of data into a data file.

10. As part of the TFC product, and on information and belief, other products made, offered for sale, distributed and sold by the Defendant to customers, a component runs on the end user computer to operate on a data file and a form file, to generate a viewable form, allowing data review, calculations, and generation of reports. Further, it is Plaintiff's understanding from Green Shades' letter of Nov. 17, 2014 that under the PTS, and on information and belief, other products made, offered for sale, distributed and sold by Defendant to customers, the form viewer component of the PTS executes as a web service running on a server providing the same functionalities, namely, operating on a form file and a data file, generating a form and allowing data review, calculations, and

3

generation of forms and reports. The form viewer software receives a form file either from files installed or downloaded to the end user's computer, or as a service provided over the Internet.

11. For a customer to use the viewable form functionality of the products made, offered for sale, distributed and sold by Defendant, and thereby receive the benefit of the products, the customer either allows the Defendant's product(s) to run on the customer's computer, to import date into a data file, operate on a form file and a data file, and to create a viewable form, or the customer accesses the same structures and functions as Internet services supplied by the Defendant, or the customer follows the directions, instructions or suggestions of Defendant for the import of data and for access to the same structures and functions. Defendant has the right and ability to stop or limit the foregoing acts of its customers and profits from them.

12. Defendant Green Shades apparently contends that certain of the elements of the '615 and '393 Patents cover only a single file or program, and that the use of multiple files or programs for the same function does not infringe. Plaintiff specifically alleges that Defendant directly and literally infringes both Patents, and in the alternative, alleges that the incorporation of multiple files or programs to accomplish the same result in the same way and with the same function by Defendant constitutes infringement by equivalence. Further, Plaintiff alleges that the incorporation of multiple files or programs by Defendant is an insubstantial difference from the claims of the '615 and '393 Patents.

## COUNT I

## INFRINGEMENT OF U.S. PATENT 7,171,615

4

9   13.   Plaintiff incorporates herein by reference paragraphs 1 -12 hereof.

14.   On January 30, 2007, United States Letters Patent No. 7,171,615 was duly and legally issued to Arthur D. Jensen and Steven H.N. Lunseth for a Method and Apparatus for Creating and Filing Forms (the "'615 Patent"). The '615 patent was assigned to Plaintiff Aatrix as reflected on the face of the patent and in the records of the United States Patent and Trademark Office ("USPTO"), and Plaintiff Aatrix has owned the '615 Patent throughout the period of the defendant's infringing acts and still owns the patent by assignment. A copy of the '615 Patent is attached as Exhibit 1.

~~10~~15.   Defendant ~~Greenshades~~Green Shades has infringed and is still infringing the '615 Patent by making, offering for sale, selling, and using methods and apparatuses that embody the patented invention, and Defendant ~~Greenshades~~Green Shades will continue to do so unless enjoined by this court.

~~11~~16.   Plaintiff Aatrix has complied with the statutory requirement of placing a notice of the '615 Patent on the products it manufactures and sells by placing such notice on Aatrix's website, through which Aatrix's software products are obtained by purchasers. Plaintiff Aatrix has notified Defendant ~~Greenshades~~Green Shades of its patent, and its concerns that Defendant ~~Greenshades~~Green Shades has and continues to infringe the '615 Patent.

~~12~~17.   The ~~Greenshades~~Green Shades products that infringe the '615 Patent are the TFC and the PTS, which are made, used, offered for sale and sold by ~~Greenshades~~Green Shades, or made available by ~~Greenshades~~Green Shades for licensed use over the Internet. It is the understanding of Plaintiff Aatrix that the difference

5

between the TFC and the PTS is that the TFC is an installed software package, while the PTS is software as a web service, hosted on servers and accessed by a user over the Internet.

~~13~~18. Plaintiff alleges that the products of Defendant Green Shades directly infringe the '615 Patent. Alternatively, Plaintiff alleges that Defendant conditions participation in the use of its products and the receipt of the benefits upon allowing Defendant's products to create a data file on a customer's data processing system, or deliver a data file to the customer's system, or for the customer to follow the instructions, directions or suggestions of Defendant for the creation of a data file, and to operate on a data file and a form file supplied by Defendant, using a form viewer program or programs supplied by the Defendant. Defendant establishes the manner or timing of that performance. Defendant Green Shades is liable for its direct infringement of the '615 Patent, or alternatively, vicariously liable for infringement by virtue of operations it causes or directs or suggests to be conducted on a customer's data processing system to its profit, which it has the ability to stop or prevent.

19. Defendant infringes the '615 Patent under the Doctrine of Equivalents.

20. On information and belief, Defendant ~~Greenshades~~Green Shades has known of the '615 Patent since its date of issue and has knowingly and willfully infringed the '615 Patent in willful disregard of the patent rights held by Plaintiff Aatrix.

~~14~~21. The acts and infringements by Defendant ~~Greenshades~~Green Shades as alleged herein have caused and will continue to cause Plaintiff Aatrix harm and damages, including but not limited to lost sales and profits.

