**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Aatrix Software, Inc.,

    Plaintiff,

Case No. 3:15-cv-00164-HES-MCR

v.

Green Shades Software, Inc.,

    Defendant.

_____/

**PLAINTIFF'S MOTION TO SET STATUS CONFERENCES AND MEMORANDUM OF LEGAL AUTHORITY**

Plaintiff Aatrix Software, Inc., by and through its counsel, moves the Court to set a status conference, and as grounds therefor states the following:

1. In order to adequately prepare this matter for trial on the merits, the parties have held numerous telephonic status conferences. See Dkt's. 49-50.

2. There is presently pending before this Court a Motion to Compel by Plaintiff addressing Defendant's failure to produce any documents in response to Plaintiff's Requests for Production of Documents served on Sept. 4, 2015, and refusal to produce any customer identifying information absent a Motion to Compel.

3. A large number of discovery issues and disagreements exist between the parties, and absent the assistance and guidance from the Court, Plaintiff is concerned that the parties will not meet the discovery deadline of August 3, 2015. In fact, Defendant's counsel has already suggested that more time may be needed.

4. Regrettably, the relationship between counsel has substantially deteriorated.

5. Plaintiff believes that in light of the various discovery issues between the parties, the pending Motion before the Court and further Motions Plaintiff may need to make

to Compel or to Limit Discovery, and the need for guidance from the Court with respect to adhering to the Scheduling Order and allowing the parties to cooperatively and orderly conduct discovery and move this case forward, one or more status conferences are in order.

6. Production of documents is at a standstill, as indicated in the Motion to Compel filed by Plaintiff. The parties must yet discuss claim term interpretations, file claim interpretation briefs, and arrange a *Markman* hearing before the Court. No depositions have been taken, nor has any expert discovery been conducted. Expert discovery is particularly important in this case, not simply because of the nature of the case, but because the Protective Order and the designation of documents and information being produced by the parties as Confidential, precludes the employees of the opposing party to most of the documents and information being produced by the other side, including most of the information relevant to damages and infringement. Thus, most of the work of analyzing the documents for such things as infringement and damages, must necessarily be done by experts.

7. Plaintiff believes that the intervention and guidance of the Court, and periodic monitoring of compliance with discovery, may eliminate the need for multiple discovery Motions, move discovery forward in an orderly manner, and allow for the completion of discovery in a timely manner.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

1. That this Court set a Discovery Status Conference at the Court's earliest convenience.

2.That the parties be required to provide, at least five (5) days prior to the conference, a list of the discovery issues that have arisen and/or need to be completed, with a plan for timely completion.

3.That at the status conference or shortly after the status conference the Court should issue its guidance and direction concerning completion of discovery, and should consider setting one or two additional status conferences at 30 day intervals to monitor compliance.

4.An Order of the Court in *Southeastern Mechanical Services, Inc. v. Brody*, Case No.: 8:08-CV-1151-T-30EAJ, Middle District of Florida, Tampa Division, is attached hereto Exhibit A as a suggested model for the subsequent status conferences.

I.**LEGAL AUTHORITY.**

Rule 16, Federal Rules of Civil Procedure, expressly provides authority for the setting of status or pretrial conferences:

> (a)Purposes of a Pretrial Conference.  In any action the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as:
> (1) expediting disposition of the action;
> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
> (3)  discouraging wasteful pretrial activities;
> \*\*\*\*

Dated:  January 29, 2016**BRIGGS AND MORGAN, P.A.**

By:  /s/ John B. Lunseth II
John B. Lunseth, Trial Counsel
(MN Bar No. 65341)
80 South Eighth Street
2200 IDS Center
Minneapolis, Minnesota 55402
(612) 977-8484

        (612) 977-8650 fax
jlunseth@briggs.com

Joanne M. O'Connor
Jones, Foster, Johnston & Stubbs, PA
505 S Flagler Dr – Suite 1100
PO Box 3475
West Palm Beach, FL 33402-3475
joconnor@jones-foster.com

**ATTORNEYS FOR AATRIX SOFTWARE, INC.**