# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Aatrix Software, Inc.,

    Plaintiff,

v.

    Case No. 3:15-cv-00164-HES-MCR

Green Shades Software, Inc.,

    Defendant.

_____/

### DECLARATION OF H. TIMOTHY GILLIS IN OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS

I, H. Timothy Gillis, declare as follows:

1. I am counsel for the Defendant in this action, Green Shades Software, Inc. ("Greenshades") and have personal knowledge of the facts alleged herein.

2. While attempting to respond to written discovery in this matter, I have worked with two different computer forensic experts to collet forensic images from my client and process and convert such images to usable data to be loaded into a review platform.

3. My forensic computer experts have both indicated that the processing of the data has taken longer than expected, but told me that there were over 11 million files being processed on only one of the three drives that was being processed. This is in addition to additional documents that my client has sent me directly.

4. On November 20, 2015, I was involved in a telephone call with counsel for Plaintiff wherein we discussed, for the first time, his concerns with a PDF file that was produced providing significant financial, cost and profit information of my client regarding

the Products-at-Issue in this matter. The file, as produced in October, was almost 1800 pages long. On November 20th, Mr. Lunseth asked for a native file but then said that he did not want documents sent to him piecemeal. We eventually agreed to supplement responses to interrogatories by January 14th, and along with that supplement, we sent the native file.

5. I have also assisted in logistics in production of my client's source code for its Products-at-Issue. I told Mr. Lunseth that the source code would be available on December 1st originally. Thereafter, I had to let him know that it would be delayed by a week or so because of logistics in getting the review computer. Thereafter, I did not hear from Mr. Lunseth with dates that his experts were available until January. On January 11th, when I talked to Mr. Lunseth, I told him that the source code had been ready and available in my law offices and we were awaiting his word on when his experts were coming to conduct their review. Plaintiff's experts have been reviewing the source code in my offices on an ongoing basis since Wednesday, January 13, 2016.

6. I reviewed Mr. Lunseth's allegation that I advised him that "Greenshades had changed its software to avoid infringement." I never made that comment. I did advise Mr. Lunseth that Greenshades continually changes its software and that their most recent update was made so that no reasonable person could possibly argue that the user interface resembled an official IRS Form 940 or 941.

7. In further conversations with Mr. Lunseth, I was honest with him in my assessments and always said that I would hope to be in a position to produce documents on certain dates. I never promised production beginning the week of December 14th as Mr.

Lunseth suggests. I recall attempting to be in a position to get documents out around that date, but I was unable to do so.

8. Mr. Lunseth has made it clear to me that he did not want us to produce documents in a piecemeal fashion. Therefore, in accordance with those wishes, I waited to produce certain financial documents until I could at least send him at least all of the documents on certain related topics. On February 5, 2016, I sent Mr. Lunseth almost 150,000 pages of documents via a thumb drive. That information includes financial information, marketing materials, reseller agreements, product release dates and files, price lists, market research and system requirements for the Products-at-Issue.

9. I affirm under penalty of perjury that the foregoing is true and correct.

Dated this 8th day of February, 2016.

_____
H. Timothy Gillis