UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Aatrix Software, Inc.,

    Plaintiff,

v.

                                    Case No. 3:15-cv-00164-HES-MCR

Green Shades Software, Inc.,

    Defendant.
_____/

## DEFENDANT GREEN SHADES SOFTWARE, INC.'S RESPONSE TO PLAINTIFF'S MOITON TO SET STATUS CONFERENCES

Defendant, Green Shades Software, Inc. ("Greenshades"), hereby responds to Plaintiff's Motion to Set Status Conferences (the "Motion") (Doc. 52) as follows. While Greenshades does not oppose the relief requested, it does disagree with the reasons set out by Plaintiff, and sets out the following information to provide context to this Court as to why a discovery conference may assist the management of this case.

Even prior to the filing of this lawsuit, Greenshades has made clear to Plaintiff that it 1) does not believe that Plaintiff's Patents-in-Suit are enforceable, and 2) even if the Patents-in-Suit are enforceable, the Products-at-Issue identified by Plaintiff do not infringe. Thereafter, Greenshades filed its Motion to Dismiss and the parties began discovery efforts.

Initially, the Parties began working together to set out a general schedule to work through identification of terms and claims-construction efforts cooperatively. The Parties also exchanged initial written discovery requests. Because of the significant efforts that would be required for Greenshades to respond to written discovery requests, shortly after receiving the discovery requests, Greenshades informed Plaintiff that it would need a thirty (30) day extension due to the

1

logistics of reviewing servers and several terabytes of data. In response, Plaintiff's counsel responded that it was fine with the extension, and that "we would like similar extensions for Aatrix." Taking what was said at face value, Greenshades agreed that if Plaintiff had similar issues of needing to search numerous databases or had other reasonable reasons for a need for an extension, Greenshades would accommodate such requests[1].

Unfortunately, as Plaintiff states in this instant Motion, the relationship between counsel has, regrettably, deteriorated even further. Shortly after agreeing to work together to address discovery concerns, Plaintiff responded to Greenshades's Motion to Dismiss and included improper declarations, attempting to add to its Amended Complaint and filed declarations of counsel which "recounted" almost every conversation between counsel, but in a very one-sided fashion which, Greenshades contends, inaccurately depicts the actual conversations. Additionally, in response to the Motion to Dismiss and in other documents filed with the Court, counsel for Plaintiff attached nearly every email between counsel to a declaration by Plaintiff's counsel, taking comments out of context and generally trying to make it look as if it was Greenshades that was not cooperating. This has continued to occur culminating, most recently, in a declaration that counsel for Plaintiff filed along with its Motion to Compel, which attached seven separate emails or letters between counsel[2].

When Greenshades's counsel began working toward narrowing terms for claims construction, things got even worse. Starting with an attempt to discuss claims construction, counsel for Plaintiff asserted that it cannot construe the claims of its own Patents because it could

---

[1] Unfortunately, this agreement for "similar extensions" has now been asserted by Plaintiff to mean that it does not have to respond to discovery until thirty (30) days after Greenshades fully responds to its discovery. This was never the agreement.

[2] While some of the disagreements are addressed in Greenshades's Response to Plaintiff's Motion to Compel (Dkt.54), there are additional misstatements and undeserved implications included amongst several of the documents filed with this Court by Plaintiff.

not make a determination as to what claims were relevant without first reviewing Greenshades's sourcecode. In other words, Plaintiff could not even figure out what its own lawsuit was about until it looked at discovery from Greenshades. This message has been repeated. For example, Plaintiff has stated that it cannot even state a single basis for its claims for damages (only the <u>bases</u> for damages were requested, not a calculation of actual damages) until it reviews information from Greenshades. Additionally, while counsel for Greenshades has made a good faith attempt to identify terms at issue, the response from Plaintiff has been that it cannot respond until it reviews Greenshades's sourcecode.

Further, in response to discovery directed at Plaintiff, Plaintiff has now served responses and set forth comments that thumb its nose at its obligations under Rule 26. For example, Plaintiff has "put its foot down," insisting that it will not produce any documents of any kind until thirty (30) days after Greenshades completes its production of documents despite the fact that such documents are apparently available[3]. As another example of obstreperous behavior, Plaintiff asserted certain objections to discovery while, in the very same response, stating that it does not believe that the objections are defensible[4].

It is in this context that Greenshades responds to Plaintiff's Motion requesting status conferences to be set in this matter. As set out above, while Greenshades disagrees with Plaintiff's

---

[3] While Greenshades has yet to file its own Motion to Compel, this issue, among others, have been the subject of letters back and forth between counsel regarding a Motion to Compel which is, unfortunately, likely forthcoming. Instead of filing its Motion to Compel immediately, Greenshades has been attempting, pursuant to the new mandates in Rule 26 and the tone of the admonitions given by Chief Justice Roberts, to consider proportionality and do what it can to resolve discovery issues. However, given heightened concerns that each and every email drafted by counsel for Greenshades will only be attached to a new declaration by Plaintiff's counsel and each and every conversation will only be recounted in a one-sided manner in such declaration, Greenshades's efforts have become harder to appropriately address.

[4] This issue will also be addressed in a forthcoming Motion to Compel should the issues not be resolved. This is only addressed here to provide context for Plaintiff's current Motion, not to directly address discovery deficiencies through this Response.

reasons set forth in its Motion, it agrees that a discovery conference may be beneficial to the administration of this lawsuit.

Dated:  February 16, 2016

/s/ H. Timothy Gillis
Ethan A. Way, Trial Counsel
Florida Bar No. 148199
H. Timothy Gillis, Trial Counsel
Florida Bar No. 133876
Nancy A. Johnson
Florida Bar No. 0597562
Gillis Way & Campbell, LLP
1022 Park Street, Suite 308
Jacksonville, Florida 32204
Phone: (904) 647-6476
Fax:  (904) 738-8640
eway@gillisway.com
tgillis@gillisway.com
njohnson@gillisway.com

*Attorneys for Defendant Green Shades Software, Inc.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on February 16, 2016, the foregoing was filed with this Court via CM/ECF and thus, will be served electronically the following counsel of record:

John B. Lunseth
Briggs and Morgan, P.A.
80 South Eighth Street
2200 IDS Center
Minneapolis, MN 55402-2157
jlunseth@briggs.com
*Attorneys for Plaintiff Aatrix Software, Inc.*

Joanne M. O'Connor
Jones, Foster, Johnston & Stubbs, PA
505 S Flagler Dr - Suite 1100
PO Box 3475
West Palm Beach, FL 33402-3475
joconnor@jones-foster.com
*Attorneys for Plaintiff Aatrix Software, Inc.*

                                                    /s/ H. Timothy Gillis
                                                    H. Timothy Gillis