**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

Aatrix Software, Inc.,

      Plaintiff,                                         Case No. 3:15-cv-00164-HES-MCR

v.

Green Shades Software, Inc.,

      Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL**

Defendant, Green Shades Software, Inc. ("**Greenshades**"), hereby opposes Plaintiff's motion requesting to file a reply brief relating to Plaintiff's Motion to Compel Production of Documents (Dkt. 55) ("**Motion to Compel**").

Plaintiff proffers three reasons for requesting to file a reply brief in support of its twenty-four (24) page Motion to Compel (not including pages in its attachments).  None of Plaintiff's proffered reasons are such that additional useful information would be provided to the Court in considering the Motion to Compel and, thus, the Motion should be denied.

    **1. Proffering Additional Evidence Suggested by Plaintiff Will Not Assist this Court in Considering the Motion to Compel**

First, Plaintiff wishes to present to this Court some "evidence" that Greenshades "withheld" source code "for months;" suggests that Plaintiff produced its source code "under conditions imposed by Defendant for no purpose other than to inflict cost and delay" (despite the fact that the conditions were those agreed to and many of which were suggested by <u>Plaintiff</u> when drafting the Protective Order in this matter); and present

"evidence" consisting of an "online advertising video" which Plaintiff suggests will contradict Greenshades's position in this case that it does not use a "viewable form" in its allegedly infringing software. Unfortunately, these statements only serve to additionally falsely vilify Greenshades and its counsel and none of this is helpful to the instant Motion. None of this is relevant to Plaintiff's Motion to Compel.

As to the source code, as set out in Greenshades' Response to the Motion to Compel, Greenshades absolutely did not withhold anything without cause, and counsel for Plaintiff is well aware of this. Instead, as set out in his detailed affidavits about conversations amongst counsel, Mr. Lunseth continually asked that documents not be produced piecemeal except, in November, he asked that the source code production be accelerated. Counsel for Greenshades told Mr. Lunseth that the source code would be available on December 1st. Just prior to December 1st, counsel for Greenshades told Mr. Lunseth technical issues with the computer needed to access the source code in the manner provided for in the Protective Order would delay its availability for review and asked to delay the review for a week or two. Thereafter, Mr. Lunseth never followed up again until an email was sent on January 8th demanding that it be produced immediately. Per previous conversations, it had been available since mid-December and Greenshades counsel was merely awaiting Plaintiff's counsel to make arrangements pursuant to the Protective Order. Even if this "delay" (which in a light most favorable to Mr. Lunseth constitutes a misunderstanding of counsel) were accurate, it has no bearing on the issues in the Motion to Compel.

Next, the "conditions" of production of the source code were those that were suggested by Plaintiff's counsel when negotiating the terms of the Protective Order

ultimately entered in this case. Plaintiff's attempt to now use this against Greenshades and to suggest either that the conditions were imposed by Greenshades or that they were imposed only to inflict cost and delay is reprehensible. Regardless, again, this has nothing to do with the issues in the Motion to Compel. Instead, this is just another example of Plaintiff's counsel trying to cast aspersions on Greenshades or its counsel to divert attention from what is at issue – whether Greenshades should be required to produce sensitive confidential customer information when Plaintiff has announced its intention of contacting those customers and, in undertaking a proportionality assessment, the need for such information is minimal.

Further, Plaintiff wholly misrepresents Greenshades's response to the Motion to Compel in suggesting that an online video is relevant here. Greeshades's opposition to the Motion to Compel is not "premised on the contention that '[Greenshades's] software does not infringe'" as suggested. Instead, in an introductory section setting out the parties' alternative positions, Greenshades had merely pointed out its contentions of noninfringement. Plaintiff's position is also pointed out. A plain reading of Greenshades's Response reveals that the contentions of the parties are not used to justify any need for or reason to compel discovery. And Greenshades never suggests that its positions that the Patents are not enforceable or that its products do not infringe justify any objection.

Instead, what Plaintiff still apparently fails to grasp is the fact that a very fundamental issue in this case, if the Patents are enforceable, will be the definition of a "viewable form." In a nutshell, Plaintiff took a narrow view of the term "viewable form" in order to finally get its Patents approved by the USPO after eight years of trying, but now

is trying to take an extremely broad view of that term in order to allege infringement[1]. Regardless, this is a claims construction issue and wholly fails to provide valuable information relevant to the issue at hand – discovery of business sensitive information of Greenshades.

### 2. Providing Additional Argument that Could Have Been Previously Cited Does Not Require a Reply

Plaintiff next argues that it should be allowed to present legal argument in opposition to an alleged request by Greenshades for "Orders from the Court." Plaintiff suggests that two of Greenshades's comments in its Response are really motions in and of themselves and, therefore, Plaintiff should have an opportunity to respond. The first alleged "request" that Plaintiff complains of is simply Greenshades's request that the court deny Plaintiff's request in the Motion to Compel that customer identifying information be produced. There is no need for Plaintiff to present further case law on this point.

