**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Aatrix Software, Inc.,

      Plaintiff,                                    Case No. 3:15-cv-00164-HES-MCR

v.

Green Shades Software, Inc.,

      Defendant.
_____/

**DEFENDANT'S MOTION TO TAX COSTS**
**AND MEMORANDUM IN SUPPORT**

Defendant, Green Shades Software, Inc. ("**Greenshades**"), pursuant to Fed. R. Civ. P. 54(d) and Local Rule 4.18 of this Court, hereby files this Motion to Tax Costs and Memorandum in Support. This Motion is supported by the attached Bill of Costs, which is filed and served concurrently herewith. In support thereof, Greenshades states:

1. On February 13, 2015, Plaintiff, Aatrix Software, Inc. initiated this action by filing its Complaint against Greenshades (D.E. 1).

2. On May 15, 2015, Plaintiff filed its Amended Complaint and Demand for Jury Trial (the "**Amended Complaint**") against Greenshades (D.E. 7).

3. Greenshades was served with the Amended Complaint on May 22, 2015 (D.E. 9).

4. On July 15, 2015, Greenshades filed its Dispositive Motion to Dismiss Amended Complaint under 25 U.S.C. § 101 (D.E. 20) (the "**Motion to Dismiss**").

5. On August 12, 2015, Plaintiff filed its Memorandum in Opposition to the Motion to Dismiss (D.E. 25).

6. This Court held a hearing on the Motion to Dismiss on October 21, 2015 (D.E. 47).

7. On March 30, 2016, this Court entered its Order granting the Motion to Dismiss, dismissing this case with prejudice (D.E. 59).

8. As the prevailing party, Greenshades is entitled to costs as a matter of course under Rule 54(d)(1) of the Federal Rules of Civil Procedure ("**FRCP**").

9. Attached, as **Exhibit 1**, is the Bill of Costs, which includes costs that are allowed by law under 28 U.S.C. § 1920.

10. The costs listed in **Exhibit 1** are correctly stated, were actually and necessarily incurred, and were paid, or the obligation to pay the costs was incurred. *See* **Exhibit 2**, Affidavit of H. Timothy Gillis in Support of Greenshades' Bill of Costs.

11. The undersigned certifies, in accordance with Local Rule 3.01(g) of this Court, that he has conferred with opposing counsel and has been advised that Plaintiff opposes this motion.

12. Pursuant to the Order granting the Motion to Dismiss, Greenshades asks the Clerk to enter the attached Bill of Costs, and asks the Court to enter a judgment in favor of Greenshades for the costs detailed in Greenshades' Bill of Costs filed with the Court.

WHEREFORE, Greenshades respectfully requests this Court to enter an Order awarding Greenshades' costs as described in the attached Bill of Costs totaling $457.78.

**MEMORANDUM OF LAW**

The award of costs is a "normal incident of defeat." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). Pursuant to FRCP 54(d), costs "shall be allowed as of course to the prevailing party." *Teague v. Bakker*, 35 F.3d 978, 995-96 (4th Cir. 1994). "Indeed, the rule gives rise to a presumption in favor of an award of costs to the prevailing party." *Id.* at 996; *Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 910 (M.D. Fla. 1989), aff'd 914 F.2d 267 (11th Cir. 1990); *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999); *Breitenbach v. Neiman Marcus Group, Inc.*, 181 F.R.D. 544, 546 (N.D. Ga. 1998); *Cofield v. Crumpler*, 179 F.R.D. 510, 514 (E.D. Va. 1998). The burden is on the losing party to show the impropriety of such an award. *See, e.g.*, *Cofield*, 179 F.R.D. at 514. The costs allowed under Rule 54(d) are those items specifically set forth in 28 U.S.C. § 1920[1], or some other explicit statutory or contractual authorization. *See*, *e.g.*, *Desisto College*, 718 F. Supp. at 911.

