UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Civil Action No. 3:15-cv-00164-HES-MCR

| | |
|---|---|
| Aatrix Software, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Green Shades Software, Inc. <br><br> Defendant. | |

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT**

Plaintiff, Aatrix Software, Inc., by and through undersigned counsel and pursuant to Federal Rule Civil Procedure 58(b), moves this Court for entry of a Final Judgment, and in support states:

1. On March 30, 2016, this Court entered an Order granting Defendant's Motion to Dismiss Amended Complaint [DE59]. Defendant had moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [DE 20].

2. On November 17, 2016, this Court entered an Order denying Plaintiff's Motion to Modify and Vacate Judgment, Motion for Reconsideration; and Motion for Leave to File Second Amended Complaint [DE67].

3. Also on November 17, 2016, the Court granted in part and denied in part Defendant's Motion to Tax Costs [DE 60] and awarded Defendant costs in the amount of awarded taxable costs against Plaintiff and in favor of Defendant in the amount of $377.78

4.      Federal Rule of Civil Procedure 58 requires that "[e]very judgment and amended judgment must be set forth on a separate document" absent certain excepted motions not including motions brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 58(a).

5.      The separate document requirement is "designed to eliminate the confusion that previously arose regarding whether a particular order was a final judgment triggering the limitations period for appeal." FOGADE v. ENB Revocable Trust, 263 F.3d 1274, 1286 (11th Cir. 2001) (internal quotations and citation omitted). The Rule achieves this goal by making clear that the time to appeal does not begin to run until a separate judgment is entered. See id. (holding order dismissing on forum grounds never entered as separate judgment did not begin the time to file a notice of appeal). *See also Reynolds v. Golden Corral Corp.*, 213 F.3d 1344, 1346 (11th Cir. 2000) ("Cases from both the Supreme Court and the circuit courts of appeal make it clear that the time to file a notice of appeal does not begin to run until a separate judgment is entered pursuant to Rule 58.").

6.      No final judgment has been entered further to the Court's order granting Defendant's motion to dismiss.

7.      Because the Court's March 30, 2016 Order of dismissal "denie[d] all relief" to Plaintiff by its March 30, 2016, Federal Rule 58(b)(1) directs that "the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment."

8.      Undersigned counsel contacted the Clerk of Court, who advised Plaintiff to file this motion.

9.      Accordingly, Defendants request that this Court issue a separate final judgment. A proposed Final Judgment is attached hereto as Exhibit A.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that Plaintiffs have conferred with opposing counsel who has advised that Defendant does not oppose this motion or the form of the Final Judgment attached hereto.

WHEREFORE, Plaintiff, Aatrix Software, Inc., respectfully requests that the Court enter the proposed Final Judgment attached as Exhibit A.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 30, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either by transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By /s/ Joanne M. O'Connor
Joanne M. O'Connor
(Fla. Bar No. 0498807)
**Jones Foster Johnston & Stubbs, P.A.**
505 South Flagler Drive
Suite 1100
West Palm Beach, FL 33401
Telephone: (561) 659-3000
Facsimile: (561) 650-5300
joconnor@jonesfoster.com

**ATTORNEYS FOR PLAINTIFF AATRIX SOFTWARE, INC.**

**OF COUNSEL:**

John B. Lunseth (Minn. #65341)
BRIGGS AND MORGAN, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
Telephone: (612) 977-8400
Facsimile:  (612) 977-8659
jlunseth@briggs.com

**AATRIX SOFTWARE v GREEN SHADES SOFTWARE**
**CIVIL ACTION NO. 3:15-cv-00164-HES-MCR**
**SERVICE LIST**

H. Timothy Gillis, Esquire
Florida Bar No. 133876
Ethan A. Way, Esquire
Florida Bar No. 148199
Nancy A. Johnson, Esquire
Florida Bar No. 0597562
GILLIS WAY & CAMPBELL, LLP
1022 Park Street, Suite 308
Jacksonville, Florida 32204
Phone: (904) 647-6476
Fax: (904) 738-8640
eway@gillisway.com
tgillis@gillisway.com
njohnson@gillisway.com
*Attorney for Defendant*

John B. Lunseth
Minnesota Bar No.  65341
BRIGGS AND MORGAN, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
Telephone: (612) 977-8400
Facsimile:  (612) 977-8659
jlunseth@briggs.com
*Attorney for Plaintiff*

Joanne M. O'Connor, Esquire
Florida Bar No. 0498807
JONES FOSTER JOHNSTON & STUBBS, P.A.
505 South Flagler Drive
Suite 1100
West Palm Beach, FL 33401
Telephone: (561) 659-3000
Facsimile:  (561) 650-5300
joconnor@jonesfoster.com
*Attorneys for Plaintiff*

P:\DOCS\27975\00001\PLD\1R11002.DOC