UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AATRIX SOFTWARE, INC.,

    Plaintiff,

v.                                        CASE NO. 3:15-cv-164-J-20MCR

GREEN SHADES SOFTWARE, INC.,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (the "Motion") (Doc. 49), Defendant's response in opposition thereto (Doc. 54), and Plaintiff's reply (Doc. 93). For the reasons stated herein, the Motion is due to be **GRANTED in part** and **DENIED in part** for the reasons stated below.

**I.    Background**

Plaintiff and Defendant are competitors in the business of creating and providing computerized forms used to complete and/or file tax returns and reports with governmental agencies. (Doc. 62 at 3.) Plaintiff contends that Defendant has infringed (and continues to infringe) on two patents owned by Plaintiff related to its software used to create and/or file the tax returns and reports. With respect to the alleged infringing products, Plaintiff describes:

> The products at issue in this lawsuit are the Greenshades Tax Filing Center ("TFC"), which is the product name for an installed software product made, offered for sale, and sold or licensed by Defendant Green Shades, and the Greenshades Payroll Tax Service ("PTS"),

> which is the product name for software accessed and used over the Internet, and which is also made, offered for sale, and sold or licensed by Defendant Green Shades.  Both products are installed and operated on computer systems by Green Shades and others, including partners and customers of Green Shades.  Defendant Green Shades may also make, use, sell, license, or offer for sale or license other products not yet discovered or examined by or on behalf of Plaintiff Aatrix.

(*Id*. at 2.)  Plaintiff represents the following with respect to its claim for damages based on the alleged infringement.

> This is a significant case.  Based on publicly available information[,] Plaintiff believed at the beginning of this case that the damages were in excess of $4,875,000 and so stated in its Initial Disclosures . . . In light of [new] information, Plaintiff now believes that damages are in excess of $20 million, excluding interest.  A claim for lost profits takes Defendant's revenues and applies Plaintiff's profits to determine what Plaintiff would have made but for infringing sales.  A claim for a reasonable royalty [] takes Defendant's sales and applies a royalty rate.  All of the information concerning Defendant's sales, as well as information relevant to the damages theories available to compensate Plaintiff are within the control of the Defendant.

(Doc. 49 at 11.)

On September 4, 2015, Plaintiff served its initial interrogatories and request for production on Defendant.  Interrogatory number 10 states as follows:

> Separately, for each version of each Product-at-Issue, identify each and every person or company who purchased, licensed, or used the Product-at-Issue during the relevant period, the date such person or company first acquired the Product-at-Issue and set forth the substance of any discussions with each person or company regarding the Aatrix Patents, either or both of them and any indemnification offered by [D]efendant.

(Doc. 49 at 12.)  Initial request for production numbers 22 and 24-26 state as

follows:

> Request No. 22.  All documents that relate to any offer for sale or sales-related proposal for any version of any Product-at-Issue during the relevant time period, including without limitation competitive bids, requests for proposal, or requests for information to any potential or actual customer, and including documents showing identity of such customers and the details of the offer or proposal.
>
> Request No. 24.  Documents reflecting actual sales units, revenues and average selling price of each Product-at-Issue by customer for each year during the relevant time period.
>
> Request No. 25.  Documents reflecting actual sales units, revenue and average selling price of each Product-at-Issue by geographic territory during the relevant time period.
>
> Request No. 26.  Documents reflecting actual sales units, revenue and average selling price and related costs for products and services sold in conjunction with Product-at-Issue during the relevant time period.

(*Id*. at 12-13.)

On October 30, 2015, Defendant served its answers to the initial interrogatories.  In response to Interrogatory No. 10, Defendant stated as follows:

> Greenshades objects to this interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and insofar as it seeks information subject to the attorney-client privilege and/or work product doctrine.  Additionally, Greenshades objects to this interrogatory as seeking valuable confidential business information which is not reasonably calculated to lead to the discovery of admissible evidence.  Last, Greenshades cannot possibly know or be expected to know of any discussion that ever occurred with any customer of Greenshades about Aatrix Patents.

