UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Aatrix Software, Inc.,

    Plaintiff,                                    Case No. 3:15-cv-00164-HES-MCR

v.

Green Shades Software, Inc.,

    Defendant.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY TO DEFENDANT'S RESPONSIVE CLAIM CONSTRUCTION BRIEF

Defendant, Green Shades Software, Inc. ("**Greenshades**"), through counsel, responds in opposition to Plaintiff's Motion for Leave to File a Reply to Defendant's Responsive Claim Construction Brief (Doc. 122; the "Motion") as follows:

### INTRODUCTION

Pursuant to the Amended Scheduling Order (Doc. 105, 104), the Parties filed their opening claim construction briefs on December 17, 2018 (Doc. 110 and 115) and their responsive claim construction briefs on January 16, 2019 (Doc. 117 and 120). The Parties filed a joint claim construction chart by January 30, 2019, including agreement on certain terms that were originally disputed and proposed constructions for certain terms that narrow the issues to be resolved by the Court. (Doc. 124). Despite the leeway already granted by the Court in permitting the Parties to exceed the page limit for both the opening and responsive briefing, Aatrix now seeks another bite at the apple by requesting leave to file a reply brief that was not contemplated by the parties or the Court in the claim construction process. Notwithstanding Aatrix's unsupported allegations to

the contrary, Defendant did not present any new law or facts that would warrant granting leave to file a reply brief. As set forth below, the change in the proposed construction was grammatical to clarify the central distinction that Plaintiff knew full well since the exchange of infringement and non-infringement contentions. The Court should therefore deny this request.

## ARGUMENT

In its Motion, Aatrix alleges that "Defendant presented new constructions for the terms 'form file' and 'data file' in its last-minute filing with the Court on January 18. These constructions were not provided in the November 5, 2018 exchange of claim terms and proposed constructions, or in Defendant's opening brief." (Doc. 122 at 2). For the Court's ease of reference, the allegedly "new" claim construction for these terms is copied below with the changes presented in strike-through and underline, as they were presented in Defendant's responsive brief:

| *Data File: Defendant's Proposed Construction* |
|---|
| A computer file storing ~~un-compiled~~ data/information <u>instead of compiled source code or a program, the computer file</u> to be read, written to and otherwise operated on by a computer program. |

| *Form File: Defendant's Proposed Construction* |
|---|
| A computer file storing ~~un-compiled~~ data/information <u>as opposed to compiled source code or a program, and</u> including a model of an original paper form and the calculations and rule conditions required to fill in a viewable form to be read, written to and otherwise operated on by the viewer program to generate the viewable form that exactly mirrors (i.e. exactly matches, replicates) the original paper form. |

Thus, the grammatical changes Defendant made to the construction for these two terms were not substantive but merely to clarify what was inherently present in the initial construction and fully disclosed to (and understood by) Aatrix in the meet and confer conferences of November 9, 2018 and November 16, 2018 and in Greenshades' opening claim construction brief: namely, that these two files do not store compiled source code. Aatrix should not pretend to be "surprised that Defendant *altered* its claim construction for these two important claim terms."

During the Parties' meet and confer conferences to discuss disputed claim terms, Defendant made clear its position that a form file was in the nature of a data file and could not contain compiled source code. In fact, in an effort to narrow the issues and perhaps reach agreement on a proposed construction for the term "form file," the undersigned specifically asked whether Aatrix would agree that the form file does not include compiled code; Aatrix would not agree. *See* Exhibit 1, Declaration of Joseph W. Bain, ¶¶ 2-6.

Defendant's opening claim construction brief makes explicit reference to this earlier discussion and states "[t]herefore, the dispute really centers on whether a form file stores un-compiled data/information or whether it contains compiled programming code to be executed by a processor." (Doc. 115 at 9).

Defendant also made arguments with respect to the term data file, in which Defendant provided definitions that draw a clear distinction between data and a program in support of its construction.[1] However, the dispute over the construction of the term "data file" has been narrowed since and now turns on only whether "data file" as used in

---

[1] For example, the IEEE Dictionary for data file is "a file consisting of data in the form of text, numbers, or graphics, as distinct from a program file of commands and instructions. *Compare* program file." Doc. 115 at 8.

3

the claims is limited to a reporting period. *See*, Joint Claim Construction Chart (Doc. 124 at 3 "data file"). Thus, the issue for which Plaintiff seeks a reply on "data file" is moot.

Aatrix's opening claim construction brief demonstrates that it was aware of the key dispute regarding these two terms. In asserting its position, Aatrix states that "form files may comprise compiled code, assembled code, or interpreted code." (Doc. 110 at 10). With regard to the term "data file", Mr. Rosenblatt (Aatrix's expert) makes it clear that both he and Aatrix understood the key distinction Defendant was making between data and compiled source code. In dissecting Defendant's construction, Mr. Rosenblatt states that "I assume Greenshades uses 'compile,' in 'un-compiled data/information' **in the computer software sense of compiling source code into machine code** [], and not in the ordinary dictionary sense of 'compile' as 'collect and assemble.'" ( Doc. 112 at ¶ 18) (emphasis added).

