UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AATRIX SOFTWARE, INC.,

    **Plaintiff,**

v.                                             Case No. 3:15-cv-00164-J-20MCR

GREEN SHADES SOFTWARE, INC.,

    **Defendant.**
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant Green Shades Software, Inc.'s ("Green Shades") "Motion to Strike Affirmative Defense[s] Set Forth in Paragraph Number 54 of Plaintiff's Answer and Affirmative Defenses (Doc. 125) to Defendant's Counterclaim (Doc. 87) and Memorandum of Law in Support" (Doc. 130) and Plaintiff, Aatrix Software, Inc.'s ("Aatrix") "Opposition Brief to Defendant's Motion to Strike Affirmative Defense Set Forth in Paragraph 54 of Plaintiff's Answer to Defendant's Counterclaim" (Doc. 135).

By now, the history of this case is familiar to all involved. In the interest of brevity, the Court will not recount the lengthy history that brought the parties to this juncture.[1] Relevant here, Aatrix's Proposed Second Amended Complaint, (Doc. 62), was deemed filed and served on June 25, 2018. (*See* Doc. 86). Green Shades subsequently filed its Answer and Affirmative Defenses to the Second Amended Complaint and asserted a single counterclaim. (Doc. 87). After the denial of Aatrix's motion to dismiss the counterclaim (Doc. 116), Aatrix filed its Answer to Green Shades' Counterclaim (Doc. 125), at issue here.

---

[1] For a detailed outline of the history of this matter *See* Doc. 116 (Order denying Motion to Dismiss Counterclaim and Motion to Strike Defendant's Affirmative Defenses).

1

In its Motion before the Court (Doc. 125), Green Shades argues that the affirmative defenses in Paragraph 54 are conclusory and lack supporting factual allegations. Aatrix, they contend, thus fails to provide fair notice of the legal and factual grounds upon which the affirmative defenses rest. (Doc. 130, Section III). Aatrix maintains that the affirmative defenses at issue satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure.

Upon review of the affirmative defenses outlined in Paragraph 54 of Aatrix's Answer to the Second Amended Complaint and for the reasons set forth in greater detail in Aatrix's Opposition (Doc. 135), the Court determines Green Shades Motion to Strike should be denied.

Considering the deluge of motions exchanged, the case's current posture, the appellate history of this matter and applicable law,[2] Paragraph 54, while far from a picture of detailed prose, provide Green Shades with fair notice of the defenses Aatrix intends to assert at trial. *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp.2d 1354, 1360 (M.D. Fla. 2008) *aff'd*, 306 F. App'x 471 (11th Cir. 2009). *See also Hassan v. United States Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971) ("The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it."). The Court finds the defenses meet the notice pleading requirements of the Federal Rule of Civil Procedure Rule 8. *Entrust Datacard Corp. v. Atl. Zeiser GmbH*, No. 3:17-CV-110-J-39MCR, 2018 WL 3599218, at *5 (M.D. Fla. Jan. 29, 2018).

Furthermore, it is simply not the case that the defenses "sought to be omitted [have] no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."

---

[2] In a previous Order, the Court outlined the standards, applied here, when considering a Motion to Strike. (Doc. 116).

*Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). The defenses likewise raise no "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Both parties may raise substantive objections to defenses asserted at a later stage in the proceedings. *See, e.g., Gottlieb & Gottlieb, P.A. v. Crants*, 657 Fed. App'x. 920, 923 (11th Cir. 2016)(noting that where a defendant addressed the unpled defense in pretrial motions, raised the unpled defense in a motion for summary judgment or litigates the unpled defense without objection, the plaintiff has notice of an affirmative defense)(citations omitted).

Accordingly, it is hereby **ORDERED**:

1. Green Shades' "Motion to Strike Affirmative Defense Set Forth in Paragraph Number 54 of Plaintiff's Answer and Affirmative Defenses (Doc. 125) to Defendant's Counterclaim (Doc. 87) and Memorandum of Law in Support" (Doc. 130) is **DENIED.**

**DONE and ORDERED** at Jacksonville, Florida, this _11th_ day of September, 2019.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

**Copies to:**
Aaron Johnson, Esq.
Joanne M. O'Connor, Esq.
John B. Lunseth, Esq.
Mira Vats-Fournier, Esq.
Ethan A. Way, Esq.
Harold Timothy Gillis, Esq.
Jeffrey S. York, Esq.
Nancy A. Johnson, Esq.
Joseph W. Bain, Esq.