**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| Aatrix Software, Inc. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )　　Case No. 3:15-cv-00164-HES-MCR |
| | ) |
| Green Shades Software, Inc., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF AATRIX SOFTWARE INC.'S BRIEF REGARDING AMENDMENT OF DEADLINES CONTAINED IN THE OPERATIVE SCHEDULING ORDER**

Counsel for the parties have met and conferred concerning the completion of expert depositions and disagree on the length of the extension. Aatrix believes that further extended delays in this case are not warranted and that the parties should proceed to take the depositions remotely under Rule 30(b)(4), with an extension of the current deadline to October 30 to allow for arranging and taking the depositions. Greenshades believes that this matter should be stayed until at least March 1, 2021, with the possibility of further extensions beyond that, to see when and if the COVID pandemic abates and the depositions can be taken in person.

Fed. R. Civ. P. 1 demands the "just, speedy, and inexpensive determination of every action." Any further extended delays frustrate both the letter and spirit of Rule 1. Aatrix brought this action in February of 2015 (Doc. 1), and trial is now set to occur, at best, over six years later. Order, Doc. 179. Enough is enough. Commonplace technology and expertise, as well as Rule 30(b)(4), permit the safe conduct of remote depositions. Greenshades would, instead, impose an indefinite stay of expert discovery to delay the trial and facilitate its

continuing infringement of Aatrix's intellectual property and market share. The patents-in-suit are both set to expire on May 1, 2023, and every additional day the trial is delayed cuts short Aatrix's ability to fairly compete in the marketplace absent Greenshades' infringing presence.[1] No further extended delay, beyond a modest 4-6 week extension to allow for arranging and taking remote depositions, is warranted.

This litigation has been beset by constant delays which have allowed Greenshades' continuing infringement to flourish for years to Aatrix's detriment. The erroneous Rule 12(b)(6) dismissal, which required correction by the Federal Circuit, froze Aatrix's claims in place for three years. *Cf.* June 29, 2018 Order, Doc. 86 (granting motion to effect Federal Circuit's mandate). Prior to the dismissal Greenshades had refused to produce discovery requested in 2016. It was not until August 2, 2018 that the Court granted Aatrix's 2016 motion to compel and ordered Greenshades to produce the requested discovery. Order, Doc. 96. Aatrix subsequently noticed Greenshades' fact witnesses for deposition, and Greenshades responded with document dumps on March 28, and April 1, 2019. Pl.'s Obj. Order, Doc. 163, at 8. During review of Greenshades' productions, Aatrix's counsel realized that Greenshades' productions contained large numbers of privileged documents, necessitating that Aatrix halt its document review and postpone the fact witness deposition deadline until May 20, 2019 to accommodate production and review of replacement documents. *Cf.* Order, Doc. 137.

Since then, the COVID-19 pandemic has acted as a *de facto* stay of this action, and now well over five years have passed without resolution of Aatrix's claims. Expert discovery

---

[1] The application for the '615 Patent was filed on March 26, 2002, and its patent term was extended by 401 days to account for delays by the U.S. Patent & Trademark Office.

was previously set to conclude prior to May 8, 2020. Order, Doc. 168. As a direct result of the COVID-19 pandemic, the expert discovery deadline has already been extended over four months. Order, Doc. 179. That delay was provided to accommodate the potential for conducting depositions in-person. But as the pandemic continues to rage in the United States without an end in sight, and the most optimistic projection for dissemination of an effective vaccine not occurring until well into 2021 (which may never happen), the time has come to transition to remote expert video depositions and move this case along. Both parties agree that an extension of the current September 14 expert discovery deadline is warranted. Aatrix believes that a modest extension of four to six weeks should be granted in order to facilitate the transition to, and work out the logistics for, remote video depositions in order to complete expert discovery. A commensurate extension of the Court's other deadlines is also appropriate. Any further delays would only serve to delay, and ultimately damage, Aatrix.

During the parties' meet-and-confer, Greenshades' counsel insisted that expert depositions must occur in-person, and that the expert discovery deadline needs to be pushed at least to March 1, 2021—and potentially to a much later, indeterminate date.  But since the COVID-19 pandemic, courts have routinely rejected this argument. "Courts are beginning to recognize that a 'new normal' has taken hold throughout the country in the wake of the COVID-19 pandemic that may necessitate the taking of remote depositions unless litigation is going to come to an indefinite halt until there is a cure or a vaccine for COVID-19." *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2020 WL 3469166, at *5 & n.4 (N.D. Ill. June 25, 2020) (collecting cases ordering remote depositions during the pandemic). "Courts have long held that leave to take remote depositions pursuant to Rule 30(b)(4) should be

