UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Aatrix Software, Inc.,

    Plaintiff,

v.                                      Case No. 3:15-cv-00164-HES-MCR

Green Shades Software, Inc.,

    Defendant.

_____/

**DEFENDANT'S BRIEF REGARDING AMENDING DEADLINES
IN THE COURT'S OPERATIVE SCHEDULING ORDER (DOC. 179)**

Defendant Green Shades Software, Inc. ("Defendant"), pursuant to the Court's Order (Doc. 185), files its Brief regarding amending current scheduling deadlines, and states:

## I.     INTRODUCTION

The Court's September 9, 2020 Status Conference concerns the Parties' request to extend the four remaining deadlines in the Court's Scheduling Order:  (i) Expert Discovery Closure (9/14/2020); (ii) Summary Judgment/Daubert Motions (10/19/2020) and Responses (11/16/2020); (iii) Motions in Limine (1/4/2021); and (iv) Pre-trial Conference (2/17/2021) and Jury Trial (3/1/2020).  *See* Doc. 179.  The Parties agree to extend them due to the Coronavirus crisis.  Indeed, this was contemplated by the Court and the Parties at the last May 20, 2020 Status Conference preceding the current Scheduling Order, i.e., the unprecedented pandemic may present an ongoing need for further extensions.  The Parties vigorously disagree, however, on the time of the extensions and about the need to complete the six expert depositions in-person rather than via remote video conferencing.

Specifically, based on the Parties' last discussions, they disagree on:  (i) the length of extension for the remaining deadlines, with Plaintiff proposing a shifting of the deadlines out only 2 months and Defendant proposing 5 months; and (ii) the format (live (Defendant) or Zoom (Plaintiff)) for the remaining 6 expert depositions.  Plaintiff appears to seek a <u>final</u> extension of the expert discovery deadline to November 15, 2020, which is unworkable.  Defendant proposes an extension to February 26, 2020, with a continued "wait and see" approach to monitor the pandemic and travel restrictions as the next few months unfold.

The Parties' disagreement concerns the freedom of any litigant to conduct depositions in-person.  Without stipulation, a party must move to force a deposition by "remote means."

1

*See* Fed. R. Civ. 30(b)(4). No such motion has been made. The Parties' counsel discussed the issue before requesting this Status Conference and Defendant objected to Plaintiff's desire to submit the expert depositions to a remote format. Since the pandemic, the Parties have agreed these depositions should be in-person, and moved the Court in May 2020 for the current dates in order to "wait and see" how the pandemic unfolded over the summer. Now, Plaintiff in an about-face wants to force all 6 expert depositions via Zoom—when nothing has changed since Plaintiff agreed (and indeed proposed) extending the deadlines twice before so that in-person depositions could be taken when safe to do so. Defendant opposes any such motion to that end as there is no rush to force the remote video completion of these critical depositions, where, without question, the "heart" of each Party's case lies. Defendant will be severely prejudiced by anything other than a live format, and there is simply no prejudice to Plaintiff for a longer "wait and see" extension. The jury trial of this case will inevitably be postponed by the same circumstances created by the pandemic crisis.

## II.     RELEVANT BACKGROUND DEMONSTRATING CASE COMPLEXITY

While this highly complex patent infringement case is nearly 6 years old, very few amendments to the expert discovery and later deadlines have been necessary. On March 30, 2016, this Court granted Defendant's motion to dismiss this case with prejudice, (Doc. 59), which Plaintiff appealed. (Doc. 70). This case stood dismissed for over 2 years until the Federal Circuit's June 2018 remand. (Doc. 81). Less than 2 years ago, in July 2018, Defendant first answered Plaintiff's claims, and the Court's August 2018 Scheduling Order after remand first scheduled a jury trial for January 2020. (Doc. 99). In October 2018, however, the Court entered an Order scheduling a February 2019 Markman hearing, (Doc.

105), and the expert discovery, pre-trial motions, pre-trial, and trial deadlines were modified to be set at a status conference after the Court's Markman Order. (Doc. 154). On December 9, 2019, the Court entered its Markman Order, (Doc. 158), and a December 13, 2019 Scheduling Order set the remaining case deadlines: expert discovery closure (5/1/2020); dispositive/Daubert motions (6/05/2020); motions in limine 08/28/2020); Pre-trial Conference (09/16/2020); and Jury Trial (11/2/2020). (Doc. 161). Until now, these deadlines have only been needed to be moved because of the Coronavirus situation, in April 2020,[1] (Doc. 173), and in May 2020[2] to the current deadlines. Since the Court's December 2019 Markman Order, the Parties diligently met expert disclosure and report requirements, completing those milestones by May 2020, but have not been able to complete the final step: the scheduling and taking of expert witness depositions—all because of the travel restrictions and health risks associated with the Coronavirus pandemic. The experts are located throughout the country in Seattle, New York, Boston, Washington, DC, and Minnesota.

Indeed, the subject matter here is highly technical and complex. Initially, Plaintiff claimed Defendant's TFC and PTS products infringe its '615 and/or '393 patents. At the eleventh hour, Plaintiff claimed Defendant's YEF product infringes those same patents. These claims present exceedingly complex liability and damages issues going back decades and are immersed in the highly complex, sophisticated, and technical world of payroll and tax reporting and compliance services, computer programming, and tax form software

---

[1] Moving expert discovery closure to 7/7/20, dispositive/Daubert motions to 8/4/2020, motions in limine to November 10, 2020, and Pre-Trial Conference to 12/2/2020, with Jury Trial "t/b/a." (Doc. 173).

