# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| Aatrix Software, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Green Shades Software, Inc. <br><br> Defendant. | Civil Action No. 3:15-cv-00164-HES-MCR |

## JOINT MOTION FOR STATUS CONFERENCE REGARDING EXPERT DEPOSITIONS AND TO AMEND DEADLINES CONTAINED IN THE OPERATIVE SCHEDULING ORDER

Plaintiff Aatrix Software, Inc. ("Aatrix") and Defendant Green Shades Software, Inc. ("Greenshades") jointly move pursuant to Rules 6(b)(1)(A) and 16(b)(4), Federal Rules of Civil Procedure for a telephonic status conference at the Court's earliest convenience.

Following the September 9, 2020 status conference with the Court, during which the Court provided a schedule to bring this matter to trial in June 2021, the parties have met three times (telephonically) to develop a plan to do so. The purpose of this request is to inform the Court of the parties' plan, and the parties' (1) need for the Court's input on the date(s) for accomplishing one part of the plan, and (2) to request a one or two week adjustment to the date for filing responses to Summary Judgment and Daubert Motions.

At the September 9, 2020 status conference, the Court reset the deadlines contained in the most recent Case Management and Scheduling Order ("CMSO"), Doc. 179, and invited the parties to bring any other necessary modifications to the attention of the Court.  Order,

Doc. 189. The Court ordered that expert depositions during the remaining expert discovery period ordered by the Court to the deadline of November 25, 2020 "shall take place REMOTELY by video or mutually-amenable means… ." *Id.* The Court also expressed its wish that the parties remotely videotape the trial testimony of all the experts in the case, to be played at the trial.[1]

The parties have agreed that the expert depositions to be completed prior to the November 25 expert discovery cut-off date will be discovery depositions only—in other words, they will be the typical discovery depositions where counsel for the party opposing the particular expert's position will cross-examine the expert.[2] The parties have also discussed the Court's instruction that the expert testimony should be videotaped prior to trial.

Counsel for both parties greatly prefer providing the expert testimony live at trial. However, counsel recognize that depends on circumstances beyond the control of the Court and counsel. The parties have agreed that, if expert trial depositions are necessary, they should take place separately from the discovery depositions and during one of two blocs of time, either: (1) from approximately March 15, 2021 (after Motion in Limine briefs are due) until the pre-trial conference scheduled for April 28, 2021; or (2) during the month of May, following the pre-trial conference. One reason for the requested status conference is to get the Court's input on which of these blocs the Court would prefer.

Both parties have had a demonstration of the remote videotaping capabilities of a

---

[1] Counsel interpreted these comments as assuming that the ongoing COVID-19 pandemic circumstances currently preventing live trial testimony will continue into 2021, but would not necessarily preclude such live testimony if circumstances changed in that regard (due to a vaccine, or the like).

[2] The purpose of this description is not to prohibit direct examination, but simply to describe what type of deposition is contemplated. These are not depositions for preserving trial testimony.

Court Reporting firm and have agreed on a vendor to use for the remaining discovery depositions. The parties anticipate that, because of the number of Internet connections during the depositions, the complexity of the technology, and the present unfamiliarity of counsel for both parties in the use of the technology, the parties will need to be patient with the process and that depositions may require more than the normal amount of time. The parties have agreed that the depositions will occur in approximately the order of proof (the expert for the party with the burden of proof first, and then the responsive expert). The depositions will be limited to approximately 9 hours of running time. Stoppages to fix technical issues, as well as normal breaks during the deposition day, will not be included in the running time. This is not meant to require an expert to sit for 9 consecutive hours on a single day. For scheduling purposes, the parties anticipate setting aside two calendar days for each deposition to accommodate delays, and no expert should be required to sit for an amount of time on a given day that is uncomfortable for the expert. The parties anticipate serving subpoenas for documents prior to the expert depositions, and expect that, as they have in the past, the parties will cooperate in the production of the documents sufficiently in advance of an expert's deposition to allow the receiving party to review the material and be prepared to ask questions about it at the deposition.

