## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| Aatrix Software, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-00164-HES-MCR |
| | ) | |
| Green Shades Software, Inc., | ) | **HIGHLY CONFIDENTIAL** |
| | ) | **FILED UNDER SEAL** |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF AATRIX SOFTWARE INC.'S MOTION TO COMPEL ACCESS TO AND PRODUCTION OF UNDERLYING DATA AND INFORMATION RELIED UPON BY DEFENDANT'S EXPERT MICHELE RILEY

Joanne M. O'Connor
**JONES, FOSTER, JOHNSTON & STUBBS, PA**
505 S Flagler Dr., Suite 1100
PO Box 3475
West Palm Beach, FL 33402-3475
joconnor@jones-foster.com

John B. Lunseth, Trial Counsel
(Minn. #65341)
Mira Vats-Fournier (Minn. #0399692)
Aaron M. Johnson (Minn. #034641X)
**TAFT STETTINIUS & HOLLISTER LLP**
80 South Eighth Street
2200 IDS Center
Minneapolis, Minnesota 55402
(612) 977-8484
(612) 977-8650 fax
jlunseth@taftlaw.com
ajohnson@taftlaw.com
mvats-fournier@taftlaw.com

**ATTORNEYS FOR PLAINTIFF
AATRIX SOFTWARE, INC.**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................... ii

I.    FACTUAL BACKGROUND ........................................................ 5

    A.    THE TIMING OF THIS MOTION RESULTS FROM
GREENSHADES' BELATED, DEFICIENT DOCUMENT REVIEW
AND THE PRODUCTION OF MATERIALS RELIED ON BY MS.
RILEY AFTER FACT DISCOVERY HAD ALREADY CLOSED.............. 7

    B.    GREENSHADES HAS SHIELDED AATRIX FROM ACCESSING
THE UNDERLYING FINANCIAL INFORMATION CONCERNING
██████████████████████ ....................................... 9

    C.    MS. RILEY'S REPORT RELIES UPON DOCUMENTS,
GENERATED FOR THE PURPOSES OF THIS LITIGATION,
WHICH CONTAIN ██████████████████████
THAT WAS REQUESTED BY AATRIX BUT THAT
GREENSHADES FAILED TO TIMELY PRODUCE DURING FACT
DISCOVERY ................................................. 14

    D.    IN RESPONSE TO THE SUBPOENA, MS. RILEY PROVIDED
NEITHER DOCUMENTS FOR UNDERLYING ███████ NOR
DOCUMENTS REFLECTING DISCUSSIONS WITH MR. KANE.......... 17

    E.    ██████████████████████████████████████
IN FORMING HER OPINIONS ................................. 17

II. LEGAL ARGUMENT ................................................ 18

    A.    AATRIX IS ENTITLED TO ACCESS THE UNDERLYING DATA
AND INFORMATION SUMMARIZED IN DOCUMENTS AND
DISCUSSIONS CONSIDERED AND RELIED UPON BY MS.
RILEY ..................................................... 18

    B.    GREENSHADES MUST PROVIDE ACCESS TO THE
UNDERLYING ████████████ REFLECTED IN THE
SUMMARY SPREADSHEETS RELIED UPON BY MS. RILEY.............. 22

III. CONCLUSION ..................................................... 25

-i-

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Biomet Orthopedics, Inc. v. Tact Med. Instrs., Inc.*,
2004 WL 5499505 (N.D. Ind. Nov. 2, 2004)...................................................................25

*Brown v. Wal-Mart Store, Inc.*,
2018 WL 2011935 (N.D. Cal. Apr. 27, 2018) ....................................................................3

*Crowley v. Chait*,
322 F. Supp. 2d 530 (D. N.J. 2004) ..............................................................................2, 7

*Derrickson v. Circuit City Stores, Inc.*,
1999 WL 1456538 (D. Md. Mar. 19, 1999).....................................................................23

*DuBay v. King*,
366 F. Supp. 3d 1330 (M.D. Fla. 2019) (J. Schlesinger) .................................................24

*FUJIFILM N. Am. Corp. v. Big Value Inc.*,
2018 WL 4210132 (E.D.N.Y. Sept. 4, 2018) ..................................................................20

*Ibroci v. Idrovo*,
2020 WL 1812765 (S.D.N.Y. Apr. 9, 2020).............................................................22, 24

*Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*,
2007 WL 9752995 (D. Nev. Feb. 21, 2007) ....................................................................19

*Lee Valley Tools, Ltd. v. Indus. Blade Co.*,
288 F.R.D. 254 (W.D.N.Y. 2013)..............................................................................14, 18

