# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| Aatrix Software, Inc.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Green Shades Software, Inc.,<br><br>　　　　　Defendant. | Court File No. 3:15-CV-164-HES-MCR |

## PLAINTIFF'S UNOPPOSED MOTION TO FILE UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Plaintiff Aatrix Software, Inc., pursuant to Rule 26(c), F.R.Civ.P. and Local Rule 1.09(b), moves this Court to permit the FILING UNDER SEAL of Plaintiff's Motion to Compel Access to and Production of Underlying Data and Information, accompanying Exhibits A – L, and the Declaration of Donald A. Gorowsky with Exhibits 1 and 2, all of which contain Defendant's business and accounting data and other confidential deposition testimony of Defendant's employees and damages expert that the parties have designated as "Confidential - Attorneys' Eyes Only."  In support thereof, Plaintiff states the following:

　　　　1.　　This Court has previously approved an Amended Protective Order agreed on between the parties to this case governing the disclosure of proprietary and trade secret information.  Dkt. 16 & 17.  The Order expressly requires that: "If a Party files a document

containing Confidential Information with the Court, it shall do so in compliance with Local Rule 1.09 and the Electronic Case Filing Procedures for the Middle District of Florida."

2. The material to be filed under seal comprises relevant deposition testimony of Defendant's employees and its financial damages expert Ms. Riley, pertinent financial documents and information produced by Defendant, the declaration of Plaintiff's financial damages expert Mr. Gorowsky, exhibits to his declaration that recite and discuss Defendant's product and financial information provided in this litigation, including Excel spreadsheets provided to the Court in digital form in native format. All of the foregoing have been designated as "Confidential – Attorneys' Eyes Only" by the parties.

3. The documents Plaintiff seeks to file under seal are material to its Motion to Compel in two respects. First, they show that Plaintiff's position is reasonable when compared to Defendant's position(s), which directly contradicts the position that Defendant has previously taken before the Court. Documents submitted herewith for filing under seal are the following:

Plaintiff Aatrix Software Inc.'s Motion to Compel Access to and Production of Underlying Data Relied Upon by Defendant's Expert Ms. Riley;

| | | |
|---|---|---|
| | Exhibit A | Topical excerpts from Deposition Transcripts of Defendant's employees Lyvers, Kane, and Van Kampen; |
| | Exhibit B | Correspondence from Plaintiff's counsel to Defendant's counsel regarding deficiency in provision of data relied upon by Defendant's damages expert Ms. Riley, dated 10 October 2020; |
| | Exhibit C | Plaintiff's Subpoena to Ms. Riley; |

| | |
|---|---|
| Exhibit D | Defendant's Responses and objections to Plaintiff's Subpoena to Ms. Riley; |
| Exhibit E | Defendant's counsel's 11 November 2020 response to Plaintiff's counsel's 10 October 2020 letter; |
| Exhibit F | Plaintiff's counsel's letter to Defendant's counsel dated 08 April 2019; |
| Exhibit G | Plaintiff's counsel's e-mail to Defendant's counsel dated 03 April 2019; |
| Exhibit H | Defendant's Supplemental response to Plaintiff's Interrogatory No. 8 (provided in native Excel format); |
| Exhibit I | Deposition Transcript of Defendant's employee Van Kampen; |
| Exhibit J | Deposition Transcript of Defendant's employee James Lyvers; |
| Exhibit K | Deposition Transcript of Defendant's employee Matthew Kane; |
| Exhibit L | Deposition Transcript of Defendant's damages expert Ms. Riley; |
| MR0001 | Riley Deposition Exhibit – Riley Rebuttal Expert Report; |
| MR0002 | Riley Deposition Exhibit – Exhibits to Riley Rebuttal Expert Report; |
| MR0009 | GREENSHADES-1078024, Exhibit to Riley Deposition, provided in native Excel format containing Defendant's financial information; |

and

Declaration of Donald A. Gorowsky with accompanying Exhibits 1 and 2.

4. The proposed duration of the seal is the pendency of this lawsuit or for one (1) year.

5. A means other than sealing, such as redaction, is unsatisfactory to preserve the interests of Plaintiff and Defendant. Only by filing the documents under seal can the Court

examine the content of the documents for the purposes of reviewing Plaintiff's Motion to Compel Access to and Production of the Underlying Data and Information Relied Upon by Defendant's Damages Expert, Ms. Riley.  Due to the sensitive nature and content of the supporting exhibits and the Gorowsky Declaration, redacting the documents and placing them on the public docket will not preserve the parties' interests.

6. In an attempt to preserve the interests of the public, Plaintiff has filed, earlier today via the Court's ECF system, a redacted version of the Plaintiff's Motion to Compel, a placeholder cover page for the confidential exhibits A – L, and a redacted version of the Declaration of Donald A. Gorowsky with Exhibits 1 and 2 attached.

## **MEMORANDUM OF LAW**

At the outset Plaintiff advises the Court in all candor that the information sought to be protected by this request is not Plaintiff's proprietary information, it is that of the Defendant. We are in the position of defending Defendant's right to confidentiality.  Nevertheless, to the extent the information was provided by Defendant in reliance on the Confidentiality Agreement (Doc. 25-1) between the parties, Plaintiff is strongly desirous of honoring that Agreement and expects that should its Confidential Information be produced pursuant to the Protective Order that now covers this case, that information will be treated with equal care.

The parties in this case entered into a Confidentiality Agreement.  The Agreement was negotiated and mutual.  Once litigation was commenced a negotiated Protective Order of similar content was negotiated, filed with the Court, and approved.  Dkt.'s 16 & 17.  Such

Protective Orders are necessary in order to avoid discovery disputes and should be honored. *SRS Technologies, Inc. v. Physitron, Inc.,* 216 F.R.D. 525, 529 (D.C.N.D.Ala. 2003).

Defendant's counsel has plainly indicated that the testimony, and portions of the brief that specifically reference that testimony, are considered confidential. We therefore request that the Court accept the documents for filing under seal during the pendency of this lawsuit, or for one (1) year pursuant to L.R. 1.09(b) and the Protective Order (Docs. 16 & 17) in this matter.

## MEET AND CONFER UNDER L.R. 3.01(G)

On November 19 and 20, 2020, counsel for Parties met and conferred regarding Plaintiff's Motion For Leave to File Plaintiff's Motion to Compel, associated Exhibits, and the Declaration of Donald A. Gorowsky with Exhibits 1 and 2, under seal. Defendant did not oppose the instant motion.

Dated: November 21, 2020   By: */s/ Mira Vats-Fournier*
John B. Lunseth (Minn. #65341)
Aaron M. Johnson (Minn. #034641X)
Mira Vats-Fournier (Minn. #0399692)
TAFT STETTINIUS & HOLLISTER LLP
80 South Eighth Street, Ste. 2200
Minneapolis, MN 55402-2157
612-977-8400
612-977-8659 (facsimile)
jlunseth@taftlaw.com
ajohnson@taftlaw.com
mvats-fournier@taftlaw.com

**Local Counsel**
Joanne M. O'Connor
(Fla. Bar No. 0498807)
JONES FOSTER JOHNSTON
  & STUBBS, PA

5

505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
561-659-3000
561-650-5300 (facsimile)
joconnor@jonesfoster.com

**ATTORNEYS FOR PLAINTIFF
AATRIX SOFTWARE, INC.**