UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AATRIX SOFTWARE, INC.,

    Plaintiff,

v.                                                      Case No. 3:15-cv-164-J-20MCR

GREEN SHADES SOFTWARE, INC.,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion to File Under Seal Pursuant to Protective Order ("Motion") (Doc. 198). Plaintiff asserts that Defendant does not oppose the Motion. (*Id.* at 5.) Upon consideration, the Motion is due to be granted.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Local Rule 1.09(b)[1], and the Parties' Amended Protective Order (*see* Docs. 16 & 17), Plaintiff moves the Court for entry of an order sealing the following documents:

---

[1] Local Rule 1.09(b) of the Local Rules for the Middle District of Florida permits a paper to be filed under seal if the moving party provides:
> (i) a citation to the statute, rule, or order authorizing the seal; (ii) an identification and description of each item submitted for sealing; (iii) a statement of the proposed duration of the seal; and (iv) a statement establishing that the items submitted for sealing are within the identified statute, rule, or order the movant cites as authorizing the seal.

M.D. Fla. L.R. 1.09(b).

(1) Plaintiff Aatrix Software Inc.'s Motion to Compel Access to and Production of Underlying Data and Information Relied Upon by Defendant's Expert Michele Riley (Doc. 195 (redacted version)) with accompanying Exhibits A through L; and (2) the Declaration of Donald A. Gorowsky (Doc. 196 (redacted version)) with accompanying Exhibits 1 and 2.  (Doc. 198 at 1.)  Plaintiff requests that the confidential materials remain under seal for the pendency of this case or for one (1) year.  (*Id.* at 3, 5.)

While the public has "a common-law right to inspect and copy judicial records and public documents," In re *Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (per curiam), materials filed with discovery motions are not subject to the common law right of access, *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) (per curiam). Instead, they are "evaluated under the good cause standard of Federal Rule of Civil Procedure 26(c)[,] . . . [which] requires the court to: (1) determine whether the parties have presented valid grounds for sealing; and (2) balance the public's interest in access against the parties' interest in confidentiality." *Joao Bock Transaction Sys., LLC v. Fid. Nat. Info. Servs., Inc.*, No. 3:13-cv-223-J-32JRK, 2014 WL 279656, at *1 (M.D. Fla. Jan. 24, 2014) (internal citations and quotations omitted).  Although "a stipulated protective order may provide that documents designated confidential are presumptively protected, a party's calling a document confidential pursuant to a protective order 'does not make it so' when it comes to filing the document with the court." *Id.*  (citing *Estate of Martin Luther*

2

*King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002)). "[C]onsensual protective orders merely delay the inevitable moment when the court will be called upon to determine whether Rule 26(c) protection is deserved, a decision ultimately rooted in whether the proponent demonstrates 'good cause.'" *Joao Bock Transaction Sys.*, 2014 WL 279656, at *1. Moreover, even in the absence of a challenge, the court, as "the primary representative of the public interest in the judicial process," is bound by duty "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1363.

As Plaintiff has satisfied each of the above listed requirements, the Court finds good cause for granting the Motion. Plaintiff's Motion to Compel and corresponding exhibits, including the Declaration of Donald A. Gorowsky and the exhibits thereto, contain "Defendant's business and accounting data and other confidential deposition testimony of Defendant's employees and damages expert that the parties have designated as 'Confidential-Attorneys' Eyes Only.'" (Doc. 198 at 1.) Furthermore, means other than sealing are inadequate to preserve the Parties' interest in maintaining the confidentiality of this non-public information. *See, e.g.*, *Patent Asset Licensing, LLC v. Bright House Networks, LLC*, Case No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, *2 (M.D. Fla. May 24, 2016) (permitting a party to file confidential business information under seal); *Bastian v. United Servs. Auto. Assoc.*, Case No 3:13-cv-1454-J-32MCR, 2014 WL 6908430 (M.D. Fla. Dec. 8, 2014) (same).

Accordingly, it is **ORDERED**:

The Motion (**Doc. 198**) is **GRANTED**.  If Plaintiff has not already done so, it shall hand deliver or mail the confidential documents to the Clerk's Office.  The Clerk shall file under seal the unredacted versions of the following documents: (1) Plaintiff Aatrix Software Inc.'s Motion to Compel Access to and Production of Underlying Data and Information Relied Upon by Defendant's Expert Michele Riley with accompanying Exhibits A through L; and (2) the Declaration of Donald A. Gorowsky with accompanying Exhibits 1 and 2.  These documents shall remain sealed **until final judgment**.  Upon such an occurrence, or beforehand if deemed necessary by the parties, the parties shall move to have these documents returned, or to otherwise unseal them.

**DONE and ORDERED** in Jacksonville, Florida on December 1, 2020.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record