UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Aatrix Software, Inc.,

    Plaintiff,

v.                                                      Case No. 3:15-cv-00164-HES-MCR

Green Shades Software, Inc.,

    Defendant.
_____/

**DEFENDANT'S UNOPPOSED MOTION TO FILE
UNDER SEAL PURUANT TO PROTECTIVE ORDER**

    Defendant Green Shades Software, Inc. ("Defendant"), pursuant to Rule 26(c) Fed. R. Civ. P. and Local Rule 1.09(b), moves this Court to permit the FILING UNDER SEAL of Defendant's Response Plaintiff's Motion to Compel Access and Production of Underlying Data and Information Relied Upon by Defendant's Expert Michele Riley (the "Response") and the Exhibits to the Response, all of which contain Defendant's business and accounting data and financial information that the parties have designated as "Confidential – Attorneys' Eyes Only" or which otherwise have been designated as "Confidential – Attorneys' Eyes Only"  In support thereof, Defendant states as follows:

    1.    On June 12, 2015, the Court entered and Order (Doc. 17) approving the stipulated Amended Protective Order (Doc. 16), which provides that "[i]f a Party files a document containing Confidential Information with the Court, it shall do so in compliance with Local Rule 1.09 and the Electronic Case Filing Procedures for the Middle District of Florida."

2. The Response and the Exhibits to the Response contain Defendant's business and accounting data and financial information, which are subject to the Amended Protective Order.

3. The proposed duration of the seal is the pendency of this lawsuit or for one (1) year.

4. Filing the Response and Exhibits to the Response under seal is the only means sufficient to protect the interests of Defendant and Plaintiff.

## **MEMORANDUM OF LAW**

Local Rule 1.09, which governs motions seeking leave to file documents under seal, provides, in pertinent part:

> (a) Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. No settlement agreement shall be sealed absent extraordinary circumstances, such as the preservation of national security, protection of trade secrets or other valuable proprietary information, protection of especially vulnerable persons including minors or persons with disabilities, or protection of nonparties without either the opportunity or ability to protect themselves. Every order sealing any item pursuant this section shall state the particular reason the seal is required.

M.D.Fla. R. 1.09(a). In this case, there is no statute, rule, or other order that authorizes filing the subject documents, the Motion and the Declaration. Thus, in order for the Court to properly evaluate whether filing under seal is warranted, this Motion to Seal must provide the information required by Local Rule 1.09(a).

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). The need for public access to discovery is low because discovery is "essentially a private process ... the sole purpose [of which] is to assist trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986).

As stated herein, the Response and Exhibits to the Response need to be filed under seal is because they contain confidential information. Accordingly, Defendant requests that the Court file the documents under seal pursuant to this Motion to File Under Seal.

Dated:  December 11, 2020                                          Respectfully submitted,

/s/ *Jeffrey S. York*
H. Timothy Gillis
Trial Counsel
Florida Bar No. 133876
Jeffrey S. York
Trial Counsel
Florida Bar No. 0987089
Shutts & Bowen LLP
1022 Park Street, Suite 308
Jacksonville, Florida 32204
Phone: (904) 899-9926
Fax: (904) 899-9965
tgillis@shutts.com
jyork@shutts.com

-and-

Joseph W. Bain
Trial Counsel
Florida Bar No. 860360
Shutts & Bowen LLP
525 Okeechobee Blvd.
West Palm Beach, FL 33401
jbain@shutts.com
*Attorneys for Defendant*
*Green Shades, Software, Inc.*

## CERTIFICATE OF LOCAL RULE 3.01(g) CONFERENCE

I HEREBY CERTIFY that on December 11, 2020 Defendant's counsel conferred with counsel for Plaintiff regarding the relief requested in this Motion and Plaintiff's counsel indicated that it does not oppose the request.

/s/ Jeffrey S. York
Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on December 11, 2020, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

/s/ Jeffrey S. York
Attorney

SBDOCS 124879 1