**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| Aatrix Software, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Green Shades Software, Inc. <br><br> Defendant. | Civil Action No. 3:15-cv-00164-HES-MCR |

**AATRIX'S MOTION FOR LEAVE TO FILE REPLY TO GREENSHADES' OPPOSITION TO AATRIX'S MOTION TO COMPEL**

Nearly a week after Aatrix filed its Motion to Compel the production of the underlying data and information relied upon Greenshades' expert, Ms. Riley, Doc. 200, Greenshades made a supplemental production of 23,604 documents. Greenshades contends those documents (including 29.5% of the total invoices produced to date), which were not produced during fact discovery or with Ms. Riley's report, and which were not available to Plaintiff's damages expert when their report was written, satisfy their discovery obligations. As Aatrix was unable to prospectively address the deficiencies and problems with Greenshades' production before that production was actually made (a production that likely would not have been made absent Aatrix's actual filing of the motion), Aatrix should be afforded leave to respond to the arguments raised by Greenshades concerning its post-Motion document production. Further, Greenshades' responsive brief and supporting materials: 1) mischaracterize the procedural posture of Aatrix's motion; 2) contains incorrect factual assertions made in declarations, discovery responses, and at depositions; and 3) raises new

disputed issues of fact that could not have been addressed in Aatrix's initial motion, through no fault of Aatrix. Accordingly, Aatrix respectfully requests leave from the Court to file a single, seven-page Reply and a supporting declaration, to address Greenshades' belated post-Motion production of documents and to correct Greenshades' mischaracterizations of the facts and issues concerning witnesses; Greenshades' continuing deficiencies in meeting its discovery obligations; and the legal arguments presented in Greenshades' brief.

## I.     STANDARD

"No party shall file any reply or further memorandum directed to the motion or response . . . unless the Court grants leave." L.R. 3.01(c). The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief from the Court. *Promenades Mall (E&A), LLC v. Allstate Ins. Co.*, No. 208CV475FTM29SPC, 2008 WL 11334927, at *1 (M.D. Fla. Aug. 12, 2008).  In this instance, Aatrix seeks to rebut facts asserted in Greenshades' response that did not exist when Aatrix's Motion was filed.

## II.    ARGUMENT

Aatrix has good cause for its request to respond to Greenshades' opposition brief. Foremost among those reasons is that Greenshades produced 23,604 documents *after* Aatrix filed its motion, and then made arguments in its response to the effect that production complied with its discovery obligations. It did not. Aatrix could not fully assess the sufficiency of such a production not knowing it was going to happen. Greenshades' brief mischaracterizes witness testimony, the parties' discovery efforts, the procedural history, and the timing of certain events. Aatrix requests an opportunity to explain and correct Greenshades' mischaracterizations of the true facts, such as the sufficiency of the post-

Motion production. Aatrix intends to explain and document Greenshades' improper mischaracterization of what Greenshades actually produced and what Greenshades continues to withhold to this day in violation of its discovery obligations. Aatrix will further address, in response to Greenshades' incorrect recitation of the applicable facts and legal argument, why Greenshades' continuing actions to date do not absolve it of its obligations to produce the underlying data and information relied upon by Ms. Riley.

Tellingly, Greenshades' brief only makes passing reference to the underlying behavior which necessitated the motion to compel. Greenshades seeks neither permission nor forgiveness, and its response simply attacks the timing of Aatrix's motion and mischaracterizes Greenshades' deficient production and discovery obligations. For all these reasons, and in the interests of justice, Aatrix respectfully requests leave to file a reply brief.

### III.   LOCAL RULE 3.01(g) CERTIFICATION

Aatrix's counsel conferred with counsel for Greenshades via telephone and correspondence on December 14, 2020 regarding Aatrix's Motion for Leave to File a Reply. Greenshades' counsel informed Aatrix's counsel of its opposition.

Dated: December 14, 2020

By: */s/John B. Lunseth*_____
John B. Lunseth (Minn. #65341)
Aaron M. Johnson (Minn. #034641X)
Mira Vats-Fournier (Minn. #0399692)
**Taft Stettinius & Hollister LLP**
80 South Eighth Street, Ste. 2200
Minneapolis, MN 55402-2157
612-977-8400
612-977-8659 (facsimile)
jlunseth@taftlaw.com
ajohnson@taftlaw.com
mvats-fournier@taftlaw.com

Joanne M. O'Connor
(Fla. Bar No. 0498807)
**JONES FOSTER PA**
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
561-659-3000
561-650-5300 (facsimile)
joconnor@jonesfoster.com
**ATTORNEYS FOR PLAINTIFF AATRIX SOFTWARE, INC.**