UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Aatrix Software, Inc.,

    Plaintiff,                                          Case No. 3:15-cv-00164-HES-MCR

v.

Green Shades Software, Inc.,

    Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY**

Defendant, Green Shades Software, Inc. ("Defendant"), pursuant to M.D. Fla. Loc. R. 3.01, responds in opposition to Plaintiff Aatrix Software, Inc.'s ("Plaintiff") Motion for Leave to File Reply to Greenshades' Opposition to Aatrix's Motion to Compel ("Motion") [D.E. 205], and states:

**I.    INTRODUCTION**

The Middle District of Florida <u>only</u> permits the following briefing as-of-right: (i) the filing of a motion by a movant; and (ii) the filing of a response to the motion by the non-movant. *See* M.D. Fla. Loc. R. 3.01(c). Indeed, this jurisdiction's Local Rules have expressly <u>not</u> permitted the filing of a reply as-of-right for decades. *Id.* (noting Local Rule 3.01 in place since at least December 1, 1992). The undersigned has practiced in this Court during those decades and has rarely seen a party make a motion for leave to file a Reply much less observe

a District Court or Magistrate Judge in the Jacksonville Division granting such a motion. Plaintiff also freely recognizes that replies are not allowed as-of-right here.  *See* Motion, at 2.[1]

Nevertheless, Plaintiff attempts to "go there," i.e., claim that it has "good cause" to ask to file a Reply to Defendant's Response to the Motion notwithstanding that this District's Local Rules do not provide for replies and clearly does not want them.  *See* M.D. Fla. Loc. R. 3.01(c). There is no "good cause" introduced by Plaintiff, though, to the contrary, Plaintiff blithely admits that it just wants another bite at the apple, the last word, to "correct" what it claims are Defendant's "mischaracterizations" of "facts," "witnesses," and the "procedural posture of [Plaintiff's] Motion."  *See* Motion, at 1-2.  If this constituted "good cause" to file a reply to a response to a motion in this District, then every litigant would request to file one and the Middle District of Florida courts would be flooded with motions like Plaintiff's Motion.  Because Plaintiff does not warrant leave of Court to file a Reply here, the Motion should be DENIED.

## II.     PLAINTIFF DOES NOT WARRANT LEAVE OF COURT TO FILE A REPLY

As Defendant argued in its Response, Plaintiff's underlying Motion to Compel is yet another of its thirteenth hour motions to compel.  This one complains about discovery documents (principally, a multi-page Excel spreadsheet) that were produced by Defendant along with the service of Defendant's Damages Rebuttal Expert Witness Report on May 1, 2020, more than 5 months before Plaintiff's counsel ever raised any discovery issue at all with Defendant's counsel on October 12, 2020 and even longer to the time Plaintiff ultimately filed

---

[1] Notably, on October 27, 2020, this District adopted revised Local Rules, and, effective at 12:01 a.m. on January 1, 2021, Local Rule 3.01(d), to be entitled "NO REPLY AS A MATTER OF RIGHT," continues the District's blanket prohibition against as-of-right replies except now allowing the filing of a reply to a response to a motion for summary judgment.  *Id.*

2

the Motion on the verge of the Court's long-established expert discovery cutoff of November 25, 2020. [D.E. 200]. Worse, Plaintiff's Damages Expert did not even refer to any of those discovery documents (which were Defendant's own sales information) in his Affirmative Damages Expert Report because he built a reasonable royalty rate model for the two products at issue based upon Plaintiff's own software license agreements with its own licensees. *See* Response, 1-2 (in the process of being filed under seal pursuant to Court Order [D.E. 208]). Put simply, none of these arguments are driven by anything factually, procedurally, or legally that was not extant on May 1, 2020 and thereafter to the tardy timing of the filing of the Motion.

The only "event" Plaintiff tries to point to in purported support of its request to file a reply in relation to the Motion is Defendant's Fed. R. Civ. P. 26 supplemental production of invoices to Plaintiff through November 2020 as expert discovery closed.[2] But this "event" was simply a normal supplemental document production made by Defendant to provide invoices through the present to Plaintiff. What Plaintiff's Motion really complains about, however, is the above-referenced Excel spreadsheet and the information set forth in it, <u>which was created by Defendant's principal in late April 2020 and produced in discovery to Plaintiff's counsel one week later on May 1, 2020 contemporaneously with the service of Defendant's Damages Rebuttal Expert Report.</u> Defendant absolutely complied with its discovery obligations in producing that information at the time is was compiled, and Plaintiff simply sat on its hands with regard to it for more than 5 months, all of which has nothing to do with Defendant's supplemental production of documents producing underlying invoices through the present day.

---

[2] Notably, Plaintiff <u>did</u> <u>not</u> make any such similar Fed. R. Civ. P. 26 supplemental production of documents to Defendant to bring Plaintiff's requests for production responses current to present.

What's more, Plaintiff's Motion and Defendant's Response brief all of the relevant issues and there is no demonstrated need of any sort for the filing by Plaintiff of a Reply here.

In a word, Plaintiff seeks to file a 7-page reply (and, without explanation, an accompanying declaration), but has not even begun to meet the requirements for such a request to be granted. In its Motion, Plaintiff states that Defendant set forth an "incorrect recitation of the applicable facts and legal argument," which does not meet the requirement of showing that Defendant set forth any **new** facts or law such that a reply brief is warranted. Plaintiff simply wants to have the "last word," and this Court's Local Rules do not allow that under these (and, frankly, most) circumstances. *See Torrence v. Pfizer, Inc.*, 2007 WL 788368, *1-2 (M.D. Fla. Mar. 14, 2007) (plaintiff's motion to file reply to defendant's response DENIED by Chief Judge of the Middle District of Florida "as unnecessary to the resolution of the motion.")[3] A request to file a reply to a response should address the exceptional circumstance and not the ordinary (not to mention that if Plaintiff were to be permitted a reply, a sur-reply to Defendant would only be fair, and so forth), and Plaintiff has not shown this is anything but the ordinary.

### III. CONCLUSION

For all of the foregoing reasons and authorities, Plaintiff's Motion should be DENIED.

---

[3] The *Torrence* court, which did not permit the requested reply to be filed, was cited as authority and with approval in the single unreported case cited by Plaintiff in the Motion, *Promenades Mall (E&A) v. Allstate Ins. Co.*, 2008 WL 11334927, at *1 (M.D. Fla. Aug. 12, 2008). *See* Motion, at 2.

Respectfully submitted,


/s/*Jeffrey S. York*
H. Timothy Gillis
Trial Counsel
Florida Bar No. 133876
Jeffrey S. York
Trial Counsel
Florida Bar No. 0987089
Shutts & Bowen LLP
1022 Park Street, Suite 308
Jacksonville, Florida 32204
Phone: (904) 899-9926
Fax: (904) 899-9965
tgillis@shutts.com
jyork@shutts.com


-and-

Joseph W. Bain
Trial Counsel
Florida Bar No. 860360
Shutts & Bowen LLP
525 Okeechobee Blvd.
West Palm Beach, FL 33401
jbain@shutts.com

*Attorneys for Defendant*
*Green Shades Software, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on December 28, 2020, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

<i>/s/Jeffrey S. York</i><br>
Attorney

SBDOCS 126941 1