# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

AATRIX SOFTWARE, INC.,

    Plaintiff,

vs.                                              Case No. 3:15-cv-164-MMH-MCR

GREEN SHADES SOFTWARE, INC.,

    Defendant.
_____/

## **O R D E R**

    **THIS CAUSE** is before the Court on the Sealed Report and Recommendation (Doc. S-389; Report) entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on July 29, 2022. In the Report, the Magistrate Judge recommends that the Court grant, in part, and deny, in part, Plaintiff Aatrix's Renewed Motion to Disqualify Defendant's Expert Michele Riley and for Sanctions (Doc. S-350; Renewed Motion). See Report at 12.

    Both parties have timely filed sealed objections to the Report. On August 11, 2022, Green Shades Software, Inc. ("Green Shades") filed its Partial Objection to the Magistrate's Report and Recommendation (Doc. 396; Green Shades' Objection). After filing a redacted version of its response on August 25,

2022,[1] Aatrix Software, Inc. ("Aatrix") filed a sealed[2] response to Green Shades' Objection. See generally Plaintiff's Response to Defendant's Objections to the Magistrate's Report and Recommendation (Doc. S-411; Aatrix's Response). On August 12, 2022, Aatrix filed a redacted version of its objections.[3] Thereafter, Aatrix filed its Objections to the Report and Recommendation Regarding Aatrix's Renewed Motion (Doc. S-414; Aatrix's Objections) under seal.[4] After filing a redacted version of its response on August 26, 2022,[5] Green Shades filed a sealed[6] response to Aatrix's Objections. See generally Defendant's Response to Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. S-420; Green Shades' Response). Accordingly, this matter is ripe for review.

Because the Court finds that the Report is due to be adopted as the Court's opinion, the Court will not repeat the factual background or the arguments and

---

[1] See generally Plaintiff's Response to Defendant's Objections to the Magistrate's Report and Recommendation (Doc. 403).

[2] See generally Plaintiff's Unopposed Motion to File Under Seal Pursuant to Protective Order (Doc. 402); see also Order (Doc. 404), signed on August 26, 2022 (granting Motion to Seal).

[3] See generally Aatrix's Objections to the Report and Recommendation Regarding Aatrix's Renewed Motion (Doc. 398).

[4] See generally Plaintiff's Unopposed Motion to File Under Seal Pursuant to Protective Order (Doc. 397); see also Order (Doc. 401), signed on August 25, 2022 (granting Motion to Seal).

[5] See generally Defendant's Response to Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. 406).

[6] See generally Defendant's Unopposed Motion to File Under Seal Pursuant to Protective Order (Doc. 405); see also Order (Doc. 407), signed on August 29, 2022 (granting Motion to Seal).

authority addressed there. Instead, the Court writes briefly only to address the parties' specific objections.

## I. Background

In this lawsuit, Aatrix, a software developer, sues Green Shades, a software company, alleging that Green Shades' software products infringe Aatrix's patents. With the case approaching trial, Aatrix filed its Renewed Motion, in which it incorporated Aatrix's initial Daubert motion by reference. Renewed Motion at 3, incorporating Plaintiff Aatrix's Daubert Motion to Exclude Opinions of Defendant Greenshades's Damages Expert Michele M. Riley (Doc. S-231; Initial Daubert Motion).[7] The Honorable Harvey E. Schlesinger, the Senior United States District Judge who presided over this