6

~~15.   Aatrix further states and alleges that on or about January 15, 2015 the USPTO caused a Notice of Allowance to issue for a patent application Ser. No. 11/698,575 which is a continuation of the '615 Patent. Aatrix has provided Defendant Greenshades with a copy of the Notice of Allowance and has notified Defendant that Plaintiff Aatrix believes that the TFC and PTS will also infringe one or more claims of the newly-allowed Patent. Plaintiff respectfully requests the right to amend its Complaint to assert such further claims of patent infringement once the new patent issues.~~

## COUNT II

## INFRINGEMENT OF U.S. PATENT 8,984,393

~~16~~22.   Plaintiff incorporates herein by reference paragraphs 1 -12 hereof.

23.   On March 17, 2015, United States Letters Patent No. 8,984,393 was duly and legally issued to Arthur D. Jensen and Steven H.N. Lunseth for a Method and Apparatus for Creating and Filing Forms (the "'393 Patent"). The '393 patent was assigned to Plaintiff Aatrix as reflected on the face of the patent and in the records of the United States Patent and Trademark Office ("USPTO"), and Plaintiff Aatrix has owned the '393 Patent throughout the period of the defendant's infringing acts and still owns the patent by assignment. A copy of the '393 Patent is attached as Exhibit 2.

~~17~~24.   Defendant ~~Greenshades~~Green Shades has infringed and is still infringing the '393 Patent by making, <u>offering to sell,</u> selling, and using methods and apparatuses that embody the patented invention, and Defendant ~~Greenshades~~Green Shades will continue to do so unless enjoined by this court.

7

~~18~~25. Plaintiff Aatrix has notified Defendant ~~Greenshades~~Green Shades of the '393 patent, and Defendant ~~Greenshades~~Green Shades has had actual notice of the '393 Patent. <u>Plaintiff also provided Defendant with timely notice of the Allowance of the patent prior to issuance.</u>

~~19~~26. The ~~Greenshades~~Green Shades products that infringe the '393 Patent are the TFC and the PTS, which are made, used, offered for sale and sold by ~~Greenshades~~Green Shades, or made available by ~~Greenshades~~Green Shades for licensed use over the Internet. It is the understanding of Plaintiff Aatrix that the difference between the TFC and the PTS is that the TFC is an installed software package, while the PTS is software as a web service, hosted on servers and accessed by a user over the Internet.

~~20~~27. <u>Plaintiff alleges that the products of Defendant Green Shades directly infringe the '393 Patent. Alternatively, Plaintiff alleges that Defendant conditions participation in the use of its products and the receipt of the benefits upon allowing Defendant's products to create a data file on a customer's data processing system, or deliver a data file to the customer's system, or for the customer to follow the instructions, directions or suggestions of Defendant for the creation of a data file, and to operate on a data file and a form file supplied by Defendant, using a form viewer program or programs supplied by the Defendant. Defendant establishes the manner or timing of that performance. Defendant Green Shades is liable for its direct infringement of the '393 Patent, or alternatively, vicariously liable for infringement by virtue of operations it</u>

8

<u>causes or directs or suggests to be conducted on a customer's data processing system to its profit, which it has the ability to stop or prevent.</u>

28. <u>Defendant infringes the '393 Patent under the Doctrine of Equivalents.</u>

<u>29</u>. On information and belief, Defendant ~~Greenshades~~<u>Green Shades</u> has known of the '393 Patent since its date of issue and has knowingly and willfully infringed the '393 Patent in willful disregard of the patent rights held by Plaintiff Aatrix.

~~21~~<u>30</u>. The acts and infringements by Defendant ~~Greenshades~~<u>Green Shades</u> as alleged herein have caused and will continue to cause Plaintiff Aatrix harm and damages, including but not limited to lost sales and profits.

Therefore, Plaintiff Aatrix requests:

(a) Judgment that the TFC and PTS softwares infringe, and have infringed Aatrix's '615 Patent and Aatrix's '393 Patent, <u>either directly or vicariously, and either literally or under the Doctrine of Equivalents;</u>

(b) a preliminary and final injunction against the continuing infringement,

(b) an accounting for damages, including but not limited to Aatrix's lost sales and profits, or in the alternative, a reasonable royalty, and a trebling of damages because of the knowing, willful, and wanton nature of Defendant Greenshade's conduct;

(d) interest and costs;

(e) an award of Plaintiff Aatrix's attorneys' fees and costs in this action; and

(f) such other and further relief as the Court deems just and equitable.

9

Dated: _____, 2015    By_____
                                              Joanne M. O'Connor
                                              (Fla. Bar No. 0498807)
                                              joconnor@jonesfoster.com
                                              **Jones Foster Johnston & Stubbs, P.A.**
                                              505 South Flagler Drive
                                              Suite 1100
                                              West Palm Beach, FL 33401

                                              **ATTORNEYS FOR PLAINTIFF**
                                              **AATRIX SOFTWARE, INC.**

**OF COUNSEL:**

John B. Lunseth (Minn. #65341)
BRIGGS AND MORGAN, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
Telephone: (612) 977-8400
Facsimile: (612) 977-8659
jlunseth@briggs.com