The second "request" of Greenshades is a comment made in a footnote stating that should this Court conclude that customer information is relevant and should be produced under Federal Rule 26 standards, such production should be delayed until the consideration of the outstanding Motion to Dismiss. This is simply an additional protection that Greenshades suggests could be appropriate in considering the proportionality of the business harm that would be done if Greenshades's customer information were provided to Plaintiff.

---

[1] This is illustrated by Plaintiff' preposterous position that it could not participate in claim construction and tell Greenshades what their own Patents covered until after it had the opportunity to review Greenshades's source code.

4

Further, Plaintiff does not suggest that it wishes to present case law that was not in effect at the time its Motion was written, but simply states that it did not anticipate this alternate suggestion to the Court. Again, Plaintiff could have presented this to the Court initially but failed to, and there is no need to provide additional argument on the point.

### 3. Plaintiff's Repeated Suggestions that There are "Flaws in Defendant's Narrative" Do Not Require a Reply

Last, in a twist of irony, Plaintiff suggests that "Defendant's narrative lacks candor." Yet in its Motion to Compel, Plaintiff provided this Court an affidavit of counsel attaching practically every email between counsel arguing and suggesting that Greenshades's counsel has broken promises, failed to meet deadlines and generally acted in an obstructionist way. Because of these outrageous suggestions, Greenshades had to set the record straight and spent much of its response to the Motion to Compel attempting to do that. Now, Plaintiff is looking for another opportunity to quibble over immaterial facts and twist them in a way to suit its purpose[2].

Plaintiff then states simply that it "wishes" to respond. However, regardless of whether it is Plaintiff or Greenshades that "lacks candor," this is an improper reason to allow a Reply brief in this district. *See Vought v. Carlson Enterprises, LLC et. al.*, Case No. 3:15-cv-1415-J-20PDB (J. Schlesinger) (M.D. Fla. Feb. 24, 2016) (Exhibit A.)

---

[2] For example, Plaintiff complains that "[Greenshades] fails to advise the Court that the '150,000 pages' were delivered to Plaintiff's counsel's office at 6:46 a.m. Central Time, Monday, Feb. 8, just 12 hours before Defendant's Memorandum was filed, making Defendant's present tense statement that 'it has produced' data barely true." The not-so-subtle implication of Plaintiff is that service of those documents on February 5th (when sent by Greenshades) was done only to be able to make such a representation to this Court before filing its response. However, such suggestion is offensive and not supported by any evidence other than counsel's speculation and innuendo. There was no attempt to and no need to hide the fact that the data was transmitted on February 5th. Instead, February 5th happened to be the date that such data was available to be sent after being uploaded, downloaded, reviewed, redacted, bates stamped, uploaded again, copied and sent to Greenshades's counsel from its vendor.

5

**Conclusion**

Because Plaintiff has failed to establish a good reason that a reply brief should be allowed with respect to Plaintiff's Motion to Compel, this Court should deny Plaintiff's request.

Dated:  February 25, 2016                              /s/ H. Timothy Gillis
                                                                            Ethan A. Way, Trial Counsel
                                                                            Florida Bar No. 148199
                                                                            H. Timothy Gillis, Trial Counsel
                                                                            Florida Bar No. 133876
                                                                            Nancy A. Johnson, Trial Counsel
                                                                            Florida Bar No. 0597562
                                                                            Gillis Way & Campbell
                                                                            1022 Park Street, Suite 308
                                                                            Jacksonville, Florida 32204
                                                                            Phone: (904) 647-6476
                                                                            Fax:  (904) 738-8640
                                                                            eway@gillisway.com
                                                                            tgillis@gillisway.com
                                                                            njohnson@gillisway.com
                                                                            *Attorneys for Green Shades Software, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 25, 2016, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System which will send a notice of electronic filing to the following:

| | |
|---|---|
| John B. Lunseth | Joanne M. O'Connor |
| Briggs and Morgan, P.A. | Jones, Foster, Johnston & Stubbs, PA |
| 80 South Eighth Street | 505 S Flagler Dr - Suite 1100 |
| 2200 IDS Center | PO Box 3475 |
| Minneapolis, MN 55402-2157 | West Palm Beach, FL 33402-3475 |
| jlunseth@briggs.com | joconnor@jones-foster.com |
| *Attorneys for Plaintiff Aatrix Software, Inc.* | *Attorneys for Plaintiff Aatrix Software, Inc.* |

/s/ H. Timothy Gillis
H. Timothy Gillis