Greenshades requests taxation of costs under 28 U.S.C. § 1920(4) for costs incident to copies made for purposes of discovery. *See*, *W&O, Inc.*, 213 F.3d at 623 ("'copies attributable to discovery' are a category of copies recoverable under §1920(4)"), *quoting Desisto College*, 718 F. Supp. at 913; *Blevins*, 184 F.R.D. at 668 ("copies attributable to

---

[1] Those costs which may be taxed are listed in 28 U.S.C. § 1920, as follows:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under § 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and cost of special interpretation services under § 1828 of this title.

3

discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits and documents prepared for the Court's consideration are recoverable"); *see also*, *Corsair Asset Management, Inc. v. Moskovitz*, 142 F.R.D. 347, 353 (N.D. Ga. 1992); *Board of Directors, Water's Edge v. Anden Group*, 135 F.R.D. 129, 135 (E.D. Va. 1991).

28 U.S.C. § 1920 provides, *inter alia*, that costs may be taxed for exemplification and copies of papers necessarily obtained for use in the case. 28 U.S.C. § 1920(4). Photocopy expenses are recoverable under this section to the extent that the copies were furnished to the court or opposing counsel. *See Maricus W. v. Lanett City Bd. of Educ.*, 142 F. Supp. 2d 1327 (M.D. Ala. 2001) (the statute's definition of "papers" is broad; copying costs are compensable if the copies were made for purposes other than the law firm's mere convenience). *O'Bryhim v. Reliance Std. Life Ins. Co.*, 997 F. Supp. 728, 737 (E.D. Va. 1998), aff'd, 188 F.3d 502 (4th Cir. 1999). Notably, Greenshades is not seeking copies of pleadings that were made for convenience. Rather, Greenshades is only seeking reimbursement for the costs of copying associated with the cost of complying with its discovery obligations in this case.

Attached hereto is Greenshades' Bill of Costs, verified by the affidavit of H. Timothy Gillis. The Bill of Costs sets forth an itemized accounting of the copy costs incurred by Greenshades. The Bill of Costs clearly shows that the costs for copy expenses were incurred by Greenshades for documents that were produced to Plaintiff in compliance with its discovery obligations. This documentation included with the Bill of Costs adequately demonstrates that these costs were necessarily incurred in this case, and that the

above-cited legal standards regarding recovery of such costs have been satisfied. Accordingly, Greenshades submits that copy costs of $457.78 may be taxed against the Plaintiff.

## CONCLUSION

Based on the foregoing, Greenshades respectfully requests this Court to enter an Order awarding Greenshades' costs as described above and in the attached Bill of Costs totaling $457.78.

Dated:  April 13, 2016              /s/ H. Timothy Gillis
                                    H. Timothy Gillis, Trial Counsel
                                    Florida Bar No. 133876
                                    Ethan A. Way, Trial Counsel
                                    Florida Bar No. 148199
                                    Nancy A. Johnson, Trial Counsel
                                    Florida Bar No. 0597562
                                    Gillis Way & Campbell
                                    1022 Park Street, Suite 308
                                    Jacksonville, Florida 32204
                                    Phone: (904) 647-6476
                                    Fax:  (904) 738-8640
                                    eway@gillisway.com
                                    tgillis@gillisway.com
                                    njohnson@gillisway.com

                                    *Attorneys for Green Shades Software, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 13, 2016, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System which will send a notice of electronic filing to the following:

| | |
|---|---|
| John B. Lunseth | Joanne M. O'Connor |
| Briggs and Morgan, P.A. | Jones, Foster, Johnston & Stubbs, PA |
| 80 South Eighth Street | 505 S Flagler Dr - Suite 1100 |
| 2200 IDS Center | PO Box 3475 |
| Minneapolis, MN 55402-2157 | West Palm Beach, FL 33402-3475 |
| jlunseth@briggs.com | joconnor@jones-foster.com |
| *Attorneys for Plaintiff Aatrix Software, Inc.* | *Attorneys for Plaintiff Aatrix Software, Inc.* |

/s/ H. Timothy Gillis
H. Timothy Gillis