(*Id*. at 12.)  On November 6, 2015, Defendant served its written responses and

objections to Plaintiff's initial request for production. Defendant objected to request number 22 "as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*) With respect to request number 25, Defendant objected "insofar as it seeks identification of its customers as that is not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*) With respect to request number 25, Defendant objected "insofar as it seeks information broken down by geographic territory as such request is unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence." (*Id.* at 13.) With respect to request number 26, Defendant objected "insofar as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*) In requests numbers 24-26, Defendant also pointed Plaintiff back to its answer to Interrogatory number 8, which contained an 1,800 page spreadsheet detailing sales and profit information without revealing any customer information. (Docs. 49 at 12-13 & n.10, 54 at 8.)

After Defendant served its answers and objections to Plaintiff's discovery requests, counsel for the parties engaged in communication regarding Defendant's alleged discovery deficiencies and lack of production of documents. (Doc. 49 at 5-6.) It appears that the parties at least partially resolved their differences in that Defendant eventually produced source code information, as well as 150,000 pages of documents to Plaintiff. (Docs. 49 at 6; 54 at 3, 6-7; 93

at 2-3.)  It is clear that more responsive information and documents exist (*see* Docs. 49 at 5 (stating that computerized searches returned a hit on 2.2 million documents), 54 at 6 (stating that Defendant "has offered to and [is] working toward production of all information that contains customer identifying information with redaction of such information in order to alleviate [its] concerns of misuse of such information")), but Defendant's position remains that it should not have to produce any customer identifying information to Plaintiff.  Defendant argues that its specific customer identifying information is not relevant to any of the issues in the case for purposes of discovery.  Specifically, Defendant "is concerned with Plaintiff's intention to directly contact or otherwise harass [its] customers and disrupt their business."  (Doc. 54 at 7.)

Plaintiff, on the other hand, contends that Defendant's customer identifying information is highly relevant with respect to its damages claims, including its recovery of lost profits or a reasonable royalty under the factors denoted in *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1977) and *Georgia-Pacific v. United States Plywood Corp.*, 318 F. Supp. 1116, 1119-20 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971).  For example, Plaintiff asserts that customer information is relevant to determine to whom sales were made or marketing activities were directed in order to analyze whether it may recover under "head-to-head" competition or price erosion damages theories.  (Doc. 49 at 15.)  Plaintiff also states that Defendant's

5

customer identifying information is relevant to determine the extent to which there has or may be direct competition for specific customers between the parties under the "potential or actual direct competition" theory of a reasonable royalty recovery. (*Id.*) Finally, Plaintiff argues that customer identifying information is relevant to show whether there is a lack of acceptable noninfringing substitutes, whether there is a demand for the product(s), and whether the product(s) can be apportioned. (*Id.* at 16-20.) Plaintiff urges the Court to grant the Motion; require within ten (10) days of the Court's Order a complete answer to Interrogatory number 10, including all customer and reseller identifying information without redactions; overrule the objections to request for production numbers 22 and 24-26, except that any attorney-client and/or work product information may be withheld; and to order Defendant to pay costs in the amount of $28,050.00. (*Id.* at 2.)

## II. Discussion

It is clear that the parties may obtain discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The rules "strongly favor full discovery whenever

possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1543, 1547 (11th Cir. 1985). "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." *United States v. Pepper's Steel & Alloys, Inc.* 132 F.R.D. 695, 698 (S.D. Fla. 1990) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *1 (M.D. Fla. Oct. 31, 2007) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)).

"A party objecting to a request for production must: (1) 'state with specificity the grounds for objecting to the request, including the reasons;' (2) 'state whether any responsive materials are being withheld on the basis of that objection;' and (3) '[a]n objection to part of a request must specify the part and permit inspection of the rest.'" *Local Access, LLC v. Peerless Network, Inc.*, No. 6:17-cv-236-Orl-40TBS, 2018 WL 2938393, at *2 (M.D. Fla. June 12, 2018) (quoting Fed. R. Civ. P. 34(b)(2)). "The rules leave no place for boilerplate style objections." *Id*. (citations omitted).