While Mr. Rosenblatt clearly understood what was meant, he never the less goes on to criticize use of the term "un-compiled data" stating that "[a] POSA has no understanding of 'compiled data' and therefore no understanding of 'un-compiled data.'" *Id*. Defendant's grammatical edit to the proposed constructions for data file and form file addresses this hair-splitting objection by removing the adjective "un-compiled" from "data" and expressly contrasting data with compiled code, which Mr. Rosenblatt and Aatrix clearly have always understood is the central dispute.

Ultimately, the purpose of claim construction is to aid the jury. The parties structured the Markman procedure in anticipation that the briefing could result in clarifying changes to the proposed constructions to focus on what is truly in dispute. Final proposed constructions were not ordered to be filed with the Court until **after** the

exchange of briefs. Indeed, such agreement and narrowing of issues in fact occurred by the time of the Joint Claim Construction Chart (Doc. 124).

Finally, Aatrix's infringement contentions and Defendant's non-infringement contentions exchanged before the Markman procedures further demonstrate that Aatrix was aware of the Parties' disagreement with respect to the term "form file" well before the claim construction briefing. In particular, Aatrix infringement contentions state that:

> [t]he .xap Silverlight Application form file comprising a model of the paper form is a form file. Microsoft Visual Studio allows a user to create a .xap Silverlight Application form file for use in the Greenshades PTS product. Microsoft Visual Studio creates the form file by **compiling** the .xaml and .xaml.cs components into a .xap **Silverlight Application form file**.

Composite Exhibit 2 at 4[2] (emphasis added).[3]

Aatrix described the accused components .xaml and .xaml.cs as source code. (*Id.* at 5 and 6) (highlighting added).

Thus, Aatrix contends that a **compiled** Silverlight Application is the claimed form file. In response, Defendant provided its non-infringement contentions, which state that "Greendshades cannot be found to infringe because the TFC and PTS and the associated programs for displaying the accused 940 and 941 images are compiled and hard coded." (Composite Exhibit 3 at 5) (highlighting added).[4]

Thus, Aatrix was well aware of Defendant's position that form file and data file do not store compiled source code. Plaintiff's grammatical edits to the proposed construction did not present *new* constructions, as alleged by Aatrix, but merely clarified

---

[2] Page citation in exhibits is to PDF page.
[3] Aatrix's Infringement Contentions dated October 1, 2018. The excerpts include claim charts for claim 1 of the '615 Patent and claim 1 of the '393 Patent as related to GreenShades' Payroll Tax Service (PTS) product.
[4] Composite Exhibit 3 includes excerpts from GreenShades' non-infringement contentions.

5

the language which Aatrix already understood, as demonstrated by its own opening brief. Similarly, the Declaration of Dr. Rosenberg was directly responsive to Aatrix's expert declaration. Aatrix seeks to circumvent the already extended page limit by requesting an unwarranted reply brief to further address distinctions that have been addressed in its briefing and by its expert. Defendant respectfully requests that the Court deny this request.

| | |
|---|---|
| February 5, 2019 | Respectfully submitted, |
| | /s/ Joseph W. Bain |
| | Joseph W. Bain, Trial Counsel |
| | Florida Bar No. 860360 |
| | Shutts & Bowen LLP |
| | 525 Okeechobee Blvd. Suite 1100 |
| | West Palm Beach, Florida 33401 |
| | jbain@shutts.com |
| | |
| | and |
| | |
| | H. Timothy Gillis, Trial Counsel |
| | Florida Bar No. 0133876 |
| | Jeffrey S. York, Trial Counsel |
| | Florida Bar No. 987069 |
| | Shutts & Bowen LLP |
| | 1022 Park St. Ste. 308 |
| | Jacksonville, Florida 32204 |
| | tgillis@shutts.com |
| | jyork@shutts.com |
| | (904) 899-9950 |
| | |
| | Attorneys for Green Shades Software, Inc. |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 5, 2019, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System which will send a notice of electronic filing to the following:

John B. Lunseth
Briggs and Morgan, P.A.
80 South Eighth Street
2200 IDS Center
Minneapolis, MN 55402-2157
jlunseth@briggs.com
*Attorneys for Plaintiff Aatrix Software, Inc.*

Joanne M. O'Connor
Jones, Foster, Johnston & Stubbs, PA
505 S Flagler Dr - Suite 1100
PO Box 3475
West Palm Beach, FL 33402-3475
joconnor@jones-foster.com
*Attorneys for Plaintiff Aatrix Software, Inc.*

                /s/Joseph W. Bain
                Joseph W. Bain