3

granted liberally," and "[a]ll that is required to authorize a remote deposition is a legitimate reason put forward by the party proposing to take a deposition by remote means." *Id.* at *7. "Courts also recognize a basic 'underlying principle' that '[t]he right to proceed in court should not be denied except under the most extreme circumstances.'" *Id.* at *9. "That principle also militates in favor of conducting remote depositions in this case during the COVID-19 pandemic to move the case closer to resolution by dispositive motion, settlement, or trial than would be the case if the litigation treads water until the pandemic abates." *Id.*

To the extent that Greenshades argues that the facts and circumstances specific to these expert depositions warrant departure from these principles, such arguments have been rejected. *See, e.g., Grano v. Sodexo Mgmt., Inc.,* No. 18CV1818-GPC(BLM), 2020 WL 1975057, at *3 (S.D. Cal. Apr. 24, 2020) (rejecting that remote depositions are "unworkable" and "cumbersome" as "[t]here are numerous resources and training opportunities available throughout the legal community to assist [counsel] in the operation and utilization of the new technology"); *Sonrai Sys., LLC v. Romano*, No. 16 CV 3371, 2020 WL 3960441, at *3-4 (N.D. Ill. July 13, 2020) (requiring remote depositions of experts despite claims of prejudice regarding voluminous and highly detailed exhibits); *Newirth v. Aegis Senior Communities LLC*, No. 16CV03991JSWRMI, 2020 WL 4459120, at *1 (N.D. Cal. May 27, 2020) ("Defendants go on to detail the various technical difficulties they may encounter with remote depositions including potential impracticalities in accessing and displaying certain types of exhibits. . . these same arguments have been previously presented, and rejected."); *Rouviere v. DePuy Orthopaedics, Inc*., No. 118CV04814LJLSDA, 2020 WL 3967665, at *3 (S.D.N.Y.

4

July 11, 2020) (rejecting prejudice purportedly arising from "document intensive" depositions because of modern videoconference technology).

Expert discovery is currently set to close on September 14, 2020. The parties will easily be able to complete the expert depositions and discovery within an additional 4-6 weeks after the current deadline. The last expert reports were exchanged on May 1, 2020, so the parties will have had well over five months to prepare. Each party served expert reports from three respective experts, so only six total depositions are needed. Given that the parties will not need to account for attorney and witness travel, an additional 4-6 weeks will be plenty of time to conduct six total depositions. Aatrix is willing to make reasonable accommodations, such as extending the allowable amount of deposition time from the default 7 hours of running time provided in Rule 30(d)(1), Fed. R. Civ. P., to 10.5 hours to account for any technological issues unique to remote depositions. There is no reason the parties cannot amicably work out the logistical details, as attorneys and parties across the country have done throughout this case.

Greenshades contends that a further stay of this litigation until at least March 1 should be allowed to see if circumstances with the pandemic are different in early 2021, but they cannot support any such statement with anything beyond pure speculation. *See United States for use & benefit of Chen v. K.O.O. Constr., Inc*., 445 F. Supp. 3d 1055, 1056 (S.D. Cal. 2020) ("It is not feasible for the Court to extend deposition deadlines until a time when they can be safely conducted in person because no one knows when that will occur and there are alternatives."). Well over five years have already passed. Aatrix respectfully requests that the Court amend the scheduling order, push deadlines and dates out 4-6 weeks as provided in Exhibit A, and order the taking of the expert depositions by remote means.

Dated:  September 7, 2020                **TAFT STETTINIUS & HOLLISTER LLC**


By: _/s/ John. B Lunseth_ _____
John B. Lunseth, Trial Counsel
(MN Bar No. 65341)
Aaron M. Johnson (Minn. #034641X)
Mira Vats-Fournier (Minn. #0399692)
80 South Eighth Street
2200 IDS Center
Minneapolis, Minnesota 55402
(612) 977-8484
(612) 977-8650 fax
jlunseth@taftlaw.com
ajohnson@taftlaw.com
mvats-fournier@taftlaw.com

Joanne M. O'Connor
**Jones, Foster, Johnston & Stubbs, PA**
505 S Flagler Dr., Suite 1100
PO Box 3475
West Palm Beach, FL 33402-3475
joconnor@jones-foster.com

**ATTORNEYS FOR PLAINTIFF
AATRIX SOFTWARE, INC.**

6

**EXHIBIT A**

**TABLE OF PROPOSED MODIFICATIONS FOR
UPCOMING DEADLINES IN OPERATIVE CMSO (DOC. 179)**

| DEADLINE OR EVENT | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| **Expert Discovery Closes** | September 14, 2020 | October 30, 2020 |
| **Motions for Daubert, to Dismiss, or for Summary Judgment** | October 19, 2020 | November 30, 2020 |
| **Responses to Motions for Daubert, to Dismiss, or for Summary Judgment** | November 16, 2020 | January 4, 2021 |
| **Motions in Limine** | January 4, 2021 | February 22, 2021 |
| **Final Pre-trial Conference** | February 17, 2021 at 9 a.m. | April 7, 2021 |
| **Trial** | March 1, 2021 at 9:30 a.m. | May 3, 2021 |

7