[2] Moving expert discovery closure to 9/14/2020, dispositive/Daubert motions to 11/16/2020, motion in limine to 1/4/2020, Pre-Trial Conference to 2/17/2021, and Jury Trial for March 1, 2021. (Doc. 179).

products offered nationally. Plaintiff acknowledges the development of its "patented" technology dates to the 1990s and its claims depend upon a sophisticated analysis and application of its software programming "source code" to this case. (Doc. 62, ¶¶ 17-18). The Court is familiar with this complexity in deciding its Markman Order. (Doc. 158).

This case's technical complexities are apparent in the Parties' expert reports. Plaintiff's liability expert Christopher Rucinski's report is 143 pages and refers to thousands of pages of documents and reams of "source code." Plaintiff other liability expert Rosenblatt's report and opinions are similarly invoilved. Plaintiff's damages expert Donald Gorowsky's report is 80 pages and relies upon financial data spanning a "damages" period from 2009 to the present.[3] The expert reports of Defendant's 2 liability experts, Craig Rosenberg and Leonard Laub, and damages expert, Michele Riley, are equally as complex, detailed, and involved in rebutting, refuting, and knocking down Plaintiff's expert conclusions. Defendant's ability to depose Plaintiff's experts and defend its own experts' depositions in-person is thus <u>critical</u> to its defenses here.

## III.     DEFENDANT'S COMMENT ON THE APPLICABLE LAW

This Court has the inherent authority to manage its own pre-trial and trial schedules. *See Shell Oil Co. v. Altina Assocs., Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994). The remaining deadlines from expert discovery closure through trial have only been moved 2 times due to the uncertainty created by the pandemic and only over the past 6 months. The

---

[3] As noted, Plaintiff focused solely on the TFC and PTS products for 99% of the time this case has been pending. Suspiciously, Gorowsky not only injects the newly so-called "infringing' YEF product into his damages model, but it constitutes more than $12 million of his total $13.8 million damages number, leaving TFC and PTS to account for barely $1 million of Plaintiff's massively inflated damages number. Defendant needs to depose Gorowsky in-person and interrogate him <u>face-to-face</u> over this last-minute addition.

Parties agree on a third extension. But there is no need for Plaintiff calling for a "final" 2-month extension of the remaining deadlines in a "be-all-end-all" Scheduling Order. This case is too complex, and in-person expert depositions are too important (at least to Defendant), for this Court to extend the deadlines only 2 months and decide now not to entertain any further extensions. Extending the schedule under the "wait and see" approach is appropriate for the pandemic crisis and should continue. If the Parties, their witnesses, and counsel are restricted from traveling now, they cannot travel to a jury trial a few months later, nor will there be jurors for one. This Court should extend the deadlines 5 months and revisit them as a picture develops of what future pandemic restrictions and health risks will entail.

As to Plaintiff's desire to force remote video depositions, "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." *See* Fed. R. Civ. P. 30(b)(40). Defendant opposes any such motion because Plaintiff cannot show good cause or that it will suffer prejudice if remote depositions are not taken now, and Defendant can show prejudice. *See, e.g., Webb v. Green Tree Servicing, LLC*, 283 F.R.D. 276 (D. Md. 2012) (opposing party showed remote deposition impractical due to large number of exhibits and prejudice; Rule 30(b)(4) motion denied).[4]

## IV. CONCLUSION

For all the foregoing reasons and authorities, Defendant Green Shades Software, Inc. respectfully requests that this Court should amend Scheduling Order as requested herein.

---

[4] There are unreported federal decisions in Florida and elsewhere during the Coronavirus era brought pursuant to a Fed. R. Civ. P. 30(b)(4) but they are not binding on this Court under these circumstances. Defendant will address them in more detail in opposing a Rule 30(b)(4) motion, but none have ordered depositions by remote means have found that the opposing party would be prejudiced by the format and the moving party would not suffer prejudice if the motion was denied without prejudice to being revisited at a later date.

Dated: September 7, 2020.

                                            Respectfully submitted,

/s/*Jeffrey S. York*
H. Timothy Gillis
Trial Counsel
Florida Bar No. 133876
Jeffrey S. York
Trial Counsel
Florida Bar No. 0987089
Shutts & Bowen LLP
1022 Park Street, Suite 308
Jacksonville, Florida 32204
Phone: (904) 899-9926
Fax: (904) 899-9965
tgillis@shutts.com
jyork@shutts.com

-and-

Joseph W. Bain
Trial Counsel
Florida Bar No. 860360
Shutts & Bowen LLP
525 Okeechobee Blvd.
West Palm Beach, FL 33401
jbain@shutts.com

*Attorneys for Defendant*
*Green Shades, Software, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on September 7, 2020, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

                                                */s/Jeffrey S. York*
                                                Attorney

**EXHIBIT A**

## **DEFENDANT'S PROPOSED AMENDED SCHEDULE**

| DEADLINE | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Expert Discovery Closure | 9/14/2020 | 2/26/2021 |
| Dispositive/Daubert Motions | 10/19/2020 | 3/31/2021 |
| Responses | 11/16/2020 | 4/30/2021 |
| Motions In Limine | 1/04/2021 | 6/18/2021 |
| Pre-Trial Conference | 2/17/2021 | 7/30/2021 |
| Trial | 3/01/2021 | 8/16/2021 |