The parties further understand that the Court expressed a preference that the parties preserve prerecorded video trial testimony of its expert witnesses in the event circumstances, whether because of health and logistical concerns resulting from the ongoing COVID-19 pandemic or for other reasons, do not then permit their live testimony at trial. Accordingly, the parties propose preserving expert testimony via trial depositions, taken in 2021, of the six

persons who submitted expert reports in this matter. The parties respectfully seek the Court's guidance as to its preferred timing for these expert trial depositions, as the Final Pretrial Conference is scheduled on April 28, 2021 and Jury Trial is set for June 7, 2021. The parties anticipate that the trial depositions will be taken seriatim, in the order of proof. It is expected that each deposition for trial will take two to three days, and that a total of about a month will be required to complete all the depositions. The parties would prefer to take the expert trial depositions, if necessary, in May 2021, following the Pre-Trial (which is on April 28, 2021).

Whichever period is chosen for the expert trial depositions, the parties believe that a decision needs to be made in consultation with the Court and about one month before the expert trial depositions would need to commence, concerning whether the expert trial depositions must go forward, or whether arrangements can be made to present the testimony live. If the March to April time frame is chosen that decision would need to be made about February 15. If the May time frame is chosen that decision would need to be made about April 15.

In addition, the parties respectfully request that the Court set either January 20 or 27, 2021 as the deadline for the responses to any Motions for Daubert, to Dismiss, or for Summary Judgment. In the prior CMSO, the Court provided four weeks for the responsive briefs to these motions. Doc. 179. The Clerk's Minutes from the September 9, 2020 status conference reflect that the responses are currently due on January 13, 2021, which is only two weeks after the motions are due. Doc. 188. The Court's most recent order was silent on the deadline for responsive briefs. Doc. 189. Given the anticipated complexity and issues that the parties expect will be raised, and the fact that multiple Motions, including both

Summary Judgment and Daubert motions will probably be filed, the parties respectfully ask for a January 20 or 27, 2021 deadline for the responsive briefs.

Accordingly, the parties jointly request a telephonic status conference with the Court at the Court's earliest convenience to address the issues discussed above.

Dated: October 2, 2020

| | |
|---|---|
| By: _/s/ Joseph W. Bain_____ | By: _/s/ John B. Lunseth_ _____ |
| Joseph W. Bain, Trial Counsel | John B. Lunseth (Minn. #65341)  Trial Counsel |
| Florida Bar No. 860360 | Aaron M. Johnson (Minn. #034641X) |
| **Shutts & Bowen LLP** | Mira Vats-Fournier (Minn. #0399692) |
| 525 Okeechobee Blvd. Suite 1100 | **Taft Stettinius & Hollister LLP** |
| West Palm Beach, Florida 33401 | 80 South Eighth Street, Ste. 2200 |
| jbain@shutts.com | Minneapolis, MN 55402-2157 |
| | 612-977-8400 |
| and | 612-977-8659 (facsimile) |
| | jlunseth@taftlaw.com |
| H. Timothy Gillis, Trial Counsel | ajohnson@taftlaw.com |
| Florida Bar No. 0133876 | mvats-fournier@taftlaw.com |
| Jeffrey S. York, Trial Counsel | |
| Florida Bar No. 987069 | Joanne M. O'Connor |
| | (Fla. Bar No. 0498807) |
| **Shutts & Bowen LLP** | JONES FOSTER JOHNSTON |
| 1022 Park St. Ste. 308 | & STUBBS, PA |
| Jacksonville, Florida 32204 | 505 South Flagler Drive, Suite 1100 |
| tgillis@shutts.com | West Palm Beach, FL 33401 |
| jyork@shutts.com | 561-659-3000 |
| (904) 899-9950 | 561-650-5300 (facsimile) |
| | joconnor@jonesfoster.com |
| **ATTORNEYS FOR GREEN SHADES SOFTWARE, INC.** | **ATTORNEYS FOR PLAINTIFF AATRIX SOFTWARE, INC.** |