*Lyman v. St. Jude Med. S.C., Inc.*,
580 F. Supp. 2d 719 (E.D. Wis. 2008)...............................................................................2

*Macaulay v. Anas*,
321 F.3d 45 (1st Cir. 2003) ............................................................................................5, 6

*McCarty v. City of Southside Place*,
No. 4:15-CV-01214, 2016 WL 4995048 (S.D. Tex. July 15, 2016) ................................24

*McGinley v. Franklin Sports, Inc.*,
192 F. Supp. 2d 1214 (D. Kan. 2002) ..............................................................................21

*Miccosukee Tribe of Indians of Fla. v. Cypress*,
 2013 WL 10740706 (S.D. Fla. June 28, 2013) ...................................................................19

*Sher v. Raytheon Co.*,
 2010 WL 11507787 (M.D. Fla. Aug. 13, 2010) .........................................................2, 3, 23

*Sound View Innovations, LLC v. Hulu, LLC*,
 2018 WL 6164271 (C.D. Cal. June 12, 2018) .........................................................19, 23

*Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*,
 2005 WL 8173278 (S.D. Cal. Aug. 19, 2005) ...................................................................19

*V. Mane Fils S.A. v. Int'l Flavors & Fragrances Inc.*,
 2010 U.S. Dist. LEXIS 45645 (D. N.J. May 6, 2010) ................................................18, 22

*Virnetx, Inc. v. Cisco Sys., Inc.*,
 767 F.3d 1308 (Fed. Cir. 2014) ...................................................................................23

*Zaki Kulaibee Establishment v. McFlicker*,
 2011 WL 1599631 (S.D. Fla. Apr. 27, 2011) ...................................................................20

**Statutes**

35 U.S.C. § 284 ...................................................................................................................23

**Other Authorities**

Fed. R. Civ. P. 26(a)(2)(B)(ii) & 26(e) ...................................................................................1

Fed. R. Civ. P. 26(e)(2) ...................................................................................................19

Fed. R. Civ. P. 72(a) ...........................................................................................................2

Fed. R. Evid. 702 ...............................................................................................................23

Federal Rule of Evidence 705 ...............................................................................................24

Federal Rule of Evidence 1006 .............................................................................................24

-iii-

Plaintiff Aatrix Software, Inc. ("Aatrix"), pursuant to Local Rule 3.01 and Fed. R. Civ. P. 26(a)(2)(B)(ii) & 26(e), moves to compel Defendant Green Shades Software, Inc. ("Greenshades") to provide Aatrix with the underlying data and information that was selectively-filtered prior to its consideration by its expert, Ms. Riley. ████████████

██████████████████████████████████

████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████

████████████████████████████████

Aatrix must be permitted to access and inspect the data contained in Greenshades' ████████████████████████████████████ Aatrix should also be allowed to reopen the deposition of Mr. Kane, Greenshades' co-CEO, as Ms. Riley repeatedly relies upon unproduced information obtained from "discussions with Mr. Kane" and data filtered by Mr. Kane. ███████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████ Accordingly, Greenshades is required to provide Aatrix, its counsel and its experts, with access to the underlying data and information that Greenshades provided to Ms. Riley for her consideration. *See Sher v. Raytheon Co.,* 2010 WL 11507787, at *3 (M.D. Fla. Aug. 13,

2010). If they fail to do so, Ms. Riley's report and damages opinions must be stricken to the extent they rely on the concealed information. *See Lyman v. St. Jude Med. S.C., Inc.*, 580 F. Supp. 2d 719, 726–27 (E.D. Wis. 2008); *Crowley v. Chait*, 322 F. Supp. 2d 530, 546-47 (D. N.J. 2004) (excluding expert's opinions that were based on filtered summaries).

Aatrix has sought the data contained in the CRM since at least 2016.  On May 20, 2019, Aatrix promptly filed a motion to compel access to ▮▮▮▮▮▮ during fact discovery. Doc. 144. Magistrate Judge Richardson did not rule on the Motion until 7 months later, on December 10, 2019, just one day prior to a Status Conference scheduled before Judge Schlesinger. Order, Doc. 159. Judge Richardson denied the Motion on the grounds it was made too near to the close of fact discovery. *Id.* Over eleven months ago, on December 24, 2019, Aatrix filed Objections to Judge Richardson's Order. Doc. 163. On September 29, 2020, Judge Schlesinger denied Aatrix's Objections and found Aatrix had not met its burden of showing Judge Richardson's order was clearly erroneous or contrary to law. Doc. 190.