---

[7] Adopting and incorporating by reference arguments in prior briefing violates the page limits set forth in Local Rule 3.01(a), United States District Court, Middle District of Florida (Local Rule(s)), and places an undue burden on judicial resources. As aptly explained in Mobile Shelter Systems USA, Inc. v. Grate Pallet Solutions, LLC, incorporation by reference "foists upon the Court the burden of sifting through irrelevant materials to find the materials referenced while permitting the movant to circumvent this Court's page limit requirement." See 845 F. Supp. 2d 1241, 1253 (M.D. Fla. 2012), aff'd in part, 505 F. App'x 928 (11th Cir. 2013). Significantly, the page limit requirement is not designed to burden the parties, but to conserve judicial resources by "focus[ing] the parties' attention on the most pressing matters and winnow[ing] the issues to be placed before the Court." Id. at 1253. By incorporating their prior briefing, Aatrix has done no "winnowing" and instead engaged in a "throw-the-spaghetti-and-see-what-sticks motion practice [which] leads to imprecise and inartful briefing." See Gov't Employees Ins. Co. v. Path Medical, No. 8:17-cv-2848-T-17TGW, ECF No. 79 at 2 (M.D. Fla. Mar. 2, 2018) (order denying motions to dismiss without prejudice). With its incorporation of the Initial Daubert Motion, Aatrix's Renewed Motion is 49 pages long. Ordinarily, the undersigned would strike such a motion as being in violation of the Court's Local Rules. However, because the Magistrate Judge did not do so and permitted the filing to stand, the Court will not strike the Renewed Motion at this late stage. However, all counsel are cautioned that future filings must stand on their own and must not incorporate by reference arguments raised in prior filings. Further, in the absence of prior approval from the Court, all filings must comply with the applicable page limitation.

action from the time it was filed until late April 2022, referred the Renewed Motion to the assigned Magistrate Judge for preparation of a report and recommendation. After doing so, Judge Schlesinger directed that the case be re-assigned to an active district judge in the Jacksonville Division. See Order (Doc. 374), signed April 20, 2022. The Clerk of the Court randomly re-assigned the case to the undersigned on April 25, 2022. See (Doc. 375).

In the Report, the Magistrate Judge concludes that the majority of Aatrix's Daubert arguments regarding Ms. Riley's rebuttal expert testimony go to the weight that should be given to the evidence and not its admissibility, and that with the exception of her reliance on a 2017 survey, Ms. Riley's methodologies were sufficiently reliable. See Report at 12. As such, the Magistrate Judge recommends that the Court deny the Renewed Motion with respect to the majority of Ms. Riley's opinions. Id. at 7-10. However, the Magistrate Judge also recommends that the Court grant the Renewed Motion in part to preclude Ms. Riley from relying on the 2017 market survey in her opinions and testimony, particularly because the hypothetical royalties negotiation would have occurred in 2007. Id. at 10. Finally, the Magistrate Judge recommends that the Court deny Aatrix's sanctions request without prejudice, unless Green Shades' subsequent production[8] fails to comply with

---

[8] At Aatrix's request, the Magistrate Judge later clarified his August 24, 2022 Sealed Order (Doc. S-400) and extended Green Shades' deadline for its latest production to

the Sealed Order entered by the Magistrate Judge on July 18, 2022 (Doc. S-388; July 18th Order).  See Report at 11-12.

## II. Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[9] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295,

---

September 20, 2022.  See Order (Doc. S-430 at 4), signed on September 13, 2022.  On September 20, 2022, Green Shades filed Defendant's Notice of Compliance with Court's September 13, 2022 Sealed Order (Doc. 435).  The Court ordered Aatrix to advise the Court of the extent to which this production resolves any matters in the Report or Aatrix's Rule 72 Objections that are pending on or before September 28, 2022.  See Order (Doc. 434 at 2), signed on September 19, 2022.

[9] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so.  See Report at 1 n.1.

1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

### III. Green Shades' Objection

In the Green Shades' Objection, Green Shades argues that the Court should decline to adopt the portion of the Report recommending that the Court prohibit Ms. Riley from relying on the 2017 survey in support of her opinions. See Green Shades' Objection at 1. Specifically, Green Shades asserts that Ms. Riley's reliance on the survey "comports with controlling precedent" and that Judge Schlesinger previously considered and rejected Aatrix's argument regarding Ms. Riley's reliance on the 2017 survey in a September 2021 Order (Doc. 333). Id. In its Response, Aatrix states that Green Shades' argument regarding "controlling precedent" is improper because Green Shades did not raise it before the Magistrate Judge and cannot do so for the first time in Green Shades' Objection. See Aatrix's Response at 7-8. Aatrix also challenges Green Shades' reliance on Judge Schlesinger's prior Order, arguing that Green Shades misinterprets the holding of the Court. Id. at 8-10. Ultimately, Green Shades' Objection is due to be overruled.