Upon consideration, the undersigned is persuaded by Plaintiff's argument, as set forth more specifically above, that Defendant's customer identifying

information is relevant to its claim for lost profits or a reasonable royalty. *Cf. Ultratech Int'l v. Swimways Corp.*, No. 3:05-cv-134-J-25MCR, 2009 WL 10671302, at *2 (M.D. Fla. May 26, 2009) (finding that the identity of the defendant's customers, the amount of the product sold by the defendant, and the price paid by each customer was relevant to the plaintiffs' claim for lost profits). While Defendant attempts to refute Plaintiff's relevancy argument, the cases it cited in support, *Chubb v. Integrated Sys. Ltd. v. Nat'l Bank of Wash.*, 103 F.R.D. 52, 57 (D.D.C. 1984) and *Murata Mfg. Co., Ltd. v. Bel Fuse Inc.*, No. 03 C 2934, 2004 WL 1194740, at *6 (N.D. Ill. May 26, 2004), are distinguishable in that both cases deal with the issue of whether customer identifying information is relevant to a defendant's obviousness defense with respect to patent invalidity, and not whether the information is relevant with respect to a plaintiff's damages claims for infringement.

     The undersigned also finds that the discovery is proportional to the needs of the case when considering the factors listed under Rule 26. The requested customer information is important to the issues in this case in light of Plaintiff's request for recovery of lost profits, and the discovery of that information is important to resolving damages issues in this case. *See TNA Australia Pty Ltd. v. PPM Technologies, LLC*, No. 3:17-cv-642-M, 2018 WL 2010277, at *14 (N.D. Tex. April 30, 2018) (finding that the defendant's customer identifying information is important to the plaintiff's requests for recovery of lost profits and injunctive

8

relief, and the discovery of such information is important in resolving those claims).  The amount in controversy appears to be large in light of Plaintiff's representation that it believes the damages are in excess of $20 million, excluding interest.  (Doc. 49 at 11.)  Plaintiff would have limited, if any, access to Defendant's customer identifying information.  (*Id*. ("All of the information concerning Defendant's sales, as well as information relevant to the damages theories available to compensate Plaintiff are within the control of the Defendant.").)  It does not appear the parties' resources would be a factor against production of the information.  It does not appear that the burden or expense of production would outweigh the likely benefit.  Defendant concedes that it has already produced 150,000 pages of documents and that it has been "working toward production of all information that contains customer identifying information with redaction."  (Doc. 54 at 6-7.)  Defendant will no longer need to spend time culling through the documents to redact the information.  Finally, the Court finds Defendant's other objections to the interrogatory/requests to be of the boilerplate variety and, thus, unfounded, with the exception of its attorney-client and work product objections.

      Defendant's assertion of potential misuse by Plaintiff of the customer identifying information is well taken.  By allowing Defendant to designate any customer (and reseller) identifying information as "Confidential– Attorneys' Eyes Only" under the Amended Protective Order agreed to by the parties, any

concerns by Defendant should be alleviated.  (Doc. 16.)  In light of the legitimate concerns by Defendant and the well-reasoned arguments made in response to the Motion, the undersigned finds that Defendant was substantially justified so as to deny Plaintiff's request for costs under Rule 37.  *See, e.g., Suboh v. Bellsouth Bus. Sys., Inc.*, No. 1:03-cv-0996-CC-CCH, 2004 WL 5550100, at *11 (N.D. Ga. Nov. 17, 2004) (declining to award attorney's fees because "[t]he Court conclude[d] that Defendant was, in part, substantially justified in refusing to produce some of the material requested by Plaintiff.").

    Accordingly, it is **ORDERED**:

    Plaintiff's Motion is **GRANTED in part and DENIED in part**.  Defendant's objections to the discovery requests at issue are **OVERRULED** with the exception of the attorney-client/work product privilege objections.  Within twenty (20) days from the date of this Order, Defendant shall fully respond to Interrogatory Number 10 (including all customer and reseller identifying information without redactions) and requests for production numbers 22, 24-26.  Defendant may, however, designate all customer and reseller identifying information as "Confidential– Attorneys' Eyes Only" pursuant to the parties' agreed upon Amended Protective Order.  Plaintiff's request for costs is **DENIED**.

    **DONE AND ORDERED** at Jacksonville, Florida, on August 2, 2018.

*[signature]*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record