The present Motion is made in a different procedural context and for different reasons. It is now apparent from Ms. Riley's expert report and testimony that she relied

2

heavily in arriving at her damages opinions on ██████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████

  The Court compelled Greenshades to produce documents and information responsive to Aatrix's requests for financial damages information, such that Greenshades should have provided access to this underlying information long ago. *See* Order, Doc. 96. Greenshades cannot now be allowed to shield relevant data from Aatrix and the parties' experts, while using that selectively-filtered data as a sword to artificially limit the damages resulting from Greenshades' infringement of Aatrix's patents.

  After the Court's September 29, 2020 ruling on Aatrix's objections, and in anticipation of Ms. Riley's deposition, Aatrix raised these issues with Greenshades' counsel on October 12, 2020. Ex. B. On October 10, 2020, Aatrix also served a subpoena on Ms.

Riley for those documents considered and relied upon, ████████████████████

████████████████████████████████ Despite Aatrix's requests,

Greenshades and Ms. Riley refused to provide access to the underlying data and information

considered in forming her expert opinions. Ex. D. Thirty minutes before Ms. Riley's

deposition on November 11, Greenshades responded to the October 12 correspondence and

stated they would not provide any access to the underlying financial information in the CRM

database or re-open Mr. Kane's deposition. Ex. E.



**I.    FACTUAL BACKGROUND**.

6

██████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████

    A.    <u>The timing of this motion results from Greenshades' belated, deficient document review and the production of materials relied on by Ms. Riley *after* fact discovery had already closed.</u>

Yet again, Greenshades forces Aatrix to seek relief from the Court. Greenshades' refusal to provide relevant discovery resulted in Aatrix's prior Motion to Compel before Greenshades would produce financial documents. Doc. 49. In 2018, following the Federal Circuit reversal, the Court ordered Greenshades to produce responsive documents and information relevant to damages. Order, Doc. 96. The Court ordered a fulsome production of documents responsive to Req. Nos. 22, 24-26, ████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████

After Aatrix noticed depositions in April 2019 for Greenshades' fact witnesses, Greenshades produced over 100,000 documents at the end of March and in April. Ex. F. Upon commencing review, Aatrix's counsel became aware that Greenshades' productions contained privileged documents. Aatrix's counsel immediately halted review, informed Greenshades' counsel, and requested that Greenshades inspect all of its productions for privileged materials and replace as necessary. (Ex. G.) Greenshades subsequently withdrew all but 10 documents, and replaced several of its additional productions, the latest of which occurred on April 5, 2019. Ex. F. Aatrix was thus required to not only review Greenshades' newly-replaced productions of over 107,000 documents less than one week prior to conducting depositions, but also review afresh Greenshades' replacement production of over 82,000 documents. *Id*. In view of Greenshades' 990,000 pages of newly-produced documents less than a week prior to scheduled depositions, Aatrix requested a one-week postponement to allow this herculean document review within the time constraint created by Greenshades' failure to appropriately review its document production. *Id.*

Because of the delays resulting from Greenshades' contaminated productions, deficiencies and irregularities in Greenshades' production only became apparent during the fact witness depositions—especially regarding ████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

8









*Id.*











17

## II.    LEGAL ARGUMENT

A.    <u>Aatrix is entitled to access the underlying data and information summarized in documents and discussions considered and relied upon by Ms. Riley</u>.











███████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████

2.      Rule 1006, Federal Rules of Evidence requires that Aatrix be provided access to the underlying data summarized in the documents relied upon by Ms. Riley.

██████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████

**III**.     **CONCLUSION**

███████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████ Aatrix request that Greenshades should be ordered to

produce requested documents and provide access to ██████████████ within ten (10) days

of the Court's order, and compel a re-opening of Mr. Kane's Rule 30(b)(6) deposition.

Dated: November 21, 2020          By: /s/ John B. Lunseth
                                  John B. Lunseth (Minn. #65341)
                                  Aaron M. Johnson (Minn. #034641X)
                                  Mira Vats-Fournier (Minn. #0399692)
                                  TAFT STETTINIUS & HOLLISTER LLP
                                  80 South Eighth Street, Ste. 2200
                                  Minneapolis, MN 55402-2157
                                  612-977-8400
                                  612-977-8659 (facsimile)
                                  jlunseth@taftlaw.com
                                  ajohnson@taftlaw.com
                                  mvats-fournier@taftlaw.com


                                  Joanne M. O'Connor
                                  (Fla. Bar No. 0498807)
                                  JONES FOSTER JOHNSTON
                                     & STUBBS, PA
                                  505 South Flagler Drive, Suite 1100
                                  West Palm Beach, FL 33401
                                  561-659-3000
                                  561-650-5300 (facsimile)
                                  joconnor@jonesfoster.com

                                  **ATTORNEYS FOR PLAINTIFF
                                  AATRIX SOFTWARE, INC.**