Upon review of the record, the Court concludes that Green Shades had ample opportunity to respond to Aatrix's argument that Ms. Riley's reliance on

the 2017 survey was improper; however, it failed to raise the argument it now presents in the Green Shades' Objection. See Aatrix's Response at 10-11; see generally Defendant's Response in Opposition to Plaintiff's Daubert Motion to Exclude Opinions of Defendant's Damages Expert Michele M. Riley and Memorandum of Law in Support (Doc. 254; Green Shades' Response to the Initial Daubert Motion). In its Response to Aatrix's Initial Daubert Motion, Green Shades' argument regarding the 2017 survey was confined to a single sentence: "Further, Ms. Riley's use of the 2017 survey to apportion damages to only those that use the accused functionality is entirely legally appropriate as well." See Green Shades' Response to the Initial Daubert Motion at 18; see also Report at 10 n.2 (noting that Green Shades cited to Ericsson, Inc. v. D-Link Sys., Inc., 773 F.3d 1201 (Fed. Cir. 2014), but failed to include a pincite).[10]

Green Shades presents substantive arguments addressing this issue for the first time in the Objection after the Magistrate Judge entered the Report. Compare Green Shades' Objection with Green Shades' Response to the Initial Daubert Motion. While the Court has discretion to consider an untimely argument, it is not required to do so. Indeed, Eleventh Circuit precedent expressly provides the district court with discretion "to decline to consider a party's argument when that argument was not first presented to a magistrate

---

[10] In its Response to the Renewed Motion, Green Shades did not address the 2017 survey. See generally Defendant's Response to Plaintiff's "Renewed" Motion to Disqualify Defendant's Expert Michele Riley and for Sanctions (Doc. S-367).

judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("Thus, we answer the question left open in Stephens [v. Tolbert, 471 F.3d 1173, 1174 (11th Cir. 2006)] and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); see also Knight v. Thompson, 797 F.3d 934, 937 n.1 (11th Cir. 2015) (citing Williams for the proposition that "district courts have discretion to decline to consider arguments that are not presented to the magistrate judge"); Lodge v. Kondaur Capital Corp., 750 F.3d 1263, 1274 (11th Cir. 2014) (citing Williams for the proposition that "a district court, in reviewing an R&R, has discretion to decline to consider a party's argument that was not first presented to a magistrate judge"). In consideration of the record and the arguments presented to the Magistrate Judge, the Court declines to consider Green Shades' belatedly raised argument.[11]

Green Shades also asserts that the Magistrate Judge should not have recommended prohibiting Ms. Riley from relying on the 2017 survey because, according to Green Shades, Judge Schlesinger previously considered and rejected the argument. See Green Shades' Objection at 12-13. This contention is without merit. In the September 2021 Order, Judge Schlesinger

---

[11] The Court recognizes that the 2017 survey was prepared by a third-party market research firm, Parker Associates, not the Green Shades special project manager who commissioned the survey. See Green Shades' Objection at 6 n.1. The Magistrate Judge's slight mischaracterization regarding who created the survey does not affect the Court's conclusion.

noted that, "the Court is <u>inclined</u> to deny Aatrix's Motion to exclude Ms. Riley's testimony." <u>See</u> September 2021 Order at 2 (emphasis added). Nevertheless, rather than substantively address or rule on the arguments presented, Judge Schlesinger simply denied Aatrix's Initial <u>Daubert</u> Motion <u>without prejudice.</u> <u>Id.</u> at 3. Thus, contrary to Green Shades' characterization of the Order, Judge Schlesinger did not resolve Aatrix's Initial <u>Daubert</u> Motion on the merits nor did he dispose of any of the arguments presented in it. <u>See id.</u>[12] Therefore, Aatrix appropriately raised the issue in the Renewed Motion.[13] <u>See generally id.</u> As such, Green Shades' Objection is overruled.

**IV. Aatrix's Objections**

In the Aatrix Objections, Aatrix objects to the Magistrate Judge's finding that Ms. Riley's methodologies are legally sufficient and her opinions relevant to the facts at issue in the case. <u>See</u> Aatrix's Objections at 1. Specifically, Aatrix objects to the Magistrate Judge's recommended resolution of the Renewed Motion because (1) Ms. Riley improperly relied on the "8024 Spreadsheet" and her conversations with Matthew Kane in calculating Aatrix's damages; (2) the recommendation is "based on an implicit construction of the scope of the production required by" the September 2021 Order; (3) the Report

---

[12] The argument plainly was not "already rejected by the Court" nor would the Order have constituted "law of the case." <u>See</u> Green Shades' Objection at 13.

[13] As previously noted, incorporating arguments by reference is disfavored. However, because it was within the Magistrate Judge's discretion to consider the arguments, and he did so, the Court concludes that this issue was raised before the Magistrate Judge.

did not address Rule 1006 of the Federal Rules of Evidence (Evidence Rule(s)) as a basis for excluding Ms. Riley's opinion; and (4) the Magistrate Judge failed to recommend the imposition of sanctions.  See generally Aatrix's Objections.

### A. Discovery

As an initial matter, the Court observes that Aatrix's Objections largely overlap with the ongoing discovery, production, and access issues that the Court intends to address at an October 24, 2022 hearing.  For example, to the extent Aatrix argues that the Report is "based on an implicit construction of the scope of the production required by" the September 2021 Order, its argument relates to Aatrix's dissatisfaction with Green Shades' data production thus far.  See Aatrix's Objections at 23-24 (citing other motions related to this issue).  While the discovery and Daubert issues are intertwined, the Report before the Court addresses only whether Ms. Riley's testimony is admissible under Daubert and whether sanctions against Green Shades are warranted based on its production of, or failure to produce, data as ordered by the Court.[14]  See Report at 2. Thus, the Court defers ruling on Aatrix's objections to the extent they are based on challenges to the sufficiency of Green Shades' production until the October 24th hearing. While those objections relate to arguments that were presented

---

[14] The Magistrate Judge separately considered the discovery issues in the Sealed Order entered on July 18, 2022 (Doc. S-388), and Aatrix recently filed Rule 72 objections to that Order.  See Plaintiff's Rule 72 Objections to Order (Sealed Order Served August 25, 2022). The Court will address these issues when it resolves the Rule 72 Objections.

in the Initial <u>Daubert</u> Motion and the Renewed Motion, they are beyond the scope of the Report.

### B. Reliability

Aatrix objects to the Magistrate Judge's finding that Ms. Riley's methodologies are sufficiently reliable. <u>See</u> Aatrix's Objections at 16-19; Report at 9. Specifically, Aatrix challenges Ms. Riley's reliance on the "8024 Spreadsheet" and her conversations with Mr. Kane. Aatrix's Objections at 16-17. In doing so, Aatrix asserts that the Report "provides no more than a conclusory statement that Ms. Riley's methodologies are 'sufficiently reliable.'" <u>Id.</u> at 17. This contention is without merit. The Report plainly shows that the Magistrate Judge appropriately considered both parties' arguments regarding Ms. Riley's methodology. <u>See</u> Report at 6-10. Indeed, the Magistrate Judge discussed the parties' arguments and Ms. Riley's Expert Report before analyzing the reliability of her methodology under <u>Daubert</u> and identifying her reliance on the 2017 survey as being problematic. <u>See</u> <u>id.</u>

Upon review and for the reasons stated by the Magistrate Judge, the Court finds that Ms. Riley's methodologies are sufficiently reliable. Simply put, the majority of Aatrix's reliability arguments go to the weight that should be given to the evidence rather than the admissibility of Ms. Riley's opinions. Moreover, the cases that Aatrix cites in support of this objection are inapposite. The purported flaws Aatrix identifies with regard to Ms. Riley's opinions are

matters for cross examination, not a basis for their wholesale rejection. Indeed, as the Eleventh Circuit Court of Appeals recently reiterated "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility[.]" Carrizosa v. Chiquita Brands Int'l., _ F.4th _, 2022 WL 4075342, at *25 (11th Cir. Sept. 6, 2022). While the Court should exclude an opinion that is based upon evidence upon which an expert would not reasonably rely, see id., Aatrix has made no such showing here. Accordingly, Aatrix's objection to the Magistrate Judge's recommendation that the Court find the majority of Ms. Riley's methodologies sufficiently reliable is overruled.[15]

### C. Evidence Rule 1006

Aatrix also objects to the Magistrate Judge's failure to address Evidence Rule 1006 as a purported basis for excluding Ms. Riley's testimony. This objection is due to be overruled because Evidence Rule 1006 has no bearing on the admissibility of Ms. Riley's expert testimony and opinions.

Evidence Rule 1006 is titled "Summaries to Prove Content" and provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or

---

[15] As with Aatrix's discovery-related objections, Aatrix's arguments regarding Rule 26 and its inability to effectively cross-examine Ms. Riley due to its lack of access to the data underlying the 8024 Spreadsheet are outside the scope of the Report. See Aatrix's Objections at 16-19. Accordingly, the Court defers ruling on these specific arguments until the October 24th hearing. See supra Section IV.A.

> copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

It governs the admissibility of summaries or charts as substantive evidence, not the admissibility of expert opinions. Despite this, Aatrix complains that it has never been given "access to the original unfiltered, underlying data that was summarized in the 8024 Spreadsheet." Aatrix's Objections at 20. According to Aatrix, for this reason the "8024 Spreadsheet is not admissible unless the original, underlying records have been provided."[16] Id. In so arguing, Aatrix seems to acknowledge that Evidence Rule 1006 is not a proper basis for excluding Ms. Riley's expert opinions and testimony. To the extent Aatrix does not acknowledge this point, Aatrix appears to misapprehend "the purposes of Daubert and Rule 1006," much like the plaintiff in DuBay v. King, 844 F. App'x 257 (11th Cir. 2021).[17] Id. at 262–63. In DuBay, the Eleventh Circuit explained the purpose behind each rule. "Daubert requires the district court 'to act as a gatekeeper to insure that speculative and unreliable [expert] opinions do not reach the jury.'" Id. at 262 (quoting McClain v. Metabolife Int'l, Inc., 401 F.3d 1233, 1237 (11th Cir. 2005)). Rule 1006, however, does not

---

[16] Aatrix's arguments regarding Green Shades' data production will be considered at the October 24th hearing. See supra Section IV.A.

[17] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

- 13 -

address the admissibility of expert testimony, instead it "allows the district court to admit . . . summaries as evidence [when], in the court's discretion, it would be inconvenient or unnecessarily time-consuming to [present all the evidence to] the jury." Id. (quoting United States v. Francis, 131 F.3d 1452, 1457 (11th Cir. 1997)). Notably, Evidence Rule 703 specifically provides that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. . . ."

Thus, to the extent Aatrix relies on Evidence Rule 1006 to argue that "Ms. Riley has no reliable and verifiable evidence upon which to base her apportionment opinions" because it has not been provided "access to the original, underlying records from which the summary 8024 Spreadsheet was created," its objection is misplaced and will be overruled.[18] Evidence Rule 1006 simply provides no authority for Aatrix to take a second bite of the reliability apple.

**D. Sanctions**

Last, Aatrix objects to the Magistrate Judge's failure to recommend sanctions. See Aatrix's Objections at 24-25. In the Report, the Magistrate

---

[18] In so holding the Court does not preclude Aatrix from later arguing that the 8024 Spreadsheet itself is inadmissible under Evidence Rule 1006 if Green Shades seeks to introduce the 8024 Spreadsheet as a summary to prove its content at trial.

Judge recommends that the Court deny Aatrix's request for sanctions without prejudice, unless Green Shades' data production fails to comport with the July 18th Order.  See Report at 11-12.  In doing so, the Magistrate Judge states that the Court should impose sanctions or a curative jury instruction pursuant to Rule 37 if Green Shades "fails to provide the relevant three tables in its native format with the metadata intact and/or if the metadata proves that [Green Shades] intentionally spoliated the data."  Id. at 12.

In the Aatrix Objections, Aatrix argues that the Magistrate Judge erred when he gave Green Shades another chance to comply with the Court's orders on production before recommending sanctions and when he conditioned sanctions on more proof that Green Shades intentionally spoliated the data.  See Aatrix's Objections at 24-25.  According to Aatrix, sanctions are warranted now.  Id.  The Court disagrees.  The Magistrate Judge correctly found that Green Shades should receive an additional opportunity to comply with the Court's orders—given the parties' ongoing disagreement as to the scope and interpretation of those orders—before considering whether Aatrix is entitled to sanctions due to Green Shades' non-compliance or spoliation.  See Report at 11.  Therefore, the Court will overrule Aatrix's objection to the Magistrate Judge's decision not to recommend sanctions at this time.  If Aatrix believes that sanctions are still necessary after Green Shades' September 20th production, Aatrix may renew its request in advance of the October 24th hearing.

## V. Conclusion

Upon independent review of the file and for the reasons set forth above, the Court will overrule Green Shades' Objection, overrule the majority of Aatrix's objections, and defer consideration of Aatrix's discovery-related objections until the October 24th hearing. As Aatrix's discovery-related objections are outside the scope of the Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

Accordingly, it is **ORDERED:**

1. Green Shades' Partial Objection to the Magistrate's Report and Recommendation (Doc. 396) is **OVERRULED**.

2. Aatrix's Objections to the Report and Recommendation Regarding Aatrix's Renewed Motion (Doc. S-414) is **OVERRULED, in part, and DEFERRED, in part.**

   a. The following objections are **OVERRULED**:

      i. Aatrix's objection to the Magistrate Judge's finding that Ms. Riley's methodologies are legally sound and relevant to the facts at issue.

      ii. Aatrix's objection to Ms. Riley's reliance on the "8024 Spreadsheet" and her conversations with Matthew Kane in calculating Aatrix's damages.

   iii. Aatrix's objection to the fact that the Report did not address Evidence Rule 1006 as a basis for excluding Ms. Riley's opinions.

   iv. Aatrix's objection to the Magistrate Judge's failure to recommend sanctions.

 b. The Court **DEFERS RULING** on Aatrix's Objections to the extent the Objections relate to the ongoing discovery issues, including the scope of the production required by the September 2021 Order.

3. The Report and Recommendation (Doc. S-389) is **ADOPTED** as the opinion of the Court.

4. Aatrix's Renewed Motion to Disqualify Defendant's Expert Michele Riley and for Sanctions (Doc. S-350) is **GRANTED, in part, DEFERRED, in part, and DENIED, in part.**

 a. To the extent Aatrix requests that the Court preclude Ms. Riley from relying on the 2017 survey in her opinions and testimony, the Motion is **GRANTED**. Ms. Riley is precluded from relying on the 2017 survey.

 b. To the extent Aatrix takes issue with Green Shades' data production, the Court **DEFERS RULING** until the hearing on October 24, 2022.

      c. To the extent Aatrix requests sanctions, the request is **DENIED without prejudice.**

      d. In all other respects, the Motion is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida this 30th day of September, 2022.

*[Signature]*

**MARCIA MORALES HOWARD**
United States District Judge

Copies to:

Counsel of Record

The Honorable Monte C. Richardson
United